# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
BISMARK DIVISION

| | |
|---|---|
| STATE OF IOWA, et al.,<br><br>      Plaintiffs,<br>  v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY, and BRENDA MALLORY, in her official capacity as Chair,<br><br>      Defendants,<br><br>ALASKA COMMUNITY ACTION ON TOXICS; CENTER FOR BIOLOGICAL DIVERSITY; CENTER FOR ENVIRONMENTAL HEALTH; CENTER FOR FOOD SAFETY; ENVIRONMENTAL LAW AND POLICY CENTER; ENVIRONMENTAL PROTECTION INFORMATION CENTER; FOOD & WATER WATCH; FORT BERTHOLD POWER; FRIENDS OF THE EARTH; GREEN LATINOS; LABOR COUNCIL ON LATIN AMERICAN ADVANCEMENT; MĀLAMA MĀKUA; NATIONAL PARKS CONSERVATION ASSOCIATION; NATIONAL WILDLIFE FEDERATION; OCEAN CONSERVANCY; PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE; RIO GRANDE INTERNATIONAL STUDY CENTER; SOUTHERN UTAH WILDERNESS ALLIANCE; WE ACT FOR ENVIRONMENTAL JUSTICE; THE WILDERNESS SOCIETY, and WINTER WILDLANDS ALLIANCE,<br><br>      Applicant-Intervenor-Defendants. | Case No. 1:24-cv-00089-DMT-CRH |

**PROPOSED ANSWER OF APPLICANT-INTERVENOR-DEFENDANTS**

1

Proposed Defendant-Intervenors Alaska Community Action on Toxics et al. hereby respectfully submit this Answer to the amended Complaint in this case filed June 4, 2024. The numbered paragraphs below correspond to the numbered paragraphs in the complaint. Intervenors deny each and every allegation in the Amended Complaint, including allegations contained in headings and subheadings, that is not specifically admitted in this answer.

## NATURE OF THE ACTION

1. Intervenors admit the first sentence of this paragraph and admit that the Final Rule was issued on May 1, 2024, and deny in the remainder of this paragraph.

2. The allegations in this paragraph constitute Plaintiffs' characterization of NEPA, to which no response is required. To the extent a response is required, Intervenors deny.

3. The allegations in this paragraph constitute Plaintiffs' characterization of the Final Rule, to which no response is required. To the extent a response is required, Intervenors deny.

4. Denied.

5. The allegations in this paragraph constitute Plaintiffs' characterization of the Final Rule, to which no response is required. To the extent a response is required, Intervenors deny.

6. The allegations in this paragraph constitute Plaintiffs' characterization of the Final Rule, to which no response is required. To the extent a response is required, Intervenors deny.

7. Intervenors admit the first and third sentences of this paragraph. The remaining sentences constitute Plaintiffs' characterization of their interests, to which no response is required. To the extent a response is required, Intervenors deny.

8. Intervenors admit that the previous administration issued a rule that significantly changed long-standing regulations governing NEPA reviews, but deny the characterization of such rule.

9. Intervenors admit that Congress amended NEPA via the Fiscal Responsibility Act of 2023 and deny plaintiffs' characterization of that legislation.

10. Denied.

11. Denied.

12. This paragraph characterizes the relief Plaintiffs seek, to which no response is required. To the extent a response is required, Intervenors deny that Plaintiffs are entitled to any relief at all.

## JURISDICTION AND VENUE

13. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

14. Admit.

15. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

16. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

## PARTIES

17. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

18. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

19. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

20. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

21. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

22. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

23. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

24. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

25. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

26. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

27. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

28. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

29. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

30. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

31. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

32. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

33. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

34. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

35. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

36. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

37. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

38. Admit.

39. Admit.

## STATUTORY BACKGROUND

THE NATIONAL ENVIRONMENTAL POLICY ACT

40. Admit.

41. The allegations in this paragraph constitute Plaintiffs' characterization of NEPA, to which no response is required. To the extent a response is required, Intervenors deny.

THE ADMINISTRATIVE PROCEDURE ACT

42. Admit.

43. Admit.

44. This paragraph constitutes legal argument to which no response is required. To the extent a response is required, Intervenors deny.

REGULATORY BACKGROUND AND FACTUAL ALLEGATIONS

45.     Admit.

46.     Admit.

47.     Denied.

THE 2020 REGULATIONS

48.     Admit.

49.     The allegations in this paragraph constitute plaintiffs' characterization of the 2020 rule, to which no response is required. To the extent a response is required, Intervenors deny.

50.     Denied.

THE 2022 PHASE I NEPA REGULATIONS

51.     The allegations in this paragraph constitute Plaintiffs' characterization of EO 13990, to which no response is required. To the extent a response is required, Intervenors deny.

52.     The allegations in this paragraph constitute Plaintiffs' characterization of EO 13990, to which no response is required. To the extent a response is required, Intervenors deny.

53.     Intervenors admit that the Council issued a Phase I rule on April 20, 2022, and deny the remaining allegations in this paragraph.

54.     Admit.

THE FINAL RULE

55.     Admit.

56.     Admit, but deny the characterization of the scope of the rules as "even broader."

57.     Denied.

58.     The allegations in this paragraph constitute Plaintiffs' characterization of the Phase II rule, to which no response is required. To the extent a response is required, Intervenors deny.

59. The allegations in this paragraph constitute Plaintiffs' characterization of the Phase II rule, to which no response is required. To the extent a response is required, Intervenors deny.

60. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny

61. Denied.

62. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

63. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

64. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

65. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

66. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

67. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

68. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

69. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

70. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

71. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

72. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

73. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

74. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

75. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

76. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

77. The allegations in this paragraph constitute Plaintiffs' characterization of the Phase II rule, to which no response is required. To the extent a response is required, Intervenors deny.

CLAIMS FOR RELIEF

COUNT ONE: VIOLATION OF NEPA AND APA

78. Intervenors incorporate by reference their responses to the preceding paragraphs.

79. Admit.

80. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

81. The allegations in this paragraph purport to characterize the final rule and make legal argument and require no response. To the extent a response is required, Intervenors deny.

82. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

83. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

84. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

85. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

86. Denied.

COUNT TWO: VIOLATION OF THE APA

87. Intervenors incorporate by reference their responses to the preceding paragraphs.

88. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

89. Denied.

90. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

91. Denied.

92. Intervenors admit that the cited language appears in 40 C.F.R. § 1500.3(b) (2024) and deny the remainder of this paragraph.

93. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

94. Intervenors admit the first sentence and deny the remainder of this paragraph.

COUNT THREE: VIOLATION OF NEPA

95. Intervenors incorporate by reference their responses to the preceding paragraphs.

96. Intervenors admit that the Council prepared an Environmental Assessment and Finding of No Significant Impact for the Final Rule and deny the remainder of this paragraph.

97. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

98. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

99. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

COUNT FOUR: MAJOR QUESTIONS DOCTRINE.

100. Intervenors incorporate by reference their responses to the preceding paragraphs.

101. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

102. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

103. Denied.

104. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

105. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors deny.

PRAYER FOR RELIEF

Intervenors deny any allegation that is not specifically admitted in this proposed Answer and deny that Plaintiffs are entitled to any relief whatsoever, including the relief requested in its Amended Complaint.

AFFIRMATIVE DEFENSES

106. Plaintiffs have not exhausted all remedies.

107. This Court lacks jurisdiction to hear some or all of plaintiffs' claims.

108. Some or all of plaintiffs' claims fail to state a claim for which relief can be granted.

109. Plaintiffs have not filed this case in a proper venue.

110. Plaintiffs have not effectuated adequate service.

WHEREFORE, Intervenors respectfully request that the Court dismiss the Amended Complaint with prejudice, enter judgment in favor of Intervenors, and grant such relief as the Court deems just and proper.

DATED this 27th day of June, 2024.

*s/ Jan E. Hasselman*
JAN E. HASSELMAN (Admitted in D.N.D.)
(WSBA #29017)
KRISTEN L. BOYLES (Admitted in D.N.D.)
(CSBA #158450)
LYDIA HEYE (Admitted in D.N.D.)
(ABA #2211101)
EARTHJUSTICE
810 Third Avenue, Suite 610
Seattle, WA  98104
(206) 343-7340
jhasselman@earthjustice.org
kboyles@earthjustice.org
lheye@earthjustice.org

SUSAN JANE M. BROWN
*[Pro Hac Vice Application Pending]*
(OSBA #054607)
SILVIX RESOURCES
4107 NE Couch St.
Portland, OR 97232
(503) 680-5513
sjb@silvex.org

*Attorneys for Applicant-Intervenor-Defendants*
*Alaska Community Action on Toxics, et al.*

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

Dated: June 27, 2024.

*s/ Jan E. Hasselman*
Jan E. Hasselman