# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| STATE OF IOWA, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNCIL ON ENVIRONMENTAL | ) | Case No. 1:24-cv-00089-DMT-CRH |
| QUALITY and BRENDA MALLORY, in her | ) | |
| official capacity as Chair of the Council on | ) | |
| Environmental Quality, | ) | |
| | ) | |
| *Defendants*, | ) | |
| | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants the Council on Environmental Quality ("CEQ") and Brenda Mallory, in her official capacity as Chair of CEQ, hereby answer Plaintiffs' First Amended Complaint, ECF No. 39.[1]  The numbered paragraphs and sections of this Answer correspond to the numbered paragraphs and sections of the Amended Complaint.

---

[1]    Plaintiffs' claims are subject to judicial review, if at all, under the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under the APA, the Court's task is to review the administrative record and determine whether, as a matter of law, the agency's decision is arbitrary, capricious, or otherwise contrary to law.  5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985).  Accordingly, because the Court does not operate as a fact-finder during review under the APA, there is no role for an Answer, which is a civil litigation tool for determining areas of factual dispute.  *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA).  Nonetheless, Defendants submit this Answer to ensure compliance with Federal Rule of Civil Procedure 8.

## NATURE OF THE ACTION[2]

1.    Defendants admit that CEQ is an agency of the United States within the Executive Office of the President.  Defendants deny the allegations in the second sentence of this Paragraph.  Defendants admit that CEQ issued the National Environmental Policy Act Implementing Regulations Revisions Phase 2, 89 Fed. Reg. 35442 (May 1, 2024) ("Final Rule") and deny the remaining allegations in the third sentence of this Paragraph.  The allegations in the fourth sentence of this Paragraph purport to characterize the Final Rule, which speaks for itself and to which no response is required.

2.    The allegations in this Paragraph purport to characterize a Federal statute, which speaks for itself and to which no response is required.

3.    Defendants deny the allegations in this Paragraph.

4.    Defendants deny the allegations in this Paragraph.

5.    Defendants deny the allegations in this Paragraph.

6.    To the extent the allegations in this Paragraph purport to characterize the Final Rule, the Rule speaks for itself no response is required.  Defendants deny the remaining allegations in this Paragraph.

7.    The allegations in this Paragraph purport to characterize a Federal statute, which speaks for itself and to which no response is required.

---

[2]    The headings in this Answer correspond to the major headings in the Amended Complaint, and Defendants include them solely to provide convenient reference.  They do not form any part of the Answer.  To the extent the headings in the Amended Complaint or the Answer include substantive allegations, Defendants deny them.  Defendants have omitted subheadings in the Amended Complaint.  To the extent those subheadings include substantive allegations, Defendants deny them.

8.     Defendants admit that in 2020 CEQ issued a final rule titled "Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act," 85 Fed. Reg. 43304 (July 16, 2020) ("2020 Rule").  The remaining allegations in this Paragraph purport to characterize the 2020 Rule, which speaks for itself and to which no response is required.

9.     Defendants admit that Congress enacted the Fiscal Responsibility Act of 2023 ("FRA"), which included amendments to the National Environmental Policy Act ("NEPA"), 42 U.S.C. §4321 *et seq.*  The remaining allegations in this Paragraph purport to characterize the FRA, which speaks for itself and to which no response is required.

10.     Defendants deny the allegations in this Paragraph.

11.     Defendants deny the allegations in this Paragraph.

12.     The allegations in this Paragraph provide Plaintiffs' statement of their requested relief, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

13.     The allegations in this Paragraph purport to characterize Federal statutes, which speaks for themselves and to which no response is required.

14.     The allegations in this Paragraph purport to characterize a Federal statute, which speaks for itself and to which no response is required.

15.     Defendants admit that CEQ issued the proposed rule "National Environmental Policy Act Implementing Regulations Phase 2," 88 Fed. Reg. 49924 (July 21, 2023) ("Proposed Phase 2 Rule").  Defendants also admit that many of the Plaintiff States submitted comments on

the Proposed Phase 2 Rule.  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

16.    Defendants admit that the State of North Dakota resides in this District.  The remaining allegations in this Paragraph purport to characterize a Federal statute, which speaks for itself and to which no response is required.

## PARTIES

17.    Defendants admit that Plaintiffs are sovereign States of the United States of America.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

18.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

19.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

20.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

21.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

22.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

23.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

24.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

25.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

26.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

27.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

28.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

29.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

30.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

31.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

32.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

33.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

34.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

35.    Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

36.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

37.     Defendants admit the allegations in the first and third sentences of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

38.     Defendants admit that CEQ is an agency of the United States within the Executive Office of the President and has responsibility for implementing NEPA as described in 42 U.S.C. § 4344.

39.     Defendants admit that Brenda Mallory is the Chair of CEQ, and that Ms. Mallory signed the Final Rule.  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

## STATUTORY BACKGROUND

40.     Defendants admit that Congress enacted NEPA in 1969.  The remaining allegations in this Paragraph purport to quote or characterize a Federal statute, which speaks for itself and to which no response is required.

41.     Defendants admit that the U.S. Supreme Court issued *Robertson v. Methow Valley Citizens Council*, 490 US. 332 (1989).  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

42.     The allegations in the first sentence of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. The allegations in the second sentence of this Paragraph purport to quote or characterize a Federal statute, which speaks for itself and to which no response is required.

43.    Defendants admit that the U.S. Supreme Court issued *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins.,* 463 U.S. 29 (1983) and *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

44.    Defendants admit that the U.S. Supreme Court issued *FCC v. Fox Television Stations,* 556 U.S. 502 (2009) and *National Cable & Telecomms. Ass'n v. Brand X Internet S*, 545 U.S. 967 (2005).  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

## REGULATORY BACKGROUND AND FACTUAL ALLEGATIONS

45.    Defendants admit that CEQ issued the final rule "Implementation of Procedural Provisions," 43 Fed. Reg. 55978 (Nov. 29, 1978) ("1978 Regulations").  The remaining allegations in this Paragraph purport to quote or characterize the 1978 Regulations, which speak for themselves and to which no response is required.

46.    Defendants admit that in 1979 and 1986 CEQ amended the 1978 Regulations. The remaining allegations in this Paragraph purport to characterize the 1978 Regulations, which speak for themselves and to which no response is required.

47.    The allegations in this Paragraph are too vague and ambiguous to permit a response.  To the extent a response deemed required, Defendants deny the allegations.

48.    Defendants admit that President Trump issued Executive Order 13807, Establishing Discipline and Accountability in the Environmental Review and Permitting Process for Infrastructure Projects, 82 Fed. Reg. 40463 (Aug. 24, 2017).  Defendants further admit that CEQ issued the 2020 Rule.   The remaining allegations in this Paragraph purport to characterize

Executive Order 13807 or the 2020 Rule, which speak for themselves and to which no response is required.

49.    The allegations in this Paragraph purport to quote or characterize the 2020 Rule, which speaks for itself and to which no response is required.

50.    The allegations in this Paragraph purport to quote or characterize the 2020 Rule, which speaks for itself and to which no response is required.

51.    Defendants admit that President Biden issued Executive Order 13990, Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis, 86 Fed. Reg. 7037 (Jan. 20, 2021).  The remaining allegations in this Paragraph purport to characterize Executive Order 13990, which speaks for itself and to which no response is required.

52.    The allegations in this Paragraph purport to quote or characterize Executive Order 13990, which speaks for itself and to which no response is required.

53.    Defendants admit that CEQ issued the proposed rule "National Environmental Policy Act Implementing Regulations Revisions," 86 Fed. Reg. 55757 (Oct. 7, 2021) ("Proposed Phase 1 Rule").  Defendants further admit that CEQ issued the final rule "National Environmental Policy Act Implementing Regulations Revisions," 87 Fed. Reg. 23453 (Apr. 20. 2022) ("Final Phase 1 Rule").  The remaining allegations in this Paragraph purport to characterize the Proposed Phase 1 Rule or the Final Phase 1 Rule, which speak for themselves and to which no response is required.

54.    The allegations in this Paragraph purport to characterize the Proposed Phase 1 Rule and/or the Final Phase 1 Rule, which speak for themselves and to which no response is required

55.    Defendants admit that CEQ issued the Proposed Phase 2 Rule.  The remaining allegations in this Paragraph purport to characterize the Proposed Phase 2 Rule, which speaks for itself and to which no response is required.

56.    Defendants admit that CEQ issued the Final Rule.  The remaining allegations in this Paragraph purport to characterize the Final Rule, which speaks for itself and to which no response is required.

57.    The allegations in this Paragraph purport to characterize the Final Rule and the comments on the Proposed Phase 2 Rule, which speak for themselves and to which no response is required.

58.    The allegations in the first sentence of this Paragraph and the first clause of the second sentence of this Paragraph purport to quote or characterize the Final Rule, which speaks for itself and to which no response is required.  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

59.    The allegations in this Paragraph purport to quote or characterize the Final Rule, which speaks for itself and to which no response is required.

60.    The allegations in the first two sentences of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.  The remaining allegations in this Paragraph are too vague to admit or deny, but Defendants admit that state agencies are often involved in Federal NEPA reviews.

61.    Defendants deny the allegations in the first four sentences of this Paragraph.  The last sentence of this Paragraph purports to characterize a Federal Government website.  That website is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

62.     The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

63.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

64.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

65.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

66.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

67.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

68.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

69.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

70.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

71.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

72.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

73.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

74.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

75.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

76.     The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

77.     The allegations in the first and second sentences of this Paragraph purport to characterize the Final Rule, which speaks for itself and to which no response is required. Defendants deny the allegations in the third sentence of this Paragraph.

## CLAIMS FOR RELIEF
## COUNT ONE:
### The Final Rule Violates NEPA and the APA

78.     Defendants adopt by reference their responses to Paragraphs 1-77.

79.     The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

80.     The allegations in this Paragraph purport to characterize a Federal statute, which speaks for itself and to which no response is required.

81.     The allegations in the first sentence of this Paragraph purport to quote or characterize the Final Rule, which speaks for itself and to which no response is required.

82.     The allegations in the first two sentences of this Paragraph purport to characterize the Final Rule, which speaks for itself and to which no response is required. The allegations in the third sentence of this Paragraph purport to characterize a Federal statute, which speaks for

itself and to which no response is required.  Defendants deny the allegations in the fourth sentence of this Paragraph.

83.    The allegations in this Paragraph purport to quote or characterize the Final Rule, which speaks for itself and to which no response is required.

84.    The allegations in the first sentence of this Paragraph purport to quote or characterize the Final Rule, which speaks for itself and to which no response is required. Defendants deny the allegations in the second sentence of this Paragraph.

85.    The allegations in the first sentence of this Paragraph purport to characterize the Final Rule, which speaks for itself and to which no response is required.  Defendants deny the allegations in the second sentence of this Paragraph.

86.    Defendants deny the allegations in this Paragraph.

**COUNT TWO:**
**The Final Rule is Arbitrary and Capricious and Violates the APA**

87.    Defendants adopt by reference their responses to Paragraphs 1-86.

88.    The allegations in this Paragraph purport to characterize a Federal statute and caselaw, which speak for themselves and to which no response is required.

89.    Defendants deny the allegations in this Paragraph.

90.    The allegations in this Paragraph purport to characterize Federal caselaw, which speaks for itself and to which no response is required.

91.    Defendants deny the allegations in this Paragraph.

92.    The allegations in the first sentence of this Paragraph purport to quote or characterize the Final Rule, which speaks for itself and to which no response is required. Defendants deny the allegations in the second sentence of this Paragraph.

93.    Defendants deny the allegations in this Paragraph.

94.     The allegations in the first sentence of this Paragraph purport to quote or characterize the Final Rule, which speaks for itself and to which no response is required.

## COUNT THREE:
### The Final Rule's NEPA Review Violates NEPA

95.     Defendants adopt by reference their responses to Paragraphs 1-94.

96.     Defendants admit that CEQ issued the "National Environmental Policy Act Implementing Regulations Revisions Phase 2 Special Environmental Assessment" in April 2024. Defendants deny the remaining allegations in this Paragraph.

97.     The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

98.     The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

99.     The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

## COUNT FOUR:
### The Final Rule Violates the Major Questions Doctrine

100.    Defendants adopt by reference their responses to Paragraphs 1-99.

101.    The allegations in this Paragraph purport to characterize a Federal statute, which speaks for itself and to which no response is required.

102.    Defendants deny the allegations in this Paragraph.

103.    The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

104.    Defendants deny the allegations in this Paragraph.

105.    Defendants deny the allegations in this Paragraph.

## PRAYER FOR RELIEF

Sub-paragraphs "a" through "h" under the caption "Prayer for Relief" provide Plaintiffs' prayers for relief.   To the extent the Federal Rules of Civil Procedure or this Court require a response, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

All of the allegations in Plaintiffs' Amended Complaint that have not been specifically admitted, denied, or otherwise answered are hereby denied.

## <u>DEFENSES</u>

1.     Plaintiffs lack standing to assert the claims alleged in the Amended Complaint.

2.     Plaintiffs' claims are not ripe.

3.     Plaintiffs fail to state a claim upon which relief can be granted.

4.     This Court lacks jurisdiction over this action.

## <u>PRAYER</u>

For the foregoing reasons, Defendants request that the Court dismiss the Amended Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants such other and further relief that the nature of the case and justice requires.

Respectfully submitted this 11th day of July, 2024,

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
GREGORY M. CUMMING
PAUL G. FREEBORNE
SAMANTHA PELTZ

Environment & Natural Resources Division
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov