IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of Iowa, et al., ) | |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING MOTION TO** |
| ) | **INTERVENE** |
| vs. ) | |
| ) | |
| Council on Environmental Quality, and ) | |
| Brenda Mallory, in her official capacity ) | Case No. 1:24-cv-089 |
| as Chair, ) | |
| ) | |
| Defendants. ) | |

Before the court is a Motion to Intervene filed on June 27, 2024, pursuant to Fed. R. Civ. P. 24 by the Alaska Community Action on Toxics, Center for Biological Diversity, Center for Environmental Health, Center for Food Safety, Environmental Law and Policy Center, Environmental Protection Information Center, Food & Water Watch, Fort Berthold POWER, Friends of the Earth, Green Latinos, Labor Council on Latin American Advancement, Malama Makua, National Parks Conservation Association, National Wildlife Federation, Ocean Conservancy, People's Collective for Environmental Justice, Rio Grande International Study Center, Southern Utah Wilderness Alliance, WE ACT for Environmental Justice, The Wilderness Society, and Winter Wildlands Alliance (collectively the "Applicants") (Doc. No. 50). For the reasons discussed below, the motion is granted.

I.     **BACKGROUND**

The National Environmental Policy Act ("NEPA") was enacted by Congress in 1969 and signed into law in 1970. 42 U.S.C. § 4332(2)(B). It requires federal agencies to go through a formal process before taking any action anticipated to substantially impact the environment. To ensure that

1

federal agencies meet their obligations, it established the Council on Environmental Quality ("CEQ") within the Executive Office of the President.

In 1978, CEQ promulgated regulations that established procedures for federal agencies implementing the NEPA process. Implementation of Procedural Provisions, 43 Fed. Reg. 55,978 (Nov. 29, 1978) ("1978 regulations"). Over the course of the next eight years small revisions were made to the 1978 regulations. (Doc. No. 39 at ¶ 46). On July 16, 2020, the CEQ substantially revised the 1978 Regulations with the issuance of the "2020 Rule." Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act, 85 Fed. Reg. 43304 (July 16, 2020) ("2020 rule").

On May 1, 2024, CEQ ostensibly rolled back the "2020 Rule" and largely restored multiple provisions of the 1978 regulations with the issuance of the "Final Rule." National Environmental Policy Act Implementing Regulations Revisions Phase 2, 89 Fed. Reg. 35442 (May 1, 2024). It is the CEQ's issuance of the Final Rule that spawned the instant litigation..

Plaintiffs initiated the above-action by Complaint on May 21, 2024, pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et seq*. (Doc. No. 1). They filed an Amended Complaint on June 4, 2024. (Doc. No. 39). They challenge the Final Rule, asserting, inter alia, that it violates NEPA, the APA, and the Major Questions Doctrine. They ask the court "to vacate the Final Rule, remand it to [CEQ], enjoin [CEQ] from enforcing the Final Rule, and resultingly reinstate the 2020 Rule." (Id. at ¶12).

Applicants, a collection of twenty environmental justice, labor, and conservation groups, filed a Motion to Intervene on June 27, 2024. (Doc. No. 51). They seek leave to intervene in this action as a matter of right and to defend the Final Rule. Alternatively, they make a bid for

permissive intervention.

Plaintiff and Defendants have apparently communicated to Applicants that they take no position on the Motion to Intervene (Doc. No. 51-1). To date they have not filed with the court a response to the motion.

## II.     APPLICABLE LAW

Rule 24 of the Federal Rules of Civil Procedure provides that the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Eighth Circuit distills this rule into a three-part test, requiring the party seeking intervention to show: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. S. Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785 (8th Cir. 2003) (citing Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997)).

Regarding the third element, a prospective intervenor typically bears only a minimal burden in showing that existing parties do not adequately represent its interests. Nat'l Parks Conservation Ass'n v. U.S. E.P.A., 759 F.3d 969, 975 (8th Cir. 2014) (quoting Mille Lacs Band of Chippewa Indians v. State of Minn., 989 F.2d 994, 999 (8th Cir. 1993)). However, a prospective intervenor has a heavier burden when an existing party has an obligation to represent its interests. Mille Lacs, 989 F.2d at 999-1000. Under the concept of *parens patriae*, if a government agency is a party in

3

litigation involving a matter of sovereign interest, the government is presumed to represent the interest of all its citizens. Id. at 1000; Nat'l Parks Conservation Ass'n, 759 F.3d at 976. Yet the presumption only applies to the extent the prospective intervenor's interests coincide with the public interest. Nat'l Parks Conservation Ass'n, 759 F.3d at 977. If the prospective intervenor stands to lose or gain from the lawsuit in a way different than the public at large, *parens patriae* does not apply. Chiglo, 104 F.3d at 188.

Rule 24 further provides for permissive intervention, dictating that, on timely motion, the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

Rule 24 is to be construed liberally in favor of intervention, which the court has described as serving the interest of the judicial system by resolving all related controversies in a single action. See Kinetic Leasing, Inc. v. Nelson, Case No. 3:16-3cv-99, 2016 WL 8737876, at *2 (D.N.D. Sept. 22, 2016) (citing S. Dakota ex rel Barnett v. US. Dep't of Interior, 317 F .3d 783, 785 (8th Cir. 2003), and Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 60F.3d 1304, 1307-08) (8th Cir. 1995)). Thus, "any doubts as to 'the propriety of permitting intervention should be resolved in favor of allowing it." Target Logistics Mgmt., LLC  v. City of Williston, Case No. l:16-cv-076, 2017 WL 6459800, at *3 (D. N.D. Dec. 18, 2017) (quoting Sierra Club v. Robertson, 960 F.2d 83, 86 (8th Cir. 1992)).  When considering a motion to intervene, the court must assess the motion in a light most favorable to the prospective intervenor and accept the allegations of the prospective intervenor as true. Id. at 2 (citing Nat'l Parks Conservation Ass'n, 759 F.3d at 973-75.

### III.  DISCUSSION

#### A.  Timeliness

The Applicants first assert that their motion to intervene is timely and that their participation in this action will pose no appreciable prejudice to the parties. The undersigned agrees.

To determine whether a motion to intervene is timely, courts consider "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the dely in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." In re Wholesale Grocery Prod. Antitrust Litig., 849 F.3d 761, 766-67 (8th Cir. 2017) (internal quotations marks omitted).

This matter is still in its infancy. Plaintiffs filed their Amended Complaint on June 4, 2024. Defendants filed their answer along with the administrative record on July 11, 2024. The parties have yet to participate in a scheduling conference. There is no briefing schedule currently in place. Consequently, the parties will not be unduly prejudiced by Applicants' intervention in this matter. See E.E.O.C. v. Merchs. State Bank, 554 F. Supp. 2d 959, 962–63 (D.S.D. 2008) (holding that a motion to intervene was timely where the parties were in the initial stages of discovery); see also Ctr. for Biological Diversity v. Haaland, 341 F.R.D. 236, 241 (D. Minn. 2022) (finding that moving to intervene approximately one month after the plaintiff filed its complaint and before the court issued a pretrial scheduling order was timely).

#### B.  Intervention as a Matter of Right

##### 1.  Impairment to Claimed Interest in the Subject Matter of the Litigation

Applicants next assert that they have an interest in the subject matter of this litigation that may be impaired by its disposition. Specifically, they assert that the Final Rule and its survival has

direct implications on areas where they live, work, recreate, worship, and/or subsist. They further assert that they have a strong legal interest in the outcome of this litigation given the time and resources to comment on the proposed rule making and prior litigation on the 2020 Rule that this action seeks to resurrect. See Alaska Coalition for Alternatives to Toxics v. CEQ, Case No. 3:20-cv-05199-RS (N.D. Cal).

The Eighth Circuit has recognized that an interest in environmental conservation is sufficient to warrant intervention. See Mausolf v. Babbitt, 85 F.3d 1295, 1302 (8th Cir. 1996). In Mausolf, the court recognized the legitimacy of a conservation group's interest in the litigation when it had "consistently demonstrated its interest" in a park's well-being and had "worked hard over the years, in various proceedings, to protect that interest." Id. Other circuits have likewise deemed it "indisputable that a prospective intervenor's environmental concern is a legally protectable interest."

The court has reviewed the declarations filed in support of the motion to intervene. (Doc. Nos. 51-3 through Doc. No. 51-25). Accepting Applicants' allegations as true, the Court finds Applicants have an interest in the matter at issue that may be impaired by its disposition. The undersigned also finds it telling that the parties have not filed a response to Applicants' motion and have not otherwise disputed Applicants' claimed interest in this litigation.

## 2.     Adequacy of Representation

Applicants maintain that no other party to this litigation will adequately represent their interests. They point out that environmental and labor groups are often permitted to defend the conservation interests of their organization and members. See e.g., Mausolf, 85 F.3d at 1304; Minn. Chapter of Associated Builders & Contractors, Inc. v. Minn. Dep't of Pub. Safety, 267 F.3d 807, 810 (8th Cir. 2001). Next, they assert that their interests and CEQ's interests are fundamentally distinct.

In so doing they stress that Applicants are in pending litigation against CEQ challenging the legality of the 2020 Rule, that this litigation was stayed while CEQ pursues the 2024 rulemaking, and that restoration of the 2020 Rule would resurrect this litigation and place them in a position adversarial with CEQ.

Having reviewed declarations submitted in support of the motion, the court finds that CEQ's and Applicants' interests do not necessarily align. Although the interests of Applicants and CEQ "may converge" on certain legal points, "they may [also] diverge" with respect to others. See In re Sierra Club, 945 F.2d 776, 780 (4th Cir. 1991) (granting intervention to an environmental group whose interests whose interests not necessarily in alignment on certain points). Consequently, the court shall permit Applicants to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a).

### C. Permissive Intervention

Even if Applicants could not satisfy the requirements of Fed. R. Civ. P. 24(a), the court would find permissive joinder to be proper under Fed. R. Civ. P. 24(b). Applicants' motion is timely, Applicants have significant interests in upholding CEQ's NEPA implementation regulations, and intervention will not delay or prejudice the rights of the existing parties.

### IV. CONCLUSION

Applicants' Motion to Intervene (Doc. No. 51) is **GRANTED**. Applicants shall have until August 5, 2024, to file their Answer.

**IT IS SO ORDERED.**

Dated this 31st day of July, 2024.

> /s/ Clare R. Hochhalter
> Clare R. Hochhalter, Magistrate Judge
> United States District Court