# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| STATE OF IOWA, *et al.*, | |
| Plaintiffs, | |
| v. | NO. 1:24-cv-00089-DMT-CRH |
| COUNCIL ON ENVIRONMENTAL QUALITY, and BRENDA MALLORY, in her official capacity as Chair, | |
| Defendants, | |
| ALASKA COMMUNITY ACTION ON TOXICS; CENTER FOR BIOLOGICAL DIVERSITY; CENTER FOR ENVIRONMENTAL HEALTH; CENTER FOR FOOD SAFETY; ENVIRONMENTAL LAW AND POLICY CENTER; ENVIRONMENTAL PROTECTION INFORMATION CENTER; FOOD & WATER WATCH; FORT BERTHOLD POWER; FRIENDS OF THE EARTH; GREEN LATINOS; LABOR COUNCIL ON LATIN AMERICAN ADVANCEMENT; MĀLAMA MĀKUA; NATIONAL PARKS CONSERVATION ASSOCIATION; NATIONAL WILDLIFE FEDERATION; OCEAN CONSERVANCY; PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE; RIO GRANDE INTERNATIONAL STUDY CENTER; SOUTHERN UTAH WILDERNESS ALLIANCE; WE ACT FOR ENVIRONMENTAL JUSTICE; THE WILDERNESS SOCIETY, and WINTER WILDLANDS ALLIANCE, | |
| Applicant-Intervenor-Defendants. | |

**PROPOSED ANSWER OF MOVANT-INTERVENOR DEFENDANTS**

Proposed Movant-Intervenors Washington, California, Colorado, Illinois, Maine, Maryland, New Jersey, New Mexico, New York, Oregon, Wisconsin, the Commonwealth of Massachusetts, the People of Michigan, the District of Columbia, and the City of New York (hereinafter "Movant-Intervenor States") hereby answer Plaintiffs' First Amended Complaint, filed June 4, 2024 (ECF No. 39). The numbered paragraphs and headings of this Answer correspond to the numbered paragraphs and headings in the First Amended Complaint.

Movant-Intervenor States deny each and every allegation in the First Amended Complaint, including each and every allegation contained in headings, that is not specifically admitted in this Answer.

## NATURE OF THE ACTION

1.     Movant-Intervenor States admit the Council on Environmental Quality ("CEQ") is an agency within the Executive Office of the President that coordinates federal environmental policy. Movant-Intervenor States admit that CEQ issued the "National Environmental Policy Act Implementing Regulations Revisions Phase 2," 89 Fed. Reg. 35,442 (May 1, 2024) ("Final Rule"). The fourth sentence of this paragraph purports to characterize the Final Rule, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in the fourth sentence of this paragraph. Movant-Intervenor States deny the remaining allegations in this paragraph.

2.     The allegations in this paragraph purport to characterize the National Environmental Policy Act ("NEPA") and interpret caselaw, which speak for themselves, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

3.    Movant-Intervenor States deny the allegations in this paragraph.

4.    Movant-Intervenor States deny the allegations in this paragraph.

5.    Movant-Intervenor States deny the allegations in this paragraph.

6.    The allegations in this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

7.    The allegations in the first and third sentences of this paragraph purport to characterize NEPA, which speaks for itself, therefore no response is required. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph and therefore deny the allegations in this paragraph.

8.    Movant-Intervenor States admit that in 2020 CEQ issued a final rule titled "Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act," 85 Fed. Reg. 43,304 (July 16, 2020) ("2020 Rule"). Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and therefore deny the allegations in the last sentence of this paragraph. The remaining allegations in this paragraph purport to characterize the 2020 Rule, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

9.    Movant-Intervenor States admit that Congress amended NEPA via the Fiscal Responsibility Act ("FRA"). The remaining allegations in this paragraph purport to characterize the FRA, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

10.    Movant-Intervenor States deny the allegations in this paragraph.

11.    Movant-Intervenor States deny the allegations in this paragraph.

12.    The allegations in this paragraph provide Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations and deny that Plaintiffs are entitled to any relief.

**JURISDICTION AND VENUE**

13.    The allegations in this paragraph purport to characterize federal laws, which speak for themselves, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

14.    Movant-Intervenor States admit the allegations in this paragraph.

15.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Further, the allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

16.    Movant-Intervenor States admit that the State of North Dakota resides in this District. The remaining allegations in this Paragraph purport to characterize federal law, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

**PARTIES**

17.    Movant-Intervenor States admit that Plaintiffs are sovereign States. The remaining allegations in this paragraph contain legal argument and conclusions, to which no

5

response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

18.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

19.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

20.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

21.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

22.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

23.     Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

24.     Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

25.     Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

26.     Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

27.     Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

28.     Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

29.    Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

30.    Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

31.    Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

32.    Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

33.    Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

34.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

35.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

36.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

37.      Movant-Intervenor States admit the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

38.      Movant-Intervenor States admit that CEQ is an agency of the United States within the Executive Office of the President. Movant-Intervenor States admit that CEQ is responsible for implementing NEPA but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

39.      Movant-Intervenor States admit that Brenda Mallory is the Chair of CEQ, and that Ms. Mallory signed the Final Rule. The remaining allegations in this paragraph contain legal

argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

## STATUTORY BACKGROUND

40.     Movant-Intervenor States admit that NEPA was enacted in 1969. The remaining allegations in this paragraph purport to characterize NEPA, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

41.     The allegations in this paragraph purport to characterize NEPA and the United States Supreme Court decision in *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989), which speak for themselves, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

42.     The allegations in the first sentence of this paragraph contain legal argument and conclusions, to which no response is required. The allegations in the second sentence of this paragraph purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

43.     The allegations in this paragraph purport to characterize the APA and United States Supreme Court decisions, which speak for themselves, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

44.    The allegations in this paragraph purport to characterize United States Supreme Court decisions, which speak for themselves, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

## REGULATORY BACKGROUND AND FACTUAL ALLEGATIONS

45.    Movant-Intervenor States admit that in 1978 CEQ issued "Implementation of Procedural Provisions," 43 Fed. Reg. 55,978 (Nov. 29, 1978) ("1978 Regulations"). The remaining allegations in this paragraph purport to quote or characterize the 1978 Regulations, which speak for themselves, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

46.    Movant-Intervenor States admit that in 1979 and 1986 CEQ amended the 1978 Regulations. The remaining allegations in this Paragraph purport to characterize the amendments, which speak for themselves, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

47.    Movant-Intervenor States deny the allegations in this paragraph.

48.    Movant-Intervenor States admit that in 2017 President Trump issued Executive Order 13807, "Establishing Discipline and Accountability in the Environmental Review and Permitting Process for Infrastructure Projects," 82 Fed. Reg. 40,463 (Aug. 24, 2017). Movant-Intervenor States further admit that CEQ issued the 2020 Rule. The remaining allegations in this paragraph purport to characterize Executive Order 13807 and the 2020 Rule, which speak for themselves, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

49.    The allegations in this paragraph purport to characterize the 2020 Rule, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

50.    The allegations in this paragraph purport to characterize the 2020 Rule, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

51.    Movant-Intervenor States admit that President Biden issued Executive Order 13990 in 2021, "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," 86 Fed. Reg. 7037 (Jan. 20, 2021). The remaining allegations in this paragraph purport to characterize Executive Order 13990, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

52.    The allegations in this paragraph purport to characterize Executive Order 13990, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

53.    Movant-Intervenor States admit that in October 2021 CEQ issued the proposed rule "National Environmental Policy Act Implementing Regulations Revisions," 86 Fed. Reg. 55,757 (Oct. 7, 2021) ("Proposed Phase 1 Rule"). Movant-Intervenor States further admit that in April 2022 CEQ issued the final rule "National Environmental Policy Act Implementing Regulations Revisions," 87 Fed. Reg. 23,453 (Apr. 20, 2022) ("Final Phase 1 Rule"). The remaining allegations in this paragraph purport to characterize the Proposed Phase 1 Rule and the Final Phase 1 Rule, which speak for themselves, therefore no response is required. To the extent

a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

54.     The allegations in this Paragraph purport to characterize the Proposed Phase 1 Rule and the Final Phase 1 Rule, which speak for themselves, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

55.     Movant-Intervenor States admit that in 2023 CEQ issued "National Environmental Policy Act Implementing Regulations Phase 2," 88 Fed. Reg. 49,924 (July 31, 2023) ("Proposed Phase 2 Rule"). The remaining allegations in this paragraph purport to characterize the Proposed Phase 2 Rule, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

56.     Movant-Intervenor States admit that CEQ issued the final Phase 2 rule, 89 Fed. Reg. 35,442 ("Final Rule"). The remaining allegations in this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the remaining allegations in this paragraph.

57.     The allegations in this paragraph purport to characterize the Final Rule and comments on the Proposed Phase 2 Rule, which speak for themselves, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

58.     The allegations in this paragraph purport to characterize the Final Rule and NEPA, which speak for themselves, therefore no response is required. Further, the allegations in

this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

59.    The allegations in this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

60.    Movant-Intervenor States admit the allegation in the fourth sentence of this paragraph that Plaintiffs engage in the federal NEPA process. The remaining allegations in this paragraph contain legal argument and conclusions, to which no response is required. Further, Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the remaining allegations in this paragraph.

61.    Movant-Intervenor States deny the allegations in this paragraph.

62.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

63.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

64.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

65.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

66.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

67.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

68.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

69.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

70.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

71.    Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

72.     Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

73.     Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

74.     Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

75.     Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

76.     Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in this paragraph.

77.     The allegations in the first and second sentences of this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in the first and second sentences of this paragraph. Movant-Intervenor States deny the allegations in the third sentence of this paragraph.

## CLAIMS FOR RELIEF

### COUNT ONE: The Final Rule Violates NEPA and the APA

78.     Movant-Intervenor States incorporate by reference their responses to paragraphs 1-77.

79.     The allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

80.     The allegations in this paragraph purport to characterize NEPA, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

81.     The allegations in this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. The second sentence in this paragraph contains legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

82.     The allegations in this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

83.     The allegations in this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

84.     The allegations in this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

85.     The allegations in this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

86.     Movant-Intervenor States deny the allegations in this paragraph.

**COUNT TWO: The Final Rule Is Arbitrary and Capricious and Violates the APA**

87.     Movant-Intervenor States incorporate by reference their responses to paragraphs 1-86.

88.     The allegations in this paragraph purport to characterize the APA and caselaw, which speak for themselves, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

89.     Movant-Intervenor States deny the allegations in this paragraph.

90.     The allegations in this paragraph purport to characterize caselaw, which speaks itself, therefore no response is required. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

91.     Movant-Intervenor States deny the allegations in this paragraph.

92.     The allegations in the first sentence of this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. Movant-Intervenor States deny the allegations in the second sentence of this paragraph. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

93.     Movant-Intervenor States deny the allegations in this paragraph.

94.     The allegations in the first sentence of this paragraph purport to characterize the Final Rule, which speaks for itself, therefore no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in the first sentence of this paragraph. Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and therefore deny the allegations in this sentence. Movant-Intervenor States deny the remaining allegations in this paragraph.

**COUNT THREE: The Final Rule's NEPA Review Violates NEPA**

95.     Movant-Intervenor States incorporate by reference their responses to paragraphs 1-94.

96.     Movant-Intervenor States admit that CEQ prepared an Environmental Assessment and Finding of No Significant Impact for the Final Rule. Movant-Intervenor States deny the remaining allegations in this paragraph.

97.     The allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

98.     The allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

99.     The allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

**COUNT FOUR: The Final Rule Violates the Major Questions Doctrine**

100.    Movant-Intervenor States incorporate by reference their responses to paragraphs 1-99.

101.    The allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

102.    The allegations in this paragraph contain legal argument and conclusions, to which no response is required. In addition, Movant-Intervenor States lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations in this paragraph. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

103.    The allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

104.    The allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

105.    The allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, Movant-Intervenor States deny the allegations in this paragraph.

## PRAYER FOR RELIEF

Movant-Intervenor States deny that Plaintiffs are entitled to the relief requested in the Amended Complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      Court lacks jurisdiction to hear some or all of Plaintiffs' claims.

2.      Some or all of Plaintiffs' claims fail to state a claim for which relief can be granted.

3.      There is neither factual nor legal support for injunctive or equitable relief.

4.      Movant-Intervenor States reserve the right to raise additional defenses.

WHEREFORE, Movant-Intervenor States respectfully request that the Court dismiss the Amended Complaint with prejudice, enter judgment in favor of Movant-Intervenor States and against Plaintiffs, and grant such other relief as the Court deems just and proper.

Respectfully submitted this 2nd day of August, 2024

ROBERT W. FERGUSON
Attorney General of Washington

*s/ Elizabeth Harris*
ELIZABETH HARRIS (Admission pending in D.N.D.) (WSBA #53135)
Assistant Attorney General
Washington State Attorney General's Office
Environmental Protection Division
800 5th Avenue, Suite 2000
Seattle, WA 98104
(206) 521-3213
Elizabeth.Harris@atg.wa.gov

FOR THE STATE OF CALIFORNIA

ROB BONTA

Attorney General of California

*/s/ Jamie Jefferson*
SARAH E. MORRISON, SBN 143459
(admission in D.N.D. forthcoming)
Supervising Deputy Attorney General
JAMIE JEFFERSON, SBN 197142
Thomas Schumann, SBN 324559
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, CA 94602
(510) 879-3298
Yuting.Chi@doj.ca.gov

FOR THE STATE OF COLORADO

PHILLIP J. WEISER
Attorney General

*s/ Carrie Noteboom*
CARRIE NOTEBOOM*
Assistant Deputy Attorney General
Natural Resources and Environment
Section
1300 Broadway, 7th Floor
Denver, CO 80203
720.508.6285
carrie.noteboom@coag.gov

FOR THE STATE OF MAINE

Aaron M. Frey
Attorney General

By: */s/   Caleb Elwell*
CALEB ELWELL*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8545
Caleb.elwell@maine.gov

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General

/s/ Jason E. James
JASON E. JAMES*
Assistant Attorney General
MATTHEW J. DUNN
Chief, Environmental Enforcement/
Asbestos Litigation Division
Office of the Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
Ph: (872) 276-3583
Email: jason.james@ilag.gov

FOR THE PEOPLE OF THE STATE OF MICHIGAN

*/s/Benjamin C. Houston*
BENJAMIN C. HOUSTON*
Assistant Attorney General
Environment, Natural Resources, and Agriculture Division
6th Floor G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30755
Lansing, MI 48909
Tel: (517) 582-3746
Email: HoustonB1@michigan.gov

FOR THE STATE OF NEW MEXICO

RAÚL TORREZ
Attorney General

 */s/ J. Spenser Lotz*
J. Spenser Lotz*
Assistant Attorney General
201 3rd St. NW
Suite 300
Albuquerque, NM 87102
Tel. (505) 616-7560
SLotz@nmdoj.gov

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN*
Attorney-in-Charge
STEVE NOVICK
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov
Steve.Novick@doj.oregon.gov

FOR THE STATE OF NEW JERSEY

MATTHEW J. PLATKIN
Attorney General of New Jersey

*/s/ Dianne Shinn*
DIANNA SHINN*
(N.J. Bar No. 242372017)
Deputy Attorney General
Environmental Enforcement & Enforcement Justice Section
New Jersey Division of Law
25 Market Street
P.O. Box 093
Trenton, NJ 08625-093
(609) 376-2789
Dianna.Shinn@law.njoag.gov

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General of New York

*/s/ Claiborne E. Walthall*
CLAIBORNE E. WALTHALL*
Assistant Attorney General
New York State Office of the Attorney General
State Capitol
Albany, NY 12224
(518) 776-2380
claiborne.walthall@ag.ny.gov

FOR THE STATE OF WISCONSIN

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Tressie K. Kamp*
TRESSIE K. KAMP*
Assistant Attorney General
Wisconsin Department of Justice
17 W. Main Street
Madison, WI 53707-7857
(608) 266-9595
kamptk@doj.state.wi.us

FOR THE DISTRICT OF COLUMBIA

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Wesley Rosenfeld*
WESLEY ROSENFELD*
Housing and Environmental Justice Section
Assistant Attorney General
400 6th Street NW
Washington, D.C. 20001
(202) 368-2569
wesley.rosenfeld1@dc.gov

FOR THE CITY OF NEW YORK

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York

*/s/ Nathan Taylor*
NATHAN TAYLOR*
New York City Law Department
100 Church Street, Rm 6-144
New York, NY 10007
(646) 940-0736 (m)
(212) 356-2315
NTaylor@law.nyc.gov

FOR THE COMMONWEALTH OF
MASSACHUSETTS

ANDREA JOY CAMPBELL
Attorney General

TURNER SMITH
Deputy Chief and Assistant Attorney General

*s/ Matthew Ireland*
MATTHEW IRELAND *
Assistant Attorney General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
matthew.ireland@mass.gov


*Pro Hac Vice application forthcoming*

FOR THE STATE OF MARYLAND

Anthony G. Brown
Attorney General

*/s Steven Goldstein*
STEVEN J. GOLDSTEIN*
Special Assistant Attorney General
Office of the Attorney General of
Maryland
200 Saint Paul Place
Baltimore, MD 21202
410-576-6414
sgoldstein@oag.state.md.us