# Exhibit C
# Declaration of R. Henke

Case No. 1:24-cv-00089-DMT

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| STATE OF IOWA,<br>STATE OF NORTH DAKOTA,<br>STATE OF ALASKA,<br>STATE OF ARKANSAS,<br>STATE OF FLORIDA,<br>STATE OF GEORGIA,<br>STATE OF IDAHO,<br>STATE OF KANSAS<br>COMMONWEALTH OF KENTUCKY<br>STATE OF LOUISIANA,<br>STATE OF MISSOURI,<br>STATE OF MONTANA,<br>STATE OF NEBRASKA,<br>STATE OF SOUTH CAROLINA,<br>STATE OF SOUTH DAKOTA,<br>STATE OF TENNESSEE,<br>STATE OF TEXAS,<br>STATE OF UTAH,<br>STATE OF VIRGINIA<br>STATE OF WEST VIRGINIA, and<br>STATE OF WYOMING<br><br>                Plaintiffs,<br><br>vs.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY, and<br>BRENDA MALLORY, in her official capacity as Chair.<br><br>                Defendants. | Case No. 1:24-cv-00089-DMT |

## DECLARATION OF RON HENKE

Pursuant to 28 U.S.C. § 1746, the declarant, Ron Henke, states as follows:

1. I am over 18 years of age, have personal knowledge of the matters set forth herein, and am competent to make this Declaration.

2. My name is Ron Henke. I have bachelor's degrees in construction management and construction engineering. I have served with the North Dakota Department of Transportation (NDDOT) for approximately 33 years. Currently, I serve as the Director of the NDDOT. I am, and have been, responsible for leading the project development, construction, and maintenance for North Dakota's highway system. In my capacity as Director of the NDDOT, I manage the entire department and am responsible for spending highway funds.

3. As the State agency with responsibility for the State's highway system, NDDOT is very active in the National Environmental Policy Act (NEPA) review process, including completing environmental documents and studies for each highway and structure project that involves federal funding or which requires federal permitting.

4. Because of the importance NEPA plays in NDDOT's operations, I am familiar with the Phase 2 NEPA rulemaking, published by the Council on Environmental Quality on May 1, 2024 (Final Rule). I am providing this declaration in support of North Dakota's lawsuit challenging the Final Rule.

5. On average over the last several years, NDDOT has participated in the NEPA process for approximately 50 highway or transportation development projects per year.

6. As of the date of this declaration, NDDOT is currently involved in or planning approximately 100 projects that are undergoing or pending NEPA review, and which may require additional evaluation beyond what is currently required due to the Final Rule.

7. The Final Rule fundamentally transforms NEPA reviews, the scope of analysis within NEPA documents, and the scope of "alternatives" that are required to be analyzed during a NEPA review. It also requires NEPA reviews to consider vague, new considerations that may foreseeably, and dramatically, increase NEPA-related litigation designed to delay or prevent development.

8. The Final Rule also limits the use of categorical exclusions for NEPA review by redefining "extraordinary circumstances" to include alleged perceived risks from the effects of climate change. The Final Rule also places conditions on an agency's adoption of another agency's categorical exclusion, notwithstanding that NEPA itself imposes no such conditions. Categorical exclusions are by far the most common level of NEPA review, including for NDDOT projects. The Final Rule's limitations on their use will significantly impact the NEPA review process, foreseeably result in widespread delays, and may render certain projects infeasible to permit and timely construct.

9. The Final Rule transforms NEPA from its intended role in creating transparency in environmental review into an action-forcing statute to advance environmental policy goals. It changes NEPA from a workable, procedural statute that does not dictate a specific substantive result, into a process for federal agencies to assess environmental actions before taking actions, which unreasonably imposes numerous layers of additional red tape and litigation exposure, that may unnecessarily delay critical infrastructure and transportation projects throughout the State.

10. The Final Rule will also have imminent effects on transportation projects in North Dakota, as, by its own terms, it states that it will have retroactive application for "ongoing activities and environmental documents begun before" the Final Rule's effective date of July 1, 2024.

11. It is my opinion that the Final Rule may significantly and negatively affect NDDOT operations. Because NDDOT is so active in the NEPA process, and NEPA review is required for almost every major transportation development project in the State, we already devote significant resources to NEPA compliance. Under the process in place before the Final Rule, complying with NEPA already required NDDOT to invest millions of dollars and thousands of personnel hours each year. The Final Rule will foreseeably and significantly increase those costs, and that is before accounting for the foreseeable increase in litigation-related delays and costs that will be ushered in by the Final Rule.

Case No. 1:24-cv-00089-DMT

12. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Bismarck, North Dakota, on July 25, 2024.

_____
Ronald J. Henke, PE Director
North Dakota Department of Transportation