# Exhibit J
# Declaration of M. Johnson

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NORTH DAKOTA BISMARCK
DIVISION

| | |
|---|---|
| STATE OF IOWA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNSEL ON ENVIRONMENTAL QUALITY, and BRENDA MALLORY, in her official capacity as Chair. <br><br> Defendant. | Case No. 1:24-cv-89 |

## DECLARATION OF MICHAEL JOHNSON

## IDAHO TRANSPORTATION DEPARTMENT

I, Michael Johnson, declare under penalty of perjury that the following is true and correct:

1. My name is Michael Johnson. I am over 21 years of age and am fully competent and duly authorized to make this declaration on behalf of the Idaho Transportation Department (ITD).

2. I am the Division Administrator of Engineering Services and State Bridge Engineer. As the Division Administrator, my responsibilities include leading the highway development sections, including Environmental, Bridge, Right-of-Way, and Asset Management in supporting the development of planning, development, permitting, and construction of highway and bridge projects. In addition to my experience at ITD, I worked as a project manager and bridge section manager for a consultant. I was responsible for managing the development of highway and bridge design projects including environmental permitting for Idaho and other state Departments of

1

Transportation.

3. The federal government manages about 34.5 million acres of land in Idaho, nearly two-thirds of the 53.5 million acres that make up Idaho's land mass. Large federal landowners/managers include the U.S. Forest Service, the Bureau of Land Management, Bureau of Reclamation, and the Department of Energy. As such, federal landowners and managers already have considerable input and discretion when Idaho seeks to develop or expand transportation and other projects. ITD routinely consults with the applicable federal agency and incorporates comments and mitigation.

4. ITD is the transportation agency for the State of Idaho. ITD's mission is to improve highway safety, foster mobility, and enhance economic development for Idaho's citizens and for all travelers on Idaho roads. ITD is engaged in numerous highway construction projects to meet its mission obligations as described.

5. Many of ITD's highway construction projects cross federal land and/or rely on federal funding and are subject to federal environmental regulations and obligations. Such requirements include the National Environmental Policy Act (NEPA) and all related statutes and federal agency regulations. These environmental regulations and obligations often include documenting and defending Environmental Impact Statements, Environmental Assessments, and Categorical Exclusions.

6. I am aware that federally-required documentation for Environmental Impact Statements, Environmental Assessments, and Categorical Exclusions have over time become more extensive in size and content (likely in attempts to avoid formal challenge/litigation). As these related requirements and documentation increase or change, ITD is obligated to incur additional time and expense to comply with such.

7. I am aware that the federal Council on Environmental Quality (CEQ) issued a Final Rule on May 1, 2024 (National Environmental Policy Act Implementing Regulations Revisions Phase 2, 89 Fed. Reg. 35442). I am aware that the State of Idaho has joined other states in litigation brought in opposition to the CEQ's May 1, 2024 Final Rule. I am providing this Declaration in support of Idaho's challenge to the Final Rule.

8. I have met with ITD's Environmental Services Manager to discuss the potential impacts of the Final Rule on ITD's current and prospective highway construction projects. I oversee this person in my role as Division Administrator of Engineering Services. As a State that is largely rural with a fast-growing economy, building safe roads and other transportation projects to serve those needs is critical to Idaho. For fiscal year 2025, ITD's Environmental Services had 43 programmed environmental review projects; for fiscal year 2026, Environmental Services presently has 45 programmed environmental review projects.

9. ITD presently has five (5) Planning and Environmental Linkages (PELs) that are under environmental review or consideration. Each requires significant time and expense by ITD. With a growing population and expanding economy, it is anticipated that ITD's future PELs will remain similar or increase. A decrease in PELs and related environmental documentation is not foreseen.

10. I am aware that reliance on "Indigenous Knowledge" is included as a consideration in the Final Rule. I am unaware of Indigenous Knowledge being fully or adequately defined in the Final Rule, and that the possible expansive nature of such is undetermined. Given the numerous tribes, cultures, and peoples that have at some time resided in Idaho, the breadth of federally-applied Indigenous Knowledge is potentially unlimited. Although ITD has previously provided Ethnographic Studies in conjunction with Idaho tribes, the undefined Indigenous Knowledge would potentially increase such efforts, and lead to additional project delay.

11. Idaho has five federally-recognized tribal reservations that are located wholly or partially within the State: Kootenai Reservation (located in ITD's District 1); Coeur d'Alene Reservation (located in ITD's District 1); Nez Perce Reservation (located in ITD's District 2); Duck Valley Reservation (located partially in ITD's District 3 and partially in Nevada); and Fort Hall Reservation (located in ITD's District 5).

12. Under the Final Rule, any or all of these federally-recognized tribes may assert that Indigenous Knowledge ought to be considered or compensated for as part of the environmental review processes. Further, under the Final Rule, other tribes, other individual Native Americans, and perhaps other peoples or cultures may assert that Indigenous Knowledge ought to be considered or compensated for as part of such environmental review processes. Again, although ITD has previously provided Ethnographic Studies in conjunction with Idaho tribes, the additional consideration and project delay related to the Final Rule's Indigenous Knowledge will potentially increase the time and expense incurred by ITD for highway construction projects.

13. I am aware that "environmental justice" is included as a consideration in the Final Rule. Although environmental justice was initially established via Executive Order in 1994, I am uncertain as to the extent that the Final Rule's specific environmental justice provisions will increase consultation (i.e., in favor of federally-recognized reservations, other tribes, and perhaps other peoples or low income and minority populations). As such, the Final Rule's consultation and delay related to environmental justice will potentially increase the time and expense incurred by ITD for highway construction projects.

14. I am aware that undefined "climate change" considerations are included in the Final Rule. Once again, as a State with a growing population, expanding economy, and continuously developing road system, the limitations implicated by climate change considerations will certainly cause ITD to incur additional time and expense to address such.

4

15. Ultimately, the Final Rule injects ambiguity, new requirements, and undefined federal agency discretion which has the potential to foster litigation against ITD's projects by opportunistic project opponents. Such would delay and increase the cost of ITD highway construction projects.

16. The Final Rule imposes additional regulatory requirements on the federal environmental permitting process by requiring a more comprehensive consideration of Indigenous Knowledge, environmental justice, and climate change. These changes will impose substantial burdens on the Idaho Transportation Department and ultimately on Idaho's citizens.

_____
Michael Johnson, P.E.
Division Administrator of Engineering Services
Idaho Transportation Department