# Exhibit M
# Declaration of B. Weston

THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| STATE OF IOWA, et al., | **DECLARATION OF BRANDON WESTON** |
| *Plaintiffs,* | Case No. 1:24-cv-00089 |
| v. | |
| COUNCIL ON ENVIRONMENTAL QUALITY, et al, | Judge Daniel M. Traynor |
| | Magistrate Judge Clare R. Hochhalter |
| *Defendants.* | |

I, Brandon Weston, declare and state as follows:

1.      I am over twenty-one years of age, a resident of Salt Lake County, State of Utah, and I have personal knowledge of the statements set forth herein.

2.      I am the Environmental Director for the Utah Department of Transportation (UDOT). I have been with the Department for 20 years and in my current role for 14 years. As the Environmental Director, I am responsible for all environmental compliance for UDOT, which includes compliance with the National Environmental Policy Act and compliance with UDOT's Memorandum of Understanding with the Federal Highway Administration.

3.      The Utah Department of Transportation ("UDOT") entered into the First Renewed Memorandum of Understanding ("Renewed MOU") between the Federal Highway Administration ("FHWA") on May 26, 2022.   See Exhibit 1.

4.      On January 17, 2017, FHWA and UDOT previously entered into a Memorandum of Understanding ("Original MOU") under which UDOT assumed and carried out the assigned duties and responsibilities of the USDOT Secretary under NEPA and other federal environmental laws.  The Original MOU established January 17, 2022, as the expiration date.

5.      On December 8, 2021, and April 14, 2022, FHWA sent letter to UDOT authorizing an extension of UDOT's assigned and assumed responsibilities under the Original MOU in accordance with 23 CFR 773.115(h) to allow the parties time to complete the renewal process for this Renewed MOU.

6.      Pursuant to the Renewed MOU, FHWA assigned, and UDOT assumed, subject to the terms and conditions set forth in 23 U.S.C. 327 and this Renewed MOU, all of the USDOT Secretary's responsibilities for compliance with the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. 4321 et seq. with respect to the highway projects specified under subpart 3.3. This assignment includes statutory provisions, regulations, executive orders, policies, and guidance related to the implementation of NEPA for highway projects such as 23 U.S.C. 139, 40 CFR parts 1500-1508, DOT Order 5610.1C, and 23 CFR part 771, as applicable.

7.      FHWA assigned and UDOT assumed all of the USDOT Secretary's responsibilities for environmental review, reevaluation, consultation, or other action required or arising under the following federal environmental law with respect to the review or approval of the highway projects specified in subpart 3.3:

Air Quality
- Clean Air Act (CAA), 42 U.S.C. §§ 7401–7671q, with the exception of any conformity determinations.

Noise
- Noise Control Act of 1972, 42 U.S.C. §§ 4901-4918

- Compliance with the noise regulations in 23 CFR part 772

Wildlife
- Endangered Species Act of 1973, 16 U.S.C. §§ 1531–1544
- Fish and Wildlife Coordination Act, 16 U.S.C. §§ 661–667d
- Migratory Bird Treaty Act, 16 U.S.C. §§ 703–712
- Bald and Golden Eagle Protection Act, 16 U.S.C. 668-668d

Hazardous Materials Management
- Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601-9675
- Superfund Amendments and Reauthorization Act (SARA), 42 U.S.C. §§ 9671-9675
- Resource Conservation and Recovery Act (RCRA), 42 U.S.C. 6901-6992k

Historic and Cultural Resources
- National Historic Preservation Act of 1966, as amended, 54 U.S.C. § 306101, et seq.
- Archeological and Historic Preservation Act of 1966, as amended, 16 U.S.C. §§ 470aa–479mm
- Title 54, Chapter 3125—Preservation of Historical and Archeological Data, 54 U.S.C. §§ 312501-312508
- Native American Grave Protection and Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001– 3013; 18 U.S.C. 1170

Social and Economic Impacts
- American Indian Religious Freedom Act, 42 U.S.C. § 1996
- Farmland Protection Policy Act (FPPA), 7 U.S.C. §§ 4201– 4209

Water Resources and Wetlands
- Clean Water Act, 33 U.S.C. §§ 1251–1387 (Section 401, 402, 404, 408, and Section 319)
- Safe Drinking Water Act (SDWA), 42 U.S.C. §§ 300f–300j–26
- Rivers and Harbors Act of 1899, 33 U.S.C. § 403
- Wild and Scenic Rivers Act, 16 U.S.C. §§ 1271–1287
- Emergency Wetlands Resources Act, 16 U.S.C. § 3921
- Wetlands Mitigation, 23 U.S.C. §§ 119(g), 133(b)(14)
- Flood Disaster Protection Act, 42 U.S.C. §§ 4001–4130
- General Bridge Act of 1946, 33 U.S.C. §§ 525–533
- FHWA wetland and natural habitat mitigation regulations, 23 CFR part 777

Parklands and Other Special Land Uses
- 23 U.S.C. § 138 and 49 U.S.C. § 303 (Section 4(f)) and implementing regulations at 23 C.F.R. part 774
- Land and Water Conservation Fund (LWCF) Act, 54 U.S.C. §§ 200302-200310

FHWA-Specific
- Planning and Environmental Linkages, 23 U.S.C. § 168, with the exception of those FHWA responsibilities associated with 23 U.S.C. §§ 134 and 135

- Programmatic Mitigation Plans, 23 U.S.C. § 169 with the exception of those FHWA responsibilities associated with 23 U.S.C. §§ 134 and 135

Executive Orders Relating to Highway Projects
- E.O. 11990, Protection of Wetlands
- E.O. 11988, Floodplain Management (except approving design standards and determinations that a significant encroachment is the only practicable alternative under 23 CFR sections 650.113 and 650.115)
- E.O. 12898, Federal Actions to Address Environmental Justice in Minority Populations and Low Income Populations
- E.O. 13112, Invasive Species, as amended by E.O. 13751, Safeguarding the Nation from the Impacts of Invasive Species
- E.O. 13985 - Advancing Racial Equity and Support for Underserved Communities Through the Federal Government
- E.O. 13990 - Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis
- E.O. 14008 - Tackling the Climate Crisis at Home and Abroad
- Other Executive Orders not listed, but related to highway projects

8.     In accordance with 23 U.S.C. §327(a)(2)(D), any FHWA environmental review responsibility not explicitly listed above and assumed by UDOT will remain the responsibility of FHWA unless the responsibility is added by written agreement of the parties through the amendment process.

9.     The USDOT Secretary's responsibilities for government-to-government consultation with Indian tribes, as defined in 36 C.F.R. 800.16(m), are not assigned to or assumed by UDOT under this MOU.

10.     The assignments and assumptions of the USDOT Secretary's responsibilities apply to the environmental review, consultation, or other action pertaining to the environmental review or approval of a) highway projects within the State of Utah that are proposed to be funded with Tile 23 funds or otherwise require FHWA approval, and that require preparation of an EIS or EA; b) highway projects qualifying for DCEs within the State of Utah, both on the State highway

4

system and local assistance projects off the state highway system, that are proposed to be funded with Title 23 funds or that otherwise require FHWA approvals; and c) projects funded by other federal agencies (or projects without any federal fundings) that also require FHWA approvals.

11.     UDOT is solely responsible and solely liable for carrying out all responsibilities it has assumed under this MOU, in lieu of and without further approval of the USDOT Secretary.

12.     UDOT is required to maintain adequate organizational and staff capability, including competent and qualified consultants or outside counsel where necessary or desirable, to effectively carry out the responsibilities it has assumed under this MOU.

13.     UDOT expressly consents, on behalf of the State of Utah, to accept the jurisdiction of the federal courts for compliance, discharge, and enforcement of any responsibility of the USDOT Secretary assumed by UDOT.

14.     UDOT will be subject to the same procedural and substantive requirements that apply to the USDOT Secretary in carrying out these responsibilities.

15.     UDOT will work with all other appropriate federal agencies concerning the laws guidance, and policies that such other federal agencies are responsible for administering.

16.     UDOT will be deemed to be acting as FHWA with respect to environmental review, consultation, and other action required under those responsibilities.

17.     UDOT is required to defend all claims brought against UDOT in connection with its discharge of responsibility assumed under this Renewed MOU.  UDOT will provide FHWA's Utah Division Office and USDOJ copies of any motions, pleadings, briefs, or other such documents filed in any case concerning this discharge of any assumed responsibility.

18.    UDOT will seek early and appropriate coordination with all appropriate federal, state, and local agencies in carrying out any of the responsibilities for highway projects assumed under this Renewed MOU.

19.    UDOT will carry out regular quality control and quality assurance activities to ensure that the assumed responsibilities are being conducted in accordance with applicable law and the Renewed MOU.

20.    UDOT will retain, or cause to be maintained, project files and general administrative files pertaining to its discharge of the responsibilities it has assumed under this MOU in accordance with 2 C.F.R. 200.333.

21.    For projects funded by FHWA, UDOT shall ensure that a certification is included with each NEPA approval specifying that UDOT has fully carried out all responsibilities assumed under this MOU in accordance with this MOU and applicable federal laws, regulations, Executive Order, and policies.

22.    FHWA and UDOT will utilize a mutually established set of performance measures to evaluate UDOT's administration of its responsibilities under the Renewed MOU.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of July 2024.

*/s/ Brandon Weston*
Brandon Weston
Environmental Director for the Utah
Department of Transportation
*Permission to sign confirmed by email

# B. Weston Declaration Exhibit 1

**FIRST RENEWED MEMORANDUM OF UNDERSTANDING BETWEEN
THE FEDERAL HIGHWAY ADMINISTRATION AND THE
UTAH DEPARTMENT OF TRANSPORTATION CONCERNING
STATE OF UTAH'S PARTICIPATION IN THE SURFACE TRANSPORTATION PROJECT DELIVERY
PROGRAM PURSUANT TO 23 U.S.C. 327**

THIS FIRST RENEWED MEMORANDUM OF UNDERSTANDING (hereinafter "MOU") is entered into by and between the FEDERAL HIGHWAY ADMINISTRATION (hereinafter "FHWA"), an administration in the UNITED STATES DEPARTMENT OF TRANSPORTATION (hereinafter "USDOT"), and the State of Utah, acting by and through its UTAH DEPARTMENT OF TRANSPORTATION (hereinafter "UDOT"), and hereby provides as follows:

WITNESSETH

**Whereas**, Section 327 of Title 23 of the U.S. Code (U.S.C.) establishes the Surface Transportation Project Delivery Program (hereinafter "Project Delivery Program"), which allows the Secretary of the United States Department of Transportation (hereinafter "USDOT Secretary") to assign and States to assume the USDOT Secretary's responsibilities under the National Environmental Policy Act of 1969 (42 U.S.C. 4321, et seq.) (hereinafter "NEPA"), and all or part of the USDOT Secretary's responsibilities for environmental review, consultation, or other actions required under any other Federal environmental laws, with respect to highway, public transportation, railroad, and multimodal projects within the State; and

**Whereas**, 23 U.S.C. 327(b)(2) requires a State to submit an application in order to participate in the Program; and

**Whereas**, in a June 5, 2015 letter to the Federal Highway Administration's Utah Division Administrator, the State of Utah has expressed an interest in participating in the Program with respect to highway projects, and its legislature has enacted laws to allow the State to participate in the Program; and

**Whereas,** on October 7, 2015, prior to submittal of its application to FHWA, UDOT published notice of and solicited public comment on its intended application to the Program as required by 23 U.S.C. § 327(b)(3), and revised the application based on comments received; and

**Whereas,** on December 8, 2015, the State of Utah, acting by and through the UDOT, submitted its application to FHWA for participation in the Program with respect to highway projects; and

**Whereas,** on November 16, 2016, FHWA published a notice and provided an opportunity for comment on its preliminary decision to approve UDOT's request and solicited the views of other appropriate Federal agencies concerning UDOT's application as required by 23 U.S.C. 327(b)(5); and

**Whereas,** the USDOT Secretary, acting by and through FHWA pursuant to 49 C.F.R. 1.85(a)(3), has determined that UDOT's application meets all of the requirements of 23 U.S.C. 327 with respect to the Federal environmental laws and highway projects identified in this MOU; and

**Whereas,** on January 17, 2017, FHWA and UDOT entered into a Memorandum of Understanding (hereinafter "Original MOU") under which UDOT assumed and carried out the assigned duties and responsibilities of the USDOT Secretary under NEPA and other Federal environmental laws; and

**Whereas,** Section 13.1.1 of the Original MOU established a January 17, 2022, expiration date; and

**Whereas,** FHWA conducted audits as required by the Original MOU and 23 U.S.C. 327(g)(1)(B) during the State's participation in the Program; and

**Whereas,** FHWA has made the audit reports available to the public for comment through publication of notices in the Federal Register; and

**Whereas,** UDOT has also conducted self-assessment reports on its performance on the Program; and

**Whereas,** FHWA's audit reports are publicly available for inspection at https://www.environment.fhwa.dot.gov/nepa/program_assignment.aspx; and

**Whereas,** on January 12, 2021, UDOT notified FHWA of its intent to renew participation in the Program with respect to highway projects; and

**Whereas,** pursuant to 23 CFR 773.115(b), UDOT coordinated with FHWA to determine if significant changes have occurred or new assignment responsibilities would be sought that would warrant a statewide notice and comment opportunity prior to the State's submission of its application for renewal and supplemental information (hereinafter "Renewal Package"); and

**Whereas,** on April 12, 2021, after coordination between the agencies, FHWA determined that a statewide notice and comment opportunity was unnecessary prior to the State's submission of the Renewal Package; and

**Whereas,** pursuant to 23 U.S.C. 773.115(d), UDOT submitted its Renewal Package to FHWA on July 21, 2021 for approval to continue the assigned duties and responsibilities for highway projects pursuant to the Program; and

**Whereas**, on December 8, 2021, and April 14, 2022, FHWA sent letters to UDOT authorizing an extension of UDOT's assigned and assumed responsibilities under the 2017 MOU in accordance with 23 CFR 773.115(h) to allow the parties to complete the renewal process for this first renewal MOU. The letter sent on April 14, 2022 extended the term of the 2017 MOU to either May 31, 2022 or the effective date of this first renewal MOU, whichever is earlier; and

**Whereas,** on April 19, 2022, FHWA published a Federal Register Notice and provided an opportunity for comment on UDOT's renewal request and solicited the views of the public and other Federal agencies concerning UDOT's renewal request as required by 23 CFR 773.115(f); and

**Whereas,** the USDOT Secretary, acting by and through FHWA, has considered the Renewal Package, comments received because of the Federal Register Notice, auditing reports, and the State's overall performance in the Program as required by 23 CFR 773.115(g) and has determined that UDOT's Renewal Package meets all the requirements of 23 CFR part 773 and 23 U.S.C. 327; and

**Now, therefore,** FHWA and UDOT agree as follows:

## PART 1. PURPOSE OF MEMORANDUM OF UNDERSTANDING

**1.1     Purpose**

1.1.1    This MOU officially approves UDOT's request to renew participation in the Program and is the written agreement required pursuant to 23 U.S.C. 327(a)(2)(A) and (c) under which the USDOT Secretary may assign, and UDOT may assume, the responsibilities of the USDOT Secretary for Federal environmental laws with respect to one or more highway projects within the State of Utah. For purposes of this MOU, the term "highway project" will have the definition found at 23 C.F.R. 773.103.

1.1.2    The FHWA's decision to execute this MOU is based upon the information, representations, and commitments contained in UDOT's July 21, 2021 renewal package (hereinafter "Renewal Package"), the auditing and monitoring reports, and the State's overall performance in the program since January 17, 2017. This MOU incorporates by reference the Renewal Package. However, this MOU shall control to the extent there is any conflict between this MOU and the Renewal Package.

1.1.3    This MOU is effective as of January 18, 2022 (upon the expiration of the Original MOU on January 17, 2022) or this MOU's final execution date by both parties, whichever comes later) (hereinafter the "Effective Date").

1.1.4    This MOU does not supersede the existing MOU between FHWA and UDOT under which FHWA assigned its responsibilities to UDOT, pursuant to 23 U.S.C. 326, for determining whether certain projects qualify for categorical exclusions ("CEs") and assigned certain other responsibilities for those projects ("Section 326 MOU").  FHWA and UDOT initially executed the Section 326 MOU on July 1, 2008, and extended it for three (3) year periods on July 1, 2011, June 30, 2014, June 23, 2017, and June 22, 2020.

1.1.5    Pursuant to 23 U.S.C. §§ 327(c)(3)(B)-(C), and subpart 4.3 of this MOU, third parties may challenge UDOT's actions in carrying out environmental review responsibilities assigned under this MOU. Except as provided in 23 U.S.C. 327(c)(3)(B)-(C), and subpart 4.3 of this MOU, this MOU is not intended to, and does not, create any new right or benefit, substantive or procedural, enforceable at law or in equity by any third party against the State of Utah, its departments, agencies, or entities, its officers, employees, or agents.  This MOU is not intended to, and does not, create any new right or benefit, substantive or procedural, enforceable at law or in equity by any third party against the United States, its departments, agencies, or entities, its officers, employees, or agents.

### PART 2.  [RESERVED]

### PART 3.  ASSIGNMENTS AND ASSUMPTIONS OF RESPONSIBILITY

**3.1     Assignments and Assumptions of NEPA Responsibilities**

3.1.1    Pursuant to 23 U.S.C. 327(a)(2)(A), on the Effective Date, FHWA assigns, and UDOT assumes, subject to the terms and conditions set forth in 23 U.S.C. 327 and this MOU, all of the USDOT Secretary's responsibilities for compliance with the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. 4321 et seq. with respect to the highway projects specified under subpart 3.3. This assignment includes statutory provisions, regulations, executive orders, policies, and guidance related to the implementation of NEPA for highway projects such as 23 U.S.C. 139, 40 CFR parts 1500-1508, DOT Order 5610.1C, and 23 CFR part 771, as applicable.

3.1.2    On the cover page of each environmental assessment (EA), finding of no significant impact (FONSI), environmental impact statement (EIS), and record of decision (ROD) prepared under the authority granted by this MOU, and for any memorandum corresponding to any documented categorical exclusion (DCE) determination it makes under the terms of this MOU, UDOT will insert

the following language in a way that is conspicuous to the reader or include it in a DCE project record:

> "The environmental review, consultation, and other actions required by applicable Federal environmental laws for this project are being or have been carried-out by UDOT pursuant to 23 U.S.C. 327 and a Memorandum of Understanding dated [TO BE FILLED], and executed by FHWA and UDOT."

3.1.3    UDOT will disclose to the public and agencies as part of agency outreach and public involvement procedures, including any notice of intent or scoping meeting notice and public involvement during the scoping process, the disclosure in subpart 3.1.2 above.

**3.2     Assignments and Assumptions of Responsibilities to Comply with Federal Environmental Laws Other Than NEPA**

3.2.1    Pursuant to 23 U.S.C. 327(a)(2)(B), on the Effective Date, FHWA assigns and UDOT assumes, subject to the terms and conditions set forth in 23 U.S.C. 327 and this MOU, all of the USDOT Secretary's responsibilities for environmental review, reevaluation, consultation, or other action required or arising under the following Federal environmental laws  with respect to the review or approval of the highway projects specified in subpart 3.3:

Air Quality
- Clean Air Act (CAA), 42 U.S.C. §§ 7401–7671q, with the exception of any conformity determinations.

Noise
- Noise Control Act of 1972, 42 U.S.C. §§ 4901-4918
- Compliance with the noise regulations in 23 CFR  part 772

Wildlife
- Endangered Species Act of 1973, 16 U.S.C. §§ 1531–1544
- Fish and Wildlife Coordination Act, 16 U.S.C. §§ 661–667d
- Migratory Bird Treaty Act, 16 U.S.C. §§ 703–712
- Bald and Golden Eagle Protection Act, 16 U.S.C. 668-668d

Hazardous Materials Management
- Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601-9675
- Superfund Amendments and Reauthorization Act (SARA), 42 U.S.C. §§ 9671-9675
- Resource Conservation and Recovery Act (RCRA), 42 U.S.C. 6901-6992k

Historic and Cultural Resources
- National Historic Preservation Act of 1966, as amended, 54 U.S.C. § 306101, et seq.
- Archeological and Historic Preservation Act of 1966, as amended, 16 U.S.C. §§ 470aa–479mm
- Title 54, Chapter 3125—Preservation of Historical and Archeological Data, 54 U.S.C. §§ 312501-312508
- Native American Grave Protection and Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001–3013; 18 U.S.C. 1170

Social and Economic Impacts
- American Indian Religious Freedom Act, 42 U.S.C. § 1996
- Farmland Protection Policy Act (FPPA), 7 U.S.C. §§ 4201– 4209

Water Resources and Wetlands
- Clean Water Act, 33 U.S.C. §§ 1251–1387 (Section 401, 402, 404, 408, and Section 319)
- Safe Drinking Water Act (SDWA), 42 U.S.C. §§ 300f–300j–26
- Rivers and Harbors Act of 1899, 33 U.S.C. § 403
- Wild and Scenic Rivers Act, 16 U.S.C. §§ 1271–1287
- Emergency Wetlands Resources Act, 16 U.S.C. § 3921
- Wetlands Mitigation, 23 U.S.C. §§ 119(g), 133(b)(14)
- Flood Disaster Protection Act, 42 U.S.C. §§ 4001–4130
- General Bridge Act of 1946, 33 U.S.C. §§ 525–533
- FHWA wetland and natural habitat mitigation regulations, 23 CFR part 777

Parklands and Other Special Land Uses
- 23 U.S.C. § 138 and 49 U.S.C. § 303 (Section 4(f)) and implementing regulations at 23 C.F.R. part 774
- Land and Water Conservation Fund (LWCF) Act, 54 U.S.C. §§ 200302-200310

FHWA-Specific
- Planning and Environmental Linkages, 23 U.S.C. § 168, with the exception of those FHWA responsibilities associated with 23 U.S.C. §§ 134 and 135
- Programmatic Mitigation Plans, 23 U.S.C. § 169 with the exception of those FHWA responsibilities associated with 23 U.S.C. §§ 134 and 135

Executive Orders Relating to Highway Projects
- E.O. 11990, Protection of Wetlands
- E.O. 11988, Floodplain Management (except approving design standards and determinations that a significant encroachment is the only practicable alternative under 23 CFR sections 650.113 and 650.115)
- E.O. 12898, Federal Actions to Address Environmental Justice in Minority Populations and Low Income Populations
- E.O. 13112, Invasive Species, as amended by E.O. 13751, Safeguarding the Nation from the Impacts of Invasive Species
- E.O. 13985 - Advancing Racial Equity and Support for Underserved Communities Through the Federal Government
- E.O. 13990 - Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis
- E.O. 14008 - Tackling the Climate Crisis at Home and Abroad
- Other Executive Orders not listed, but related to highway projects

3.2.2    In accordance with 23 U.S.C. § 327(a)(2)(D), any FHWA environmental review responsibility not explicitly listed above and assumed by UDOT will remain the responsibility of FHWA unless the responsibility is added by written agreement of the parties through the amendment process established in Part 14 of this MOU and pursuant to 23 CFR 773.113(b). This provision will not be interpreted to abrogate UDOT's responsibilities to comply with the requirements of any Federal environmental law that apply directly to UDOT independent of FHWA's involvement (through Federal assistance or approval).

3.2.3    The USDOT Secretary's responsibilities for government-to-government consultation with Indian tribes, as defined in 36 C.F.R. 800.16(m), are not assigned to or assumed by UDOT under this MOU. The FHWA remains responsible for all government-to-government consultation, including initiation of government-to-government consultation consistent with Executive Order 13175 -

Consultation and Coordination with Tribal Governments, unless otherwise agreed as described in this Part. A notice from UDOT to an Indian tribe advising the tribe of a proposed activity is not considered "government-to-government consultation" within the meaning of this MOU. If a project-related concern or issue is raised in a government-to-government consultation process with an Indian tribe, as defined in 36 CFR 800.16(m), and is related to NEPA or another Federal environmental law for which UDOT has assumed responsibilities under this MOU, and either the Indian tribe or FHWA determines that the issue or concern will not be satisfactorily resolved by UDOT, then FHWA may withdraw the assignment of all or part of the responsibilities for processing the project. In this case, the provisions of subpart 9.1 concerning FHWA-initiated withdrawal of assignment will apply. This MOU is not intended to abrogate, or prevent future entry into, any agreement among UDOT, FHWA, and a tribe under which the tribe agrees to permit UDOT to administer government-to-government consultation activities for FHWA. However, such agreements are administrative in nature and do not relieve the FHWA of its legal responsibility for government-to-government consultation.

3.2.4    In accordance with 23 U.S.C. 327(a)(2)(B)(iv), nothing in this MOU will be construed to permit UDOT's assumption of the USDOT Secretary's responsibilities for conformity determinations required under Section 176 of the Clean Air Act (42 U.S.C. 7506) or any responsibility for the transportation planning process under 23 U.S.C. 134 or 135 and 49 U.S.C. 5303 or 5304.

3.2.5    On the cover page of each biological evaluation or assessment, historic properties or cultural resources report, section 4(f) evaluation, or other reports prepared under the authority granted by this MOU and distributed to other agencies or the public, UDOT will insert the following language in a way that is conspicuous to the reader:

> "The environmental review, consultation, and other actions required by applicable Federal environmental laws for this project are being, or have been, carried-out by UDOT pursuant to 23 U.S.C. § 327 and a Memorandum of Understanding dated [TO BE FILLED], and executed by FHWA and UDOT."

3.2.6    UDOT will continue to adhere to the terms of Biological Opinions (BOs) issued by the U.S. Fish and Wildlife Service (USFWS) prior to the effective date of this MOU, to the extent that the terms of that BO remain in effect. UDOT also will comply with any revisions or amendments to a BO made after the effective date of this MOU. UDOT will assume FHWA's environmental review role and responsibilities as identified in existing interagency agreements among UDOT, USFWS, and FHWA, such as the "Memorandum of Agreement Between State of Utah  Department of Transportation, United States Department of Transportation, Federal Highway Administration, Utah Division, and United States Department of the Interior Fish and Wildlife Service Utah Field Office for Streamlining of Informal Section 7 Consultation Under the Federal Endangered Species Act of 1973, as Amended (August 30, 2005" ("UDOT Section 7 MOU"), or negotiate new agreements with USFWS, if needed. UDOT will assume FHWA's ESA Section 7 responsibilities of consultations (formal and informal) ongoing as of the effective date of the MOU with respect to the highway projects for which FHWA responsibilities are assigned in Section 3.3.1.

3.2.7    UDOT will not make any determination that an action constitutes a constructive use of a publicly owned park, public recreation area, wildlife refuge, waterfowl refuge, or historic site under 49 U.S.C. 303/23 U.S.C. 138 (Section 4(f)) without first consulting with FHWA and obtaining FHWA's views on such determination. UDOT will provide FHWA thirty (30) calendar days to review and provide comment on any proposed constructive use determination. If FHWA raises an objection, then UDOT agrees not to proceed with a constructive use determination.

## 3.3    Highway Projects

3.3.1    Except as provided by subpart 3.3.2 below or otherwise specified in this subpart, the assignments and assumptions of the USDOT Secretary's responsibilities under subparts 3.1 and 3.2 above will

apply to the environmental review, consultation, or other action pertaining to the environmental review or approval of the following classes of highway projects located within the State of Utah. UDOT will be responsible for conducting any reevaluations required under 23 CFR § 771.129 for projects for which construction is not completed prior to the Effective Date of this and the Original MOU. Prior to approving any DCE determination, FONSI, final EIS, or final EIS/ROD, the State shall ensure and document that for any proposed project the design concept, scope, and funding are consistent with the current Transportation Improvement Plan (TIP), Regional Transportation Plan (RTP), or Metropolitan Transportation Plan (MTP) as applicable.

    A.      Highway projects within the State of Utah that are proposed to be funded with Title 23 funds or otherwise require FHWA approval, and that require preparation of an EIS or EA.

    B.      Highway projects qualifying for DCEs within the State of Utah, both on the State highway system and Local Assistance projects off the State highway system, that are proposed to be funded with Title 23 funds or that otherwise require FHWA approvals, and that do not qualify for assignment of responsibilities pursuant to the 23 U.S.C. 326 MOU, as renewed.

    C.      Projects funded by other Federal agencies (or projects without any Federal funding) that also require FHWA approvals.  For these projects, UDOT would not assume the NEPA responsibilities of other Federal agencies.  However, UDOT may use or adopt other Federal agencies' NEPA analyses consistent with 40 CFR  parts 1500–1508, and USDOT and FHWA regulations, policies, and guidance.

3.3.2    The following are specifically excluded from the list of highway projects in subpart 3.3.1, and therefore responsibility for these projects is retained by FHWA:

    A.      Any Federal Lands Highway and tribal transportation projects authorized under 23 U.S.C. 202, 203, 204 and Pub. L. 114–94, div. A, title I, §1123 (Dec. 4, 2015), unless such project will be designed and constructed by the State DOT.

    B.      Any highway project that crosses State boundaries.

    C.      Any Federal-aid highway project that may be designed and constructed by FHWA under a 23 U.S.C. 308 agreement between the FHWA Central Federal Lands Highway Division and UDOT.

## 3.4    Limitations

3.4.1    As provided at 23 U.S.C. § 327(e), UDOT will be solely responsible and solely liable for carrying out all of the responsibilities it has assumed under this MOU, in lieu of and without further approval of the USDOT Secretary.

3.4.2    As provided at 23 U.S.C. § 327(a)(2)(D), any highway project or responsibility of the USDOT Secretary that is not explicitly assumed by UDOT under subpart 3.3.1 in this MOU remains the responsibility of the USDOT Secretary.

## PART 4. CERTIFICATIONS AND ACCEPTANCE OF JURISDICTION

### 4.1 Certifications

4.1.1    UDOT hereby makes the following certifications in accordance with 23 U.S.C. § 327(c)(3)(C):

    A.      UDOT has the legal authority to accept all the assumptions of responsibility identified in Part 3 of this MOU;

    B.      UDOT has the legal authority to take all actions necessary to carry out all of the responsibilities it has assumed under this MOU;

C.      UDOT has the legal authority to execute this MOU;

D.      The State of Utah currently has laws in effect that are comparable to 5 U.S.C. 552, and those laws are located at Utah Code Title 63G Chapter 2 (the Government Records Access and Management Act, or "GRAMA"); and

E.      Any decision by a Utah state agency regarding the public availability of a document under GRAMA is reviewable by a Utah court of competent jurisdiction.

**4.2     State Commitment of Resources**

4.2.1    As provided at 23 U.S.C. § 327(c)(3)(D), UDOT will maintain the financial resources necessary to carry out the responsibilities it is assuming. UDOT' asserts, and the FHWA agrees, that the financial resources contained in the renewal package [July 21, 2021] appear to be adequate for this purpose. Should FHWA determine, after consultation with UDOT, that UDOT's financial resources are inadequate to carry out the USDOT Secretary's responsibilities, UDOT will take appropriate action to obtain the additional financial resources needed to carry out these responsibilities. If UDOT is unable to obtain the necessary additional financial resources, UDOT will inform FHWA, and this MOU will be amended to assign only the responsibilities that are commensurate with UDOT's financial resources.

4.2.2    UDOT will maintain adequate organizational and staff capability, including competent and qualified consultants or outside counsel where necessary or desirable, to effectively carry out the responsibilities it has assumed under this MOU. This includes, without limitation:

A.      Using appropriate environmental, technical, legal, and managerial expertise;

B.      Devoting adequate staff resources; and

C.      Demonstrating, in a consistent manner, the capacity to perform UDOT's assumed responsibilities under this MOU and applicable Federal laws.

Should FHWA determine, after consultation with UDOT, that UDOT's organizational and staff capability is inadequate to carry out the USDOT Secretary's responsibilities, UDOT will take appropriate action to obtain adequate organizational and staff capability to carry out these responsibilities. If UDOT is unable to obtain adequate organizational and staff capability, UDOT will inform FHWA, and the MOU will be amended to assign only the responsibilities that are commensurate with UDOT's available organizational and staff capability. Should UDOT choose to meet these requirements, in whole or in part, with consultant services, including outside counsel, UDOT will maintain on its staff an adequate number of trained and qualified personnel, including counsel, to oversee the consulting work.

4.2.3    The UDOT Deputy Director of Planning and Investment will serve as the Senior Agency Official. Consistent with 40 CFR 1508.1(dd), this position must be one that is equivalent to an Assistant Director of the State DOT or higher. Any changes to the title designation must be provided in writing to FHWA with a justification.

4.2.4    When carrying out the requirements of Section 106 of the National Historic Preservation Act, as amended, UDOT staff (including consultants) shall comply with 36 C.F.R. 800.2(a)(1), as appropriate. All actions that involve the identification, evaluation, analysis, recording, treatment, monitoring, or disposition of historic properties, or that involve the reporting or documentation of such actions in the form of reports, forms, or other records, shall be carried out by or under the direct supervision of a person or persons who meet the Secretary of Interior's Professional Qualification Standards (published at 48 FR 44738-39, Sept. 29, 1983). UDOT shall ensure that all documentation required under 36 C.F.R. 800.11 is reviewed and approved by a staff member or consultant who meets the Professional Qualification Standards.

**4.3      Federal Court Jurisdiction**

4.3.1    As provided at 23 U.S.C. 327(c)(3)(B), and pursuant to Section 72-1-207 of the Utah Code, UDOT hereby expressly consents, on behalf of the State of Utah, to accept the jurisdiction of the Federal courts for the compliance, discharge, and enforcement of any responsibility of the USDOT Secretary assumed by UDOT under this MOU. This consent to Federal court jurisdiction will remain valid after termination of this MOU, or FHWA's withdrawal of assignment of the USDOT Secretary's responsibilities for any decision or approval made by UDOT pursuant to an assumption of responsibility under this MOU. UDOT understands and agrees that, in accordance with 23 U.S.C. 327, this acceptance constitutes a waiver of the State of Utah's immunity under the Eleventh Amendment to the U.S. Constitution for the limited purposes of carrying out the USDOT Secretary's responsibilities that have been assumed under this MOU.


## PART 5. APPLICABILITY OF FEDERAL LAW

**5.1      Procedural and Substantive Requirements**

5.1.1    As provided at 23 U.S.C. 327(a)(2)(C), in assuming the USDOT Secretary's responsibilities under this MOU, UDOT will be subject to the same procedural and substantive requirements that apply to the USDOT Secretary in carrying out these responsibilities. Such procedural and substantive requirements include Federal statutes and regulations; Executive Orders issued by the President of the United States; USDOT Orders; Council on Environmental Quality (CEQ) Regulations for Implementing the Procedural Provisions of NEPA (40 CFR  parts 1500–1508); FHWA Orders; official guidance and policy issued by the CEQ, Office of Management and Budget (OMB), USDOT, or the FHWA (e.g., Guidance Establishing Metrics for the Permitting and Environmental Review of Infrastructure Projects); any applicable Federal court decisions; and, subject to subpart 5.1.4 below, interagency agreements such as programmatic agreements, memoranda of understanding, memoranda of agreement, and other similar documents that relate to the environmental review process (e.g., the 2015 Red Book – Synchronizing Environmental Reviews for Transportation and Other Infrastructure projects).

A. UDOT has reviewed the 2014 MOA between the US Coast Guard (USCG) and FHWA, and understands that by accepting FHWA's NEPA responsibilities, it also agrees to perform FHWA's obligations set forth in the MOU between the USDOT and the USCG, and the MOA between FHWA and the USCG.

5.1.2    USDOT Orders, FHWA Orders, official guidance and policies issued by the CEQ, USDOT, or the FHWA, and any applicable Federal court decisions apply equally to UDOT as they would to the USDOT Secretary. Official USDOT and FHWA formal guidance and policies relating to environmental review are posted on the FHWA's website, contained in the FHWA Environmental Guidebook, published in the Federal Register, or sent to UDOT electronically or in hard copy.

5.1.3    After the Effective Date of this MOU, FHWA will use its best efforts to ensure that any new or revised Federal policies and guidance that are final and applicable to FHWA's responsibilities under NEPA and other environmental laws that are assumed by UDOT under this MOU are communicated to UDOT within ten (10) calendar days of issuance. Delivery may be accomplished by e-mail, web posting (with email or mail to UDOT notifying of web posting), mail, or publication in the Federal Register (with email or mail to UDOT notifying of publication). If communicated to UDOT by e-mail or mail, such material will be sent to UDOT's Director of Environmental Services. In the event that a new or revised FHWA policy or guidance is not made available to UDOT as described in this section, and if UDOT had no actual knowledge of such policy or guidance, then a failure by UDOT to comply with such Federal policy or guidance will not be a basis for termination under this MOU.

5.1.4    UDOT will work with all other appropriate Federal agencies concerning the laws, guidance, and policies that such other Federal agencies are responsible for administering. For interagency

agreements that involve signatories in addition to FHWA and UDOT, FHWA and UDOT will contact the relevant third party or parties to determine whether any action should be taken with respect to such agreement. Such actions may include:

A.      Consulting with the third party to obtain written consent to the continuation of the interagency agreement in its existing form, but with the substitution through assignment of UDOT for FHWA; or

B.      Negotiating with the third party to amend the interagency agreement as needed so that the interagency agreement continues but that UDOT assumes FHWA's responsibilities.

If a third party does not agree to the assignment or amendment of the interagency agreement, then to the extent permitted by applicable law and regulation, UDOT will carry out the assumed environmental review, consultation, or other related activity in accordance with applicable laws and regulations but without the benefit of the provisions of the interagency agreement.

5.1.5   Upon termination of this MOU, FHWA and UDOT will contact the relevant third party to any interagency agreement and determine whether the interagency agreement should be amended or reinstated as it was on the effective date of this MOU.

**5.2      Rulemaking**

5.2.1   As provided at 23 U.S.C. 327(f), nothing in this MOU permits UDOT to assume any rulemaking authority of the USDOT Secretary. Additionally, nothing in this MOU permits UDOT to establish policy and guidance on behalf of the USDOT Secretary or FHWA. UDOT's authority to establish State regulations, policy, and guidance concerning the State environmental review of State highway projects shall not supersede applicable Federal environmental review regulations, policy, or guidance established by or applicable to the USDOT Secretary or FHWA.

**5.3      Effect of Assumption**

5.3.1   For purposes of carrying out the responsibilities assumed under this MOU, and subject to the limitations contained in 23 U.S.C. 327 and this MOU, UDOT will be deemed to be acting as FHWA with respect to the environmental review, consultation, and other action required under those responsibilities.

**5.4      Other Federal Agencies**

5.4.1   As provided at 23 U.S.C. 327(a)(2)(E), nothing in this MOU preempts or interferes with any power, jurisdiction, responsibility, or authority of an agency other than the USDOT (including FHWA), under applicable statutes and regulations with respect to a project.

**PART 6. LITIGATION**

**6.1      Responsibility and Liability**

6.1.1   As provided in 23 U.S.C. 327(e), UDOT shall be solely responsible and solely liable for carrying out all of the USDOT Secretary's responsibilities it has assumed under this MOU, in lieu of and without further approval of the USDOT Secretary. The FHWA and USDOT shall have no responsibility or liability for the performance of the responsibilities assumed by UDOT, including any decision or approval made by UDOT while participating in the Program.

**6.2      Litigation**

6.2.1   Nothing in this MOU affects the United States Department of Justice's (hereinafter "USDOJ") authority to litigate claims, including the authority to approve a settlement on behalf of the United States if either FHWA or another agency of the United States is named in such litigation, or if the United States intervenes pursuant to 23 U.S.C. 327(d)(3). In the event FHWA or any other Federal

agency is named in litigation related to matters under this MOU, or the United States intervenes in the litigation, UDOT agrees to coordinate with FHWA and any USDOJ or Federal agency attorneys in the defense of that action.

6.2.2   UDOT shall defend all claims brought against UDOT in connection with its discharge of any responsibility assumed under this MOU.  In the event of litigation, UDOT shall provide qualified and competent legal counsel, including outside counsel if necessary. UDOT shall provide the defense at its own expense, subject to 23 U.S.C. 327(a)(2)(G) concerning Federal-aid participation in attorney's fees for outside counsel hired by UDOT. UDOT shall be responsible for opposing party's attorney's fees and court costs if a court awards those costs to an opposing party, or in the event those costs are part of a settlement agreement.

6.2.3   UDOT will notify the FHWA's Utah Division Office and USDOJ's Assistant Attorney General for the Environment and Natural Resources Division, within seven (7) calendar days of UDOT's Legal Division's receipt of service of process of any complaint, concerning discharge of any responsibility assumed under this MOU. UDOT's notification to the FHWA and USDOJ shall be made prior to its response to the complaint. In addition, UDOT shall notify FHWA's Utah Division Office within seven (7) calendar days of receipt of any notice of intent to sue concerning its discharge of any responsibility assumed under this MOU.

6.2.4   UDOT will provide FHWA's Utah Division Office and USDOJ copies of any motions, pleadings briefs, or other such documents filed in any case concerning its discharge of any responsibility assumed under this MOU. UDOT will provide such copies to the FHWA and DOJ within seven (7) calendar days of service of any document, or in the case of any documents filed by or on behalf of UDOT, within seven (7) calendar days of the date of filing.

6.2.5   UDOT will notify the FHWA's Utah Division Office and USDOJ prior to settling any lawsuit, in whole or in part, and shall provide the FHWA and USDOJ with a reasonable amount of time of at least ten (10) calendar days, to be extended, if feasible based on the context of the lawsuit, up to a maximum of thirty (30) total calendar days, to review and comment on the proposed settlement. UDOT will not execute any settlement agreement until: (1) FHWA and USDOJ have provided comments on the proposed settlement; (2) FHWA and USDOJ have indicated that they will not provide comments on the proposed settlement; or (3) the review period has expired, whichever occurs first.

6.2.6   Within seven (7) calendar days of receipt by UDOT, UDOT will provide notice to FHWA's    Division Office and USDOJ of any court decision on the merits, judgment, and notice of appeal arising out of or relating to the responsibilities UDOT has assumed under this MOU. UDOT shall notify FHWA's Utah Division Office and USDOJ within five (5) days of filing a notice of appeal of a court decision. UDOT shall confer with FHWA and USDOJ regarding the appeal at least forty-five (45) days before filing an appeal brief in the case.

6.2.7   UDOT's notification to FHWA and USDOJ in subparts 6.2.3, 6.2.4, 6.2.5, and 6.2.6, shall be made by electronic mail to FHWA_assignment_lit@dot.gov    and NRSDOT.enrd@doj.gov, unless otherwise specified by FHWA and USDOJ. For copies of motions, pleadings, briefs, and other documents filed in a case, as identified in subpart 6.2.4, UDOT may opt to either send the materials to the email addresses identified above, send hardcopies to the mail address below, or add to the distribution list in the court's electronic filing system (e.g., PACER) the following two email addresses: FHWA_assignment_lit@dot.gov and efile_nrs.enrd@usdoj.gov. FHWA and USDOJ's comments under subpart 6.2.5 and 6.2.6 shall be made by electronic mail to nepa_assignment@utah.gov unless otherwise specified by UDOT.  In the event that regular mail is determined necessary, mail should be sent by overnight mail service to:

For USDOJ: Assistant Attorney General for the Environment and Natural Resources Division at 950 Pennsylvania Avenue, NW, Room 2143, Washington, DC 20530.

For FHWA: Division Administrator, FHWA Utah Division, 2520 West 4700 South, Suite 9, Salt Lake City, UT 84129.

For UDOT:  Director of Environmental Services, Utah Department of Transportation, 4501 South 2700 West, Salt Lake City, UT 84119.

**6.3    Conflict Resolution**

6.3.1    In discharging any of the USDOT Secretary's responsibilities under this MOU, UDOT agrees to comply with any applicable requirements of USDOT and FHWA statute, regulation, guidance or policy regarding conflict resolution. This includes the USDOT Secretary's responsibilities for issue resolution under 23 U.S.C. 139(h), with the exception of the USDOT Secretary's responsibilities under 23 U.S.C. 139(h)(7) regarding financial penalties.

6.3.2    UDOT agrees to follow 40 CFR part 1504 in the event of pre-decision referrals to CEQ for Federal actions determined to be environmentally unsatisfactory. UDOT also agrees to coordinate and work with CEQ on matters brought to CEQ with regards to the environmental review responsibilities for highway projects UDOT has assumed under this MOU.

6.3.3    Any provision of this MOU, or any portion of any provision, that is deemed to be illegal and/or unenforceable shall be severed from this MOU, without affecting the validity of the remainder of the MOU. In such event, all other provisions or parts of provisions of this MOU shall remain in full force and effect.

## PART 7. INVOLVEMENT WITH OTHER AGENCIES

**7.1    Coordination**

7.1.1    UDOT will seek early and appropriate coordination with all appropriate Federal, State, and local agencies in carrying out any of the responsibilities for highway projects assumed under this MOU.

7.2    **Processes and Procedures**

7.2.1    UDOT will ensure that it has appropriate processes and procedures in place that provide for proactive and timely consultation, coordination, and communication with all appropriate Federal agencies in order to carry out any of the responsibilities assumed under this MOU, including the submission of all environmental impact statements together with comments and responses to the Environmental Protection Agency as required at 40 C.F.R.  1506.10 and for EPA's review as required by Section 309 of the Clean Air Act.  These processes and procedures will be formally documented.  Such formal documentation may be in the form of an executed interagency agreement or in other such form as appropriate.

## PART 8. INVOLVEMENT WITH FHWA

**8.1    Generally**

**8.1.1**    Except as specifically provided otherwise in this MOU, FHWA will not provide any project-level assistance to UDOT in carrying out any of the responsibilities it has assumed under this MOU. Project-level assistance shall include any advice, consultation, or document review with respect to the discharge of such responsibility for a particular highway project.  However, project-level assistance does not include process or program-level assistance as provided in subpart 8.1.4, discussions concerning issues addressed in prior projects, interpretations of any applicable law contained in Title 23 U.S.C. or Title 49 U.S.C., interpretations of any FHWA or USDOT regulation, or interpretations of FHWA or USDOT policies or guidance.

8.1.2    The FHWA will not intervene, broker, act as intermediary, or be otherwise involved in any issue involving UDOT's consultation or coordination with another Federal agency with respect to UDOT's

discharge of any of the responsibilities assumed under this MOU for any particular highway project. However, the FHWA may attend meetings between UDOT and other Federal agencies and submit comments to UDOT and the other Federal agency in the following extraordinary circumstances:

A.     FHWA reasonably believes that UDOT is not in compliance with this MOU;

B.     FHWA determines that an issue between UDOT and the other Federal agency concerns emerging national policy issues under development by the USDOT; or

C.     Upon request by either UDOT or the other Federal agency and agreement by FHWA.

The FHWA will notify both UDOT and the relevant Federal agency prior to attending any meetings between UDOT and such other Federal agency.

8.1.3   Other Federal agencies may raise concerns regarding the compliance with this MOU by UDOT and may communicate these concerns to the FHWA. The FHWA will review the concerns and any information provided to FHWA by such other Federal agency. If, after reviewing these concerns, FHWA and such other Federal agency still have concerns regarding UDOT's compliance, FHWA will notify UDOT of the potential compliance issue and will work with both UDOT and the relevant Federal agency to resolve the issue and, if necessary, take appropriate action to ensure compliance with this MOU.

8.1.4   At UDOT's request, FHWA shall assist UDOT in evaluating its environmental program and developing or modifying any of its processes or procedures to carry out the responsibilities it has assumed under this MOU, including, but not limited to, emerging national policy issues and those processes and procedures concerning UDOT's consultation, coordination, and communication with other Federal agencies.

8.1.5   UDOT's obligations and responsibilities under 23 C.F.R.  1.5 are not altered in any way by executing this MOU.

**8.2     MOU Monitoring and Oversight**

8.2.1   Pursuant to 23 U.S.C. 327(h), the FHWA shall monitor and provide oversight over UDOT's performance in order to ensure UDOT's compliance with the MOU and all applicable Federal laws and policies, including environmental justice, and to evaluate whether UDOT is meeting its performance measures established pursuant to Part 10 of the MOU. The FHWA's monitoring program will consist of monitoring reviews, which will be coordinated with UDOT and take into account the FHWA Utah Division's annual risk assessments. UDOT agrees to comply with all requests from FHWA related to monitoring under this MOU that FHWA reasonably considers necessary to ensure that UDOT is adequately carrying out the responsibilities assigned to UDOT.

8.2.2   In order to minimize the impact of the monitoring reviews on UDOT's day-to-day project delivery workload, the FHWA and UDOT will coordinate when scheduling joint monitoring reviews. The FHWA will complete two monitoring reviews during the term of the MOU. The first monitoring review shall be conducted within two years of the last audit and the second monitoring review shall be within two years of the first monitoring review. The FHWA may conduct additional monitoring activities, if deemed necessary by FHWA. UDOT and the FHWA Utah Division Office will each designate a point of contact, who will be responsible for coordinating monitoring review schedules, requests for information and organizing meetings.

8.2.3   In order for FHWA to provide oversight and evaluate whether UDOT is meeting performance measures established pursuant to Part 10 of this MOU, UDOT will make project files, general administrative files pertaining to its discharge of the responsibilities it has assumed under this MOU reasonably available for inspection by FHWA at the files' locations (including, where applicable, through an electronic portal or website) upon reasonable notice, which is not less than five (5) business days. These files will include, but are not limited to, all letters and comments received

from governmental agencies, the public, and others with respect to UDOT's discharge of the responsibilities assumed under this MOU.  As used in this paragraph, the terms "project files" and "general administrative files" include only documents in the custody and control of UDOT (whether paper or electronic).  When requesting information subject to 23 U.S.C. 327(h), FHWA will provide the request to UDOT in writing, and the request will identify with reasonable specificity the information required and the reason such information is deemed necessary.  FHWA will also indicate in the request a deadline for the information to be provided. UDOT will, in good faith, work to ensure the information requested is provided by the deadline.  UDOT's response to an information request under this paragraph will include, where appropriate, making relevant employees and consultants available at their work location (including in-person meeting, teleconference, videoconference, or other electronic means as may be available).

8.2.4    In carrying out the responsibilities assumed under this MOU, UDOT will carry out regular quality control and quality assurance activities to ensure that the assumed responsibilities are being conducted in accordance with applicable law and this MOU. At a minimum, UDOT's quality control and quality assurance activities will include the review and monitoring of its processes and performance relating to project decisions, environmental analysis, including environmental justice, project file documentation, checking for errors and omissions, legal sufficiency reviews, and taking appropriate corrective action as needed.

8.2.5    UDOT will perform annual self-assessments of its QA/QC process and performance to determine whether its process is working as intended, to identify any areas needing improvements in the process, and to timely take any corrective actions necessary to address the areas needing improvement. Within 60 days following the end of the assessment period, UDOT will transmit a summary of its self-assessment(s) to the FHWA Utah Division Office.

8.2.6    Monitoring review reports, whether prepared by the FHWA or UDOT, shall include a description of the scope of the monitoring reviews, the compliance areas reviewed, a description of the monitoring process, and a list of areas identified as needing improvement. The joint reports shall identify any findings that require corrective actions and shall discuss corrective actions that have been or will be implemented.

8.2.9    Prior to making any monitoring review report available to the public, the FHWA will transmit to UDOT a draft of the report and allow UDOT at least 30 days to respond in writing. The FHWA will review the comments and revise the draft monitoring report, as appropriate.

8.2.10    UDOT will post the most recent FHWA monitoring report on the UDOT Environmental Services website to make them available to the public.

8.2.11    Annually from the Effective Date of this MOU, UDOT shall provide a report to the FHWA Utah Division Office listing any approvals and decisions UDOT has made with respect to the responsibilities UDOT has assumed under part 3 of this MOU. Further, in the report, UDOT will provide project names, locations, decisions, and any commitments related to mitigation for all analyses, including environmental justice analysis.

**8.3    Record Retention**

8.3.1    UDOT will retain, or cause to be maintained, project files and general administrative files pertaining to its discharge of the responsibilities it has assumed under this MOU in accordance with 2 C.F.R. 200.333 and the provisions below.

8.3.2    Except as noted below, UDOT will retain environmental project records for eight years following the signature date of a decision document.

A.    **Environmental Assessments and Environmental Impact Statements**
The following shall be retained as applicable:
- Signed draft environmental documents

- Signed final environmental documents, including the following:
  – Environmental re-evaluations
  - Section 7 Biological Opinion(s) and letter(s) of concurrence
  - Section 106 MOA
  - Air quality conformity determination
  – Section 4(f) de minimis finding(s) and/or evaluation
  - FONSI or Notice of Intent and ROD
- Final technical reports and Federal environmental permits, including environmental justice analysis, as applicable.

B.     **Documented Categorical Exclusions**
The following shall be retained:

- Signed DCE Determination form
- Final technical studies, including environmental justice analysis, as applicable
- Environmental permits, as applicable
- Environmental commitment record
- Environmental re-evaluation

8.3.3.   Nothing contained in this MOU is intended to relieve UDOT of its recordkeeping responsibilities under 2 CFR 200.333–200.337 (Record Retention and Access) or other applicable laws.

**8.4     Federal Register**

8.4.1   For any documents that are proposed by UDOT to be published in the *Federal Register*, such as the Notice of Intent under 23 C.F.R. 771.123(a) and Notice of Final Agency Action under 23 U.S.C. 139(*l*), UDOT will transmit such document to the FHWA's Utah Division Office.  FHWA will promptly submit such document to be published in the *Federal Register* on behalf of UDOT within five (5) calendar days of receipt of such document from UDOT. UDOT will, upon request by FHWA, reimburse FHWA for the expenses associated with publishing such documents in the *Federal Register* (excluding FHWA's overhead). If and when permitted by the operating procedures of the Government Printing Office and the Federal Register, UDOT will take over the procedures described above from the FHWA Utah Division Office.

8.5     Data and Information Requests

8.5.1   UDOT will provide data and information requested by FHWA and resource agencies for the preparation of national reports, and the Federal Permitting Dashboard, and other purposes to the extent that the information relates to determinations, findings, and proceedings associated with projects processed under this MOU. Such data and information requests may include but are not limited to:

A.   Information on the completion of and duration to complete environmental documentation for EIS, EA, and documented CE projects processed under this MOU;
B.   Archeology Reports requested by the National Park Service;
C.   Endangered Species Act Expenditure Reports requested by the U.S. Fish and Wildlife Service and the National Marine Fisheries Service;
D.   Project status and information for EAs and EISs for use on the searchable website maintained under section 41003(b) of the FAST Act [Fixing America's Surface Transportation Act, 42 U.S.C. § 4370m-2(b); 23 U.S.C. § 139(o)] (Federal Permitting Dashboard);
E.   NEPA Litigation Reports requested by CEQ;
F.   Environmental Conflict Resolution reports requested by the Office of Management and Budget and CEQ;
G.   Environmental information for all EAs and EISs subject to this MOU.  Such information shall include, but not be limited to, environmental justice information, including a summary of all known and potential environmental justice concerns, identified by project;

H.   Project status information for EAs and EISs for use on the searchable website maintained under section 41003(b) of the FAST Act [Fixing America's Surface Transportation Act, 42 U.S.C. 4370m-2(b) and 23 U.S.C. 139(o)] (Federal Permitting Dashboard) to be submitted in accordance with current and any future reporting standard issued by USDOT pursuant to such provisions; and

I.   Any such information that may be requested by the FHWA Administrator.

## 8.6    Conformity Determinations

8.6.1   Pursuant to 23 U.S.C. 327(a)(2)(B)(iv)(II), for any project requiring a project-level conformity determination under the Federal Clean Air Act and its implementing regulations, the FHWA's Utah Division Office will make the project level conformity determination. FHWA's Utah Division Office will restrict its review to data, analyses, applicable comments and responses, and other relevant documentation that enable FHWA to make the project-level conformity determination.

## 8.7    Certification of NEPA Compliance

8.7.1   For projects funded by FHWA, UDOT shall ensure that a certification is included with each NEPA approval specifying that UDOT has fully carried out all responsibilities assumed under this MOU in accordance with this MOU and applicable Federal laws, regulations, Executive Orders, and policies. UDOT shall ensure that this certification is made prior to the execution of any future Federal-aid approval or action. UDOT shall include the certification in its request for authority to proceed to final design, right-of-way acquisition, or construction. UDOT agrees to provide FHWA access to NEPA approvals and certifications.

## 8.8    Enforcement

8.8.1.   Should FHWA determine that UDOT is not in compliance with this MOU, then FHWA will take appropriate action to ensure UDOT's compliance, including implementing appropriate remedies provided at 23 CFR  1.36 for violations of or failure to comply with Federal law or the regulations at 23 CFR  with respect to a project, withdrawing assignment of any responsibilities that have been assumed as provided in Part 9 of this MOU, or terminating UDOT's participation in the Project Delivery Program as provided in Part 12 of this MOU.

## PART 9. WITHDRAWAL OF ASSIGNED RESPONSIBILITIES

## 9.1    FHWA-Initiated Withdrawal of Assigned Projects

9.1.1   The FHWA may, at any time, withdraw the assignment of all or part of the USDOT Secretary's responsibilities that have been assumed by UDOT under this MOU for any highway project or highway projects upon FHWA's determination that:

A.   With respect to that particular highway project or those particular highway projects, UDOT is not in compliance with a material term of this MOU or applicable Federal laws or policies, and, after been given reasonable notice and an opportunity to take corrective action, UDOT has not taken corrective action to the satisfaction of FHWA;

B.   The highway project or highway projects involve significant or unique national policy interests for which UDOT's assumption of the USDOT Secretary's responsibilities would be inappropriate, including instances where the FHWA receives a complaint under Title VI of the Civil Rights Act of 1964 involving a project that is subject to this MOU and the FHWA accepts the complaint for investigation or determines that the project may have significant negative community impacts; or

C.   UDOT cannot satisfactorily resolve an issue or concern raised in a government-to-government consultation process with an Indian tribe, as provided in subpart 3.2.3.

9.1.2    Upon the FHWA's preliminary determination to withdraw assignment of the USDOT Secretary's responsibilities under subpart 9.1.1, FHWA will notify UDOT of FHWA's determination. After notifying UDOT of its determination, FHWA will provide UDOT written notice of its determination including the reasons for its determination. Upon receipt of this notice, UDOT may submit any comments or objections to FHWA within thirty (30) calendar days, unless an extended period of time is agreed to by the FHWA. Upon receipt of UDOT's comments or objections, FHWA will make a final determination within thirty (30) calendar days, unless extended by FHWA for cause, and notify UDOT of its decision. In making its final determination, FHWA will consider UDOT's comments or objections, the effect the withdrawal of assignment will have on the Program, the amount of disruption to the project concerned, the effect on other projects, confusion the withdrawal of assignment may cause to the public, the potential burden to other Federal agencies, and the overall public interest.  Following its final determination, when FHWA withdraws assignment for any project or projects, FHWA will assume sole responsibility and liability for the decisions and approvals it has re-assumed for the project or projects based on such determination.  However, UDOT will remain responsible for other decisions and approvals for the project or projects, which FHWA has not reassumed responsibility or liability for, such as decisions and approvals beyond the scope of the USDOT Secretary's responsibilities under NEPA and related Federal environmental laws.

9.1.3    The FHWA will withdraw assignment of the responsibilities UDOT has assumed for any highway project when the preferred alternative that is identified in the environmental assessment or final environmental impact statement is a highway project that is specifically excluded in subpart 3.3.2. In such case, subpart 9.1.2 will not apply.

**9.2        UDOT-Initiated Withdrawal of Assignment of Projects**

9.2.1    UDOT may, at any time, request FHWA to withdraw all or part of the USDOT Secretary's responsibilities that UDOT has assumed under this MOU for any existing or future highway project or highway projects.

9.2.2    Upon UDOT's decision to request that FHWA withdraw the assignment of the USDOT Secretary's responsibilities under subpart 9.2.1, UDOT will informally notify FHWA of its desire for FHWA to withdraw assignment of its responsibilities. After informally notifying FHWA of its desire, UDOT will provide FHWA written notice of its desire, including the reasons for wanting FHWA to withdraw assignment of the responsibilities. Upon receipt of this notice, the FHWA will have 30 calendar days, unless extended by FHWA for cause, to determine whether it will withdraw assignment of the responsibilities requested. In making its determination, FHWA will consider the reasons UDOT desires FHWA to withdraw assignment of the responsibilities, the effect the withdrawal of assignment will have on the Program, amount of disruption to the project concerned, the effect on other projects, confusion the withdrawal of assignment may cause to the public, the potential burden to other Federal agencies, and the overall public interest.


# PART 10. PERFORMANCE MEASURES

**10.1      General**

10.1.1    Both FHWA and UDOT will continue to utilize a mutually established set of performance measures to evaluate UDOT's administration of its responsibilities under this MOU. With FHWA's review and consultation, UDOT may modify the performance measures, as needed.

10.1.2    UDOT will collect and maintain all necessary and appropriate data related to the attainment of the performance measures. In collecting this data, UDOT will monitor its progress toward meeting the performance measures and include its progress in the self-assessment summary provided under subpart 8.2.5 of this MOU. The summary will be made available to the FHWA as provided in subpart 8.2.5.

**10.2     Performance Measures**

10.2.1  The performance measures applicable to UDOT in carrying-out the responsibilities it has assumed under this MOU are as follows:

- Compliance with NEPA, the provisions of the NEPA Assignment MOU, and other Federal environmental statutes, regulations, executive orders, policy and guidance.
- Compliance with UDOT's environmental document policies and procedures as outlined in the UDOT Environmental Process Manual of Instruction
- Efficiency and timeliness in completion of the NEPA process
- Relationships with the general public as evaluated under the annual public survey
- Ensure meaningful public engagement, including with environment justice communities

## PART 11. TRAINING

11.1     The FHWA will provide UDOT available training, to the extent FHWA or UDOT deems necessary, in all appropriate areas with respect to the environmental responsibilities that UDOT has assumed. Such training may be provided by either FHWA or another Federal agency or other parties, as appropriate. UDOT will have all appropriate employees (including consultants hired for the purpose of carrying out the USDOT Secretary's responsibilities) attend such training.

11.2     UDOT will continue to implement training necessary to meet its environmental obligations under this Renewal Package. UDOT will consult with FHWA and other Federal agencies as deemed appropriate, to update its training plan annually. FHWA will remain available to aid in the training needs and development of training program elements.  UDOT will be responsible for the final development and implementation of its training program.

## PART 12. TERM, TERMINATION AND RENEWAL

**12.1     Term**

12.1.1  This MOU has a term of five (5) years from the Effective Date.

**12.2     Termination by the FHWA**

12.2.1  As provided at 23 U.S.C. 327(j)(1), FHWA may terminate UDOT's participation in the Program, in whole or in part, at any time subject to the procedural requirements in 23 U.S.C. 327 and subpart 12.2.2 below. Failure to adequately carry out the responsibilities may include, but not be limited to:

A.     Persistent neglect of, or noncompliance with, any Federal laws, regulations, and policies;
B.     Failure to cooperate with FHWA in conducting an audit or any oversight or monitoring activity;
C.     Failure to secure or maintain adequate personnel and financial resources to carry out the responsibilities assumed;
D.     Substantial noncompliance with this MOU; or
E.     Persistent failure to adequately consult, coordinate, and/or take the concerns of other Federal agencies, as well as SHPOs, into account in carrying out the responsibilities assumed.

12.2.2  If FHWA determines that UDOT is not adequately carrying out the responsibilities assigned to UDOT, then:

A.     The FHWA will provide to UDOT a written notification of its determination;

B.      The FHWA will provide UDOT a period of at least 120 calendar days to take such corrective action as the FHWA determines is necessary to comply with this MOU; and

C.      UDOT, after notification and the period provided under subpart 12.2.2(B), fails to take satisfactory corrective action, FHWA will provide notice to UDOT of its determination whether or not to implement the FHWA-initiated termination. Any responsibilities identified to be terminated in the notice that have been assumed by UDOT of this MOU will transfer to FHWA.

## 12.3    Termination by UDOT

12.3.1  UDOT may terminate its participation in the Program, in whole or in part, at any time by providing to FHWA a notice at least ninety (90) calendar days prior to the date that UDOT seeks to terminate its participation in this Program, and subject to such terms and conditions as FHWA may provide.

12.3.2. The Utah Legislature and Governor may, at any time, terminate UDOT's authority granted to participate in this Program. In that event, FHWA and UDOT will develop a plan to transition the responsibilities that UDOT has assumed back to FHWA so as to minimize disruption to projects, minimize confusion to the public, and minimize burdens to other affected Federal, State, and local agencies.  The plan will be approved by both FHWA and UDOT.

12.3.3. Any such withdrawal of assignment which FHWA and UDOT have agreed to under a transition plan will not be subject to the procedures or limitations provided for in Part 9 of this MOU and will be valid as agreed to in the transition plan.

## 12.4    Validity of UDOT Actions

12.4.1  Any environmental approvals made by UDOT pursuant to the responsibilities UDOT has assumed under this MOU will remain valid after termination of UDOT's participation in the Program or withdrawal of assignment by FHWA. As among the USDOT Secretary, FHWA and UDOT, UDOT will remain solely liable and solely responsible for any environmental approvals it makes pursuant to any of the responsibilities it has assumed while participating in the Program.

## 12.5    Renewal

This MOU is renewable in accordance with 23 U.S.C. 327 and implementing regulations, as in effect at the time of the renewal.

## PART 13. AMENDMENTS

## 13.1    Generally

13.1.1  This MOU may be amended at any time upon mutual agreement by both the FHWA and UDOT pursuant to 23 C.F.R.  773.113(b).

## 13.2    Additional Projects, Classes of Projects and Environmental Review Responsibilities

13.2.1 The FHWA may assign, and UDOT may assume, responsibility for additional projects, and additional environmental review responsibilities beyond those identified in Part 3 of this MOU by executing an amendment to this MOU.

13.2.2  Should UDOT decide to request this MOU be amended to add responsibility for additional projects or classes of projects, or additional environmental review responsibilities beyond those identified in Part 3 of this MOU, such request will be treated as an amendment to UDOT's original application that was submitted to FHWA pursuant to 23 U.S.C. 327(b) and 23 CFR part 773. In developing the application supplement, UDOT will identify the additional projects, classes of projects, and environmental review responsibilities it wishes to assume and make any appropriate adjustments

to the information contained in UDOT's Renewal Package, including the verification of personnel and financial resources.

## PART 14.  IMPLEMENTATION OF NONENVIRONMENTAL LAWS

**14.1    Generally**

14.1.1  It is recognized and understood that the FHWA remains responsible for implementing other laws, requirements and policies that are not assumed by UDOT under this MOU, or other MOUs and agreements, with respect to highway projects.  This includes, but is not limited to, laws, requirements and policies related to Interstate access, right-of-way (including advance acquisition of right-of-way), value engineering, design, and other areas related to such projects.  The FHWA's implementation of such laws, requirements and policies should be consistent with UDOT's analyses and decisions, if any, that are made pursuant to the responsibilities assumed under this MOU.

14.1.2   Nothing in the MOU prevents or otherwise limits the FHWA's ability to ask UDOT for information or clarification regarding any NEPA or other environmental decision or analysis made or conducted by UDOT under this MOU for any highway project.

14.1.3   The FHWA's requests for such information or clarification do not change UDOT's responsibility and liability for such decisions and analyses under this MOU.

14.1.4   Should FHWA determine that further action is necessary with respect to UDOT's compliance with the responsibilities it has assumed under this MOU, the FHWA may request that UDOT take appropriate action and will give UDOT a reasonable period of time to respond.  The FHWA may also take action to reassume responsibilities for such project if the FHWA deems appropriate as provided for under Part 9 of this MOU.

**14.2    Title VI of the Civil Rights Act of 1964**

14.2.1   Although Title VI is not part of NEPA, the public has the right to file a Title VI complaint.  The FHWA's responsibilities with respect to such complaints, as well as other issues related to Title VI compliance that have been identified by the FHWA, may require the FHWA to ask UDOT for information or clarification regarding any NEPA or environmental decision or analysis made or conducted by UDOT under this MOU for any highway project.

14.2.2   UDOT agrees to comply with all requests from FHWA related to monitoring under this MOU.  Title VI investigations involving highway projects subject to this MOU may result in additional monitoring in accordance with this MOU.

IN WITNESS THEREOF, the parties hereto have caused this MOU to be duly executed in duplicate as of the date of the last signature written below.

**FEDERAL HIGHWAY ADMINISTRATION**

By: _____    Dated: _05/26/2022_____

Stephanie Pollack
Acting Administrator
Federal Highway Administration


**STATE OF UTAH**
**Department of Transportation**

By: _____    Dated: _May 20, 2022_____

Carlos M. Braceras, P.E.
Executive Director