# Exhibit N
# Declaration of W. Watts

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**BISMARCK DIVISION**

| | |
|---|---|
| STATE OF IOWA, ET AL.<br><br>    Plaintiffs,<br><br> v.<br><br>COUNCIL ON ENVIRONMENAL QUALITY, ET AL.<br><br>    Defendants. | CASE NO. 1:24-cv-00089-DMT-CRH |

**DECLARATION OF WILLIAM N. WATTS, JR.**

1. My name is William N. Watts, Jr., I am over the age of 18 and am fully competent and duly authorized to make this declaration.

2. I serve as the Assistant Secretary of Engineering and Operations for the Florida Department of Transportation (FDOT), an executive agency of the State of Florida.

3. I am a licensed professional engineer registered in the State of Florida, with more than 24 years of experience in the transportation industry.

4. In my capacity as the Assistant Secretary, I oversee numerous program areas critical to the delivery of Florida's state transportation program, including the Offices of Environmental Management, Safety, Design, Traffic Operations, Program Management, Construction, Materials, Maintenance, Right of Way, Emergency Management and Chief Engineer.

5. The mission of FDOT is to provide a safe statewide transportation system that promotes the efficient movement of people and goods, supports the state's economic

competitiveness, prioritizes Florida's environment and natural resources, and preserves the quality of life and connectedness of the state's communities.

6.    The unique nature of the Sunshine State and its year-round warm climate and large population requires that Florida be able to move people and goods in a safe and efficient manner through multiple modes including highways/streets, air, rail, sea, spaceports, transit, and the ever-expanding deployment of bicycle & pedestrian facilities.

7.    FDOT manages approximately 123,652 centerline miles of public roads, 12,121 centerline miles of State Highways, and 4,351 centerline miles of Strategic Intermodal System, as well as almost 7,500 miles of bicycle facilities and over 3,500 miles of pedestrian facilities. *Florida Moves: Annual Report 2021/2022*, FDOT at 9 - 10, https://online.flippingbook.com/view/7637116/ (last accessed July 23, 2024). Florida is home to 22 million residents and welcomes more than 122 million visitors each year who collectively drive more than 332 million vehicle miles per day on the state highway system. *Id.*

8.    FDOT is committed to building and maintaining a transportation system that not only fits the current needs of Florida's residents and visitors but also enhances mobility throughout the state to accommodate its consistent and rapid growth.

9.    The majority of FDOT projects have a federal nexus by virtue of funding and/or permitting, thus requiring review under the National Environmental Policy Act (NEPA**)** of 1969, Title 42 U.S.C. §4321, *et seq*. FDOT routinely prepares NEPA documentation analyzing the effects of its projects on the natural, human, and physical environment as part of the development and delivery of Florida's transportation infrastructure improvements.

10.    FDOT has adopted a process for complying with NEPA as outlined in its two-volume Project Development and Environment (PD&E) Manual detailing FDOT's environmental

review process, including documentation, consultation and coordination requirements with federal and state agencies, tribal nations and robust public engagement. FDOT refers to this as the PD&E phase which culminates in a PD&E study for a given project.

11.    Since December 14, 2016, FDOT has, pursuant to 23 United States Code (U.S.C.) §327, assumed Federal Highway Administration's (FHWA's) responsibilities under the National Environmental Policy Act (NEPA) for highway projects and roadway projects in Florida whose source of federal funding comes from FHWA, or which constitute a federal action through FHWA. This assumption, known as NEPA Assignment, includes responsibilities for environmental review, interagency consultation and other regulatory compliance-related actions pertaining to the review or approval of NEPA projects. A true and correct copy of the Memorandum of Understanding regarding Florida's current NEPA Assignment is attached as Exhibit 1 to this declaration.

12.    As part of NEPA Assignment, FDOT has assumed FHWA's role as the Lead Federal Agency, with approval authority for federally funded projects residing in FDOT's Office of Environmental Management. FDOT currently has 102 active PD&E studies.

13.     These PD&E projects are critical to Florida's transportation infrastructure, including pending studies for highway capacity and congestion relief projects, critical bridge repair and replacement projects, regional trail and safety projects, as well as multiple wildlife crossing projects for the protection of the endangered Florida panther.  To support delivery of these projects, FDOT's current five-year work program is $65.5 billion.

14.    FDOT depends upon the timely approval of its environmental documents (NEPA Analysis/PD&E Studies) to advance projects to the next transportation development phase, maintain project funding and deliver projects on schedule, all while meeting applicable environmental requirements.

15.     If FDOT is required to expand the scope of its analysis and/or engage in duplicative public engagement, FDOT will incur new expenses that have not been budgeted and projects will undoubtedly experience delays. Additionally, based upon FDOT's existing comprehensive analysis and public outreach, this "updating" of project information mandated by the CEQ's Phase 2 Rule can lead to public confusion and wariness given lack of project certainty.

16.     The CEQ Phase 2 Rule will also impact FDOT projects that are in the process of seeking other Federal approvals. Projects with pending NEPA approvals, as well as those in the re-evaluation phase, may have to undertake supplemental analysis requiring additional staff and consultant hours, resulting in postponement of project delivery.  Further, preparing additional or updated NEPA documentation will trigger additional agency reviews and re-noticing of FDOT projects, as well as the potential re-noticing of public hearings, resulting in costly project delays and potential duplication of efforts.

17.     As part of providing transportation infrastructure improvement projects to the State of Florida, FDOT regularly coordinates with and receives authorizations from the United States Army Corps of Engineers (USACE), United States Fish & Wildlife Service, National Marine Fisheries Service, United States Coast Guard and the Advisory Council on Historic Preservation. FDOT also engages in consultation with the six federally recognized Tribes with cultural associations and interests in Florida, primarily through contact with the Tribal government and the Tribal historic preservation officials (THPO).

18.     FDOT presently has twenty-five Section 404 applications pending before the USACE for processing, nine of which are standard (individual) permits requiring the USACE to prepare Environmental Assessments and Statement of Findings.  All of these projects are on a critical path due to their priority status as critical transportation projects, ability to provide

congestion relief and/or quickly approaching letting dates. The projects total a collective estimated construction cost of $1.2 billion.

19.     In addition to the cost and delays associated with augmenting NEPA analysis and the associated NEPA review by the lead agency, federal permitting agencies will similarly need to expand their analysis and review of pending projects to meet the new rule requirements leading to even greater delays in process and consequentially delaying the delivery of FDOT's essential transportation infrastructure projects.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.  Executed on 07/25/2024 | 10:40 PM EDT _____.

_____
William N. Watts, Jr., P.E.
Assistant Secretary of Engineering and Operations
Florida Department of Transportation
605 Suwannee Boulevard
Tallahassee, FL 32399

# W. Watts Declaration Exhibit 1

**FIRST RENEWAL OF THE MEMORANDUM OF UNDERSTANDING BETWEEN
THE FEDERAL HIGHWAY ADMINISTRATION AND THE
FLORIDA DEPARTMENT OF TRANSPORTATION CONCERNING THE
STATE OF FLORIDA'S PARTICIPATION IN THE SURFACE TRANSPORTATION PROJECT DELIVERY
PROGRAM PURSUANT TO 23 U.S.C. § 327**

THIS FIRST RENEWAL OF THE MEMORANDUM OF UNDERSTANDING (hereinafter "MOU") is entered into by and between the FEDERAL HIGHWAY ADMINISTRATION (hereinafter "FHWA"), an administration in the UNITED STATES DEPARTMENT OF TRANSPORTATION (hereinafter "USDOT"), and the STATE OF FLORIDA, acting by and through its FLORIDA DEPARTMENT OF TRANSPORTATION (hereinafter "FDOT"), to continue the State of Florida's participation in the Surface Transportation Project Delivery Program pursuant to 23 U.S.C. §327 and provides as follows:

WITNESSETH

**Whereas**, Section 327 of Title 23 of the United States Code (U.S.C.) establishes the Surface Transportation Project Delivery Program (hereinafter "Program") that allows the Secretary of the United States Department of Transportation (hereinafter "USDOT Secretary") to assign and States to assume the USDOT Secretary's responsibilities under the National Environmental Policy Act of 1969, 42 U.S.C. § 4321, et seq. hereinafter "NEPA," and all or part of the USDOT Secretary's responsibilities for environmental review, consultation, or other actions required by Federal environmental laws with respect to highway, public transportation, railroad, and multimodal projects within the state; and

**Whereas**, 23 U.S.C. § 327(b)(2) requires a State to submit an application in order to participate in the Program; and

**Whereas**, on April 15, 2016, prior to submittal of its application to FHWA seeking assignment of all classes of highway projects, FDOT published notice of and solicited public comment on its draft application to participate in the Program as required by 23 U.S.C. § 327(b)(3), and addressed the comments received as appropriate; and

**Whereas**, in preparation for participation in the Program, the Florida Legislature passed House Bill 7027, which was signed into law by the Governor on April 4, 2016, as Chapter 2016-181, Laws of Florida, authorizing the State to participate in the Program and providing a waiver of sovereign immunity to civil suit in federal court related to actions under the Program; and

**Whereas**, on May 31, 2016, the State of Florida, acting by and through FDOT, submitted an application to FHWA with respect to all classes of highway projects in the State of Florida; and

**Whereas**, on November 1, 2016, FHWA published a notice in the *Federal Register* inviting comment on its preliminary decision to approve FDOT's application and solicited the views of other appropriate Federal agencies concerning FDOT's application as required by 23 U.S.C. § 327(b)(5); and

**Whereas**, the USDOT Secretary, acting by and through FHWA pursuant to 49 CFR 1.85(a)(3), determined that FDOT's application met the requirements of 23 U.S.C. § 327 for participation in the Program with respect to FHWA's assignment of its NEPA responsibilities including related Federal environmental laws for all classes of highway projects; and.

**Whereas**, on December 14, 2016, FHWA and the State of Florida, acting by and through FDOT, jointly executed a Memorandum of Understanding (hereinafter "2016 MOU") under which FHWA assigned and FDOT assumed the duties and responsibilities of the USDOT Secretary under NEPA and other related Federal environmental laws for all classes of highway projects with limited exceptions defined in the 2016 MOU (and as discussed in Section 3.3, Highway Projects below); and

**Whereas,** consistent with 23 U.S.C. § 327(c)(5) and sub-part 13.1.1 of the 2016 MOU, a five-year term was established, with the applicable expiration date being December 14, 2021; and

**Whereas**, in implementing its Program, FDOT conducted self-assessments and generated annual reports with respect to its performance; and

**Whereas,** FHWA conducted audits, as required by Part 11 of the 2016 MOU and 23 U.S.C. § 327(g)(1)(B), during the first four years of the State's participation in the Program; and

**Whereas**, the FHWA audit reports were available to the public for comment through publication of notices in the Federal Register; and

**Whereas**, FDOT first notified FHWA of its intent to renew participation in the Program with respect to highway projects during the audit closeout meeting on September 25, 2020, and subsequently verbally confirmed this intent with the FHWA Florida Division office on November 18, 2020; and

**Whereas,** the laws of the State of Florida, section 334.044(34), Florida Statutes (2020), continue to authorize the State, by and through FDOT, to participate in the Program; and

**Whereas,** pursuant to sub-part 13.5.1(B) of the 2016 MOU and 23 CFR 773.115(b), FDOT coordinated with FHWA to determine if significant changes to the Program have occurred or new assignment responsibilities would be sought that would warrant a statewide notice and comment opportunity prior to the State's submission of its application for renewal and supplemental information (hereinafter "Renewal Package"); and

**Whereas,** on January 21, 2021, during a coordination meeting between the agencies, FHWA provided a preliminary determination under 23 CFR 773.115(b) that a statewide notice and comment opportunity was unnecessary prior to the State's submission of its Renewal Package. FHWA subsequently memorialized this determination in a letter dated May 15, 2021; and

**Whereas,** pursuant to sub-part 13.5.1(D) of the 2016 MOU and 23 CFR 773.115(d), FDOT submitted its Renewal Package to FHWA on May 12, 2021, for approval to continue the assigned duties and responsibilities for highway projects pursuant to the Program; and

**Whereas**, on December 8, 2021, and April 14, 2022, FHWA sent letters to FDOT extending the term of the 2016 MOU in accordance with 23 CFR 773.115(h) to allow the parties to complete renewal process for this first renewal MOU. The letter sent on April 14, 2022 extended the term of the 2016 MOU to either May 31, 2022 or the effective date of this first renewal MOU, whichever is earlier.

**Whereas,** on April 19, 2022, FHWA published a *Federal Register* notice soliciting public comment on FDOT's renewal request as required by 23 CFR 773.115(f); and

**Whereas,** the USDOT Secretary, acting by and through FHWA, has considered the Renewal Package, comments received as a result of the *Federal Register* notice, auditing reports, and the State's overall performance in the Program, as required by 23 CFR 773.115(g), and has determined that FDOT's Renewal Package meets all of the necessary requirements of 23 CFR part 773 and 23 U.S.C. § 327 to support FDOT's continued participation in the Program.

**Now, therefore**, FHWA and FDOT agree as follows:

## PART 1. PURPOSE OF MEMORANDUM OF UNDERSTANDING

### 1.1    Purpose

1.1.1    This MOU officially approves FDOT's request to renew participation in the Program and is the written agreement required by 23 U.S.C. § 327(a)(2)(A) and (c) under which the USDOT Secretary may assign, and FDOT may assume, the responsibilities of the USDOT Secretary for Federal environmental laws with respect to one or more highway projects within the State of Florida.

1.1.2   The FHWA's decision to execute this MOU is based upon the information, representations, and commitments contained in FDOT's Renewal Package transmitted to FHWA on May 12, 2021, the auditing reports, consideration of comments received during the renewal comment period, and the State's overall performance in the Program since December 14, 2016. This MOU incorporates the May 12, 2021 Renewal Package. However, to the extent there is any conflict between this MOU and the Renewal Package, this MOU shall control. Any provision of this MOU, or any portion of any provision, that is deemed to be illegal and/or unenforceable shall be severed from this MOU, without affecting the validity of the remainder of the MOU. In such event, all other provisions or parts of provisions of this MOU shall remain in full force and effect.

1.1.3   This MOU is effective upon final execution by both parties (hereinafter the "Effective Date").

1.1.4   The Programmatic Agreement for Categorical Exclusions entered into between FDOT and FHWA on October 30, 2015, previously suspended by the Initial MOU, has now expired effective October 30, 2020.

1.1.5   Pursuant to 23 U.S.C. §§ 327(c)(3)(B) and § 327(c)(3)(C), and subpart 4.3 of this MOU, third parties may challenge FDOT's action in carrying out environmental review responsibilities assigned under this MOU. Otherwise, this MOU is not intended to, and does not, create any new right or benefit, substantive or procedural, enforceable at law or in equity by any party against the State of Florida, its departments, agencies, or entities, its officers, employees, or agents. This MOU is not intended to, and does not, create any new right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents.

## PART 2. [RESERVED]

## PART 3. ASSIGNMENTS AND ASSUMPTIONS OF RESPONSIBILITY

**3.1   Assignments and Assumptions of NEPA Responsibilities**

3.1.1   On the Effective Date of this MOU FHWA and FDOT renew their participation in the Program and, pursuant to 23 U.S.C. § 327(a)(2)(A), FHWA assigns, and FDOT assumes, subject to the terms and conditions set forth in 23 U.S.C. § 327 and this MOU, all of the USDOT Secretary's responsibilities for compliance with the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. § 4321 et seq., with respect to the highway projects specified under subpart 3.3. This includes statutory provisions, regulations, policies and guidance related to the implementation of NEPA for highway projects, 23 U.S.C. § 139, 40 CFR parts 1500-1508, DOT Order 5610.1C, and 23 CFR part 771, as applicable.

3.1.2   On the cover page of each Environmental Assessment (EA), Finding of No Significant Impact (FONSI), Environmental Impact Statement (EIS), Record of Decision (ROD), and Final EIS (FEIS)/ROD prepared under the authority granted by this MOU, and for memoranda corresponding to any Categorical Exclusion (CE) determination it makes, FDOT shall insert the following language in a way that is conspicuous to the reader or include it in a CE project record:

> The environmental review, consultation, and other actions required by applicable Federal environmental laws for this project are being, or have been, carried out by FDOT pursuant to 23 U.S.C. § 327 and a Memorandum of Understanding dated [INSERT DATE], and executed by FHWA and FDOT.

3.1.3   FDOT shall disclose to the public and agencies as part of agency outreach and public involvement procedures, including any Notice of Intent or scoping meeting notice, the disclosure in subpart 3.1.2 above.

**3.2   Assignments and Assumptions of Responsibilities to Comply with Federal Laws Other Than NEPA**

3.2.1   Pursuant to 23 U.S.C. § 327(a)(2)(B), on the Effective Date of this MOU, FHWA assigns and FDOT assumes, subject to the terms and conditions set forth in this MOU, all of the USDOT Secretary's responsibilities for environmental review, reevaluation, consultation, or other action pertaining to the

review or approval of highway projects specified under subpart 3.3 of this MOU, required under the following federal environmental laws:

Air Quality

- Clean Air Act, 42 U.S.C. §§ 7401-7671q, with the exception of project level conformity determinations (42 U.S.C. 7506)

Noise

- Noise Control Act of 1972, 42 U.S.C. §§ 4901-4918

- FHWA noise regulations at 23 CFR part 772

- Airport Noise and Capacity Act of 1990, 49 U.S.C. §§ 47521-47534

Wildlife

- Endangered Species Act of 1973, 16 U.S.C. §§ 1531-1544

- Marine Mammal Protection Act, 16 U.S.C. §§ 1361-1423h

- Anadromous Fish Conservation Act, 16 U.S.C. §§ 757a-757f

- Fish and Wildlife Coordination Act, 16 U.S.C. §§ 661-667d

- Migratory Bird Treaty Act, 16 U.S.C. §§ 703-712

- Bald and Golden Eagle Protection Act, 16 U.S.C. §§ 668-668d

- Magnuson-Stevens Fishery Conservation and Management Act of 1976, as amended, 16 U.S.C. §§ 1801-1891d, with Essential Fish Habitat requirements at 16 U.S.C. § 1855(b)(2)

Hazardous Materials Management

- Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601-9675

- Superfund Amendments and Reauthorization Act (SARA), 42 U.S.C. §§ 9671-9675

- Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6901-6992k

Historic and Cultural Resources

- National Historic Preservation Act of 1966, as amended, 54 U.S.C. § 306101 et seq.

- 23 U.S.C. § 138 and Section 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. § 303 and implementing regulations at 23 CFR part 774

- Preservation of Historical and Archaeological Data, 54 U.S.C. §§ 312501-312508

- Archeological Resources Protection Act of 1979, 16 U.S.C. §§ 470(aa)-(mm)

- Native American Grave Protection and Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001-3013; 18 U.S.C. § 1170

Social and Economic Impacts

- American Indian Religious Freedom Act, 42 U.S.C. § 1996

- Farmland Protection Policy Act (FPPA), 7 U.S.C. §§ 4201-4209

Water Resources and Wetlands

- Clean Water Act, 33 U.S.C. §§ 1251-1387 (Sections 319, 401, and 404)

- Coastal Barrier Resources Act, 16 U.S.C. §§ 3501-3510

- Coastal Zone Management Act, 16 U.S.C. §§ 1451-1466

- Safe Drinking Water Act (SDWA), 42 U.S.C. §§ 300f-300j-26

- Rivers and Harbors Act of 1899, 33 U.S.C. §§ 403

- Wild and Scenic Rivers Act, 16 U.S.C. §§ 1271-1287

- Emergency Wetlands Resources Act, 16 U.S.C. § 3901 and § 3921

- Wetlands Mitigation, 23 U.S.C. § 119(g) and § 133(b)(14)

- Flood Disaster Protection Act, 42 U.S.C. §§ 4001-4130

- FHWA wetland and natural habitat mitigation regulations, 23 CFR part 777

Parklands and Other Special Land Uses

- Section 4(f) of the Department of Transportation Act of 1966, 23 U.S.C. § 138, 49 U.S.C. § 303 and implementing regulations at 23 CFR part 774

- Land and Water Conservation Fund (LWCF) Act, 54 U.S.C. §§ 200302-200310

FHWA-Specific

- Environmental Impact and Related Procedures, 23 CFR part 771

- Planning and Environmental Linkages, 23 U.S.C. § 168, with the exception of those FHWA responsibilities associated with 23 U.S.C. §§ 134 and 135

- Efficient Project Reviews for Environmental Decision Making 23 U.S.C. § 139

- Programmatic Mitigation Plans, 23 U.S.C. § 169 with the exception of those FHWA responsibilities associated with 23 U.S.C. §§ 134 and 135

Executive Orders (E.O.) Relating to Highway Projects

- E.O. 11988, Floodplain Management, *(except design matters and determinations that significant encroachment is the only practicable alternative under 23 CFR parts 625 and 650).*

- E.O. 11990, Protection of Wetlands

- E.O. 12898, Federal Actions to Address Environmental Justice in Minority Populations and Low Income Populations

- E.O. 13112, Invasive Species

- E.O. 13985, Advancing Racial Equity and Support for Underserved Communities Through the Federal Government

- E.O. 13990, Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis

- E.O. 14008, Tackling the Climate Crisis at Home and Abroad

- Other Executive Orders not listed, but related to highway projects

3.2.2    In accordance with 23 U.S.C. 327(a)(2)(D), any FHWA environmental review responsibility not explicitly listed above and assumed by FDOT shall remain the responsibility of FHWA unless the responsibility is added by written agreement of the parties through the amendment process established in Part 14 of this MOU and pursuant to 23 CFR 773.113(b). This provision shall not be interpreted to abrogate FDOT's responsibilities to comply with the requirements of any federal environmental laws that apply directly to FDOT independent of FHWA's involvement (through federal assistance or approval).

3.2.3    The USDOT Secretary's responsibilities for government-to-government consultation with Indian tribes, as defined in 36 CFR 800.16(m), are not assigned to or assumed by FDOT under this MOU per 23 C.F.R § 773.105(b)(4). The FHWA remains responsible for government-to-government consultation, including initiation of government to government consultation, unless otherwise agreed as described below. A notice from FDOT to an Indian tribe advising the tribe of a proposed activity is not considered "government-to-government consultation" within the meaning of this MOU. If a project-related concern or issue is raised in a government-to-government consultation process with an Indian tribe, as defined in 36 CFR 800.16(m), and is related to NEPA or another federal law for which FDOT has assumed responsibilities under this MOU, and either the Indian tribe or FHWA determines that the issue or concern will not be satisfactorily resolved by FDOT, then FHWA may withdraw the assignment of all or that part of the responsibilities for processing the project. In this case, the provisions of subpart 9.1 of this MOU concerning FHWA initiated withdrawal of an assigned project or part of an assigned project will apply.

This MOU is not intended to abrogate or prevent future entry into an agreement among FDOT, FHWA, and a tribe under which the tribe agrees to allow FDOT to administer government-to-government consultation activities for FHWA. However, such agreements are administrative in nature and do not relieve the FHWA of its legal responsibility for government-to-government consultation.

3.2.4    In accordance with 23 U.S.C. 327(a)(2)(B)(iv), nothing in this MOU shall be construed to allow FDOT's assumption of the USDOT Secretary's responsibilities for conformity determinations required by Section 176 of the Clean Air Act (42 U.S.C. § 7506) or any responsibility under 23 U.S.C. § 134 or § 135, or under 49 U.S.C. § 5303 or § 5304

3.2.5    On the cover page of each biological evaluation or assessment, historic properties or cultural resources report, Section 4(f) evaluation, or other analyses prepared under the authority granted by this MOU, FDOT shall insert the following language in a way that is conspicuous to the reader or include in the project record:

> The environmental review, consultation, and other actions required by applicable Federal environmental laws for this project are being, or have been, carried out by FDOT pursuant to 23 U.S.C. § 327 and a Memorandum of Understanding dated [INSERT DATE] and executed by FHWA and FDOT.

3.2.6    FDOT shall disclose to the public and agencies, as part of agency outreach and public involvement procedures, the disclosure in subpart 3.2.5 of this MOU.

3.2.7  FDOT will continue to adhere to the original terms of Biological Opinions (BOs) issued by the U.S. Fish and Wildlife Service (USFWS) or National Marine Fisheries Services (NMFS) or both prior to the Effective Date of this MOU, so long as the original BO terms are not amended or revised. Any revisions or amendments to a BO made after the effective date of this MOU would be FDOT's responsibility. FDOT agrees to assume FHWA's environmental review role and responsibilities as identified in existing interagency agreements among FDOT, USFWS, NMFS and FHWA, and/or negotiate new agreements with USFWS and NMFS, if needed. FDOT agrees to assume FHWA's Endangered Species Act Section 7 responsibilities of consultations (formal and informal) ongoing as of the Effective Date of this MOU and will be responsible for future consultations after the Effective Date of this MOU.

3.2.8  FDOT will not make any determination that an action constitutes a constructive use of a publicly owned park, public recreation area, wildlife refuge, waterfowl refuge, or historic site under 49 U.S.C. § 303 /23 U.S.C. § 138 [Section 4(f)] without first consulting with FHWA and obtaining FHWA's approval of such determination.

## 3.3   Highway Projects

3.3.1  Except as provided in subpart 3.3.2 of this MOU or otherwise specified in this subpart, the assignments and assumptions of the USDOT Secretary's responsibilities under subparts 3.1 and 3.2 of this MOU shall apply to the environmental review, consultation, or any other action pertaining to the environmental review or approval of the following classes of highway projects located within the State of Florida. The definition of "highway project" is found at 23 CFR 773.103, and for purposes of this MOU, "highway project" includes eligible preventative maintenance activities. FDOT shall conduct reevaluations required by 23 CFR 771.129 for projects for which construction was not completed prior to the date of the 2016 MOU, in accordance with the provisions of this MOU and the 2016 MOU. Prior to approving any CE determination, FONSI, FEIS, or FEIS/ROD, the State shall ensure and document that for any proposed project the design concept, scope, and funding are consistent with the current Transportation Improvement Plan (TIP), Regional Transportation Plan (RTP), or Metropolitan Transportation Plan (MTP) as applicable.

FDOT will be responsible for decisions on all classes of action for highway projects, upon the Effective Date of this MOU, as described below:

A.  All Class I, or EIS projects, both on the State Highway System (SHS), which includes the National Highway System, and Local Agency Program (LAP) projects off the SHS that are funded by FHWA or require FHWA approvals.

Under the 2016 MOU, the two projects identified below were excluded from assignment and FHWA retained responsibility for the environmental review associated with the development and approval of their environmental documents. Upon the Effective Date of this MOU, FHWA assigns and FDOT assumes responsibility for any future environmental review for the following projects.

  a.  I-4 Beyond the Ultimate (BTU) which consists of the three following project segments: Segment 2 FM # 242484-7 SR 400 (I-4) west of SR 528 (Beachline) to west of SR 435 Kirkman Rd; Segment 3 FM # 242592-4 SR 400 (I-4) 1 mile east of SR 434 to east of SR 15/600/US 17/92 Seminole/Volusia C/L; Segment 4 FM # 408464-2 SR 400 (I-4) east of SR 15/600/US 17/92 to ½ mile east of SR 472; and I-4 Ultimate Segment FM # 242703-1 SR 400 (I-4) west of SR 435 (Kirkman Rd) to east of SR 434.

  b.  Tampa Interstate Study (TIS) which consists of the three following project sections: Section 4 FM # 412531-1 (Note Sections 4 and 5 have same Design FM #) I-275/SR 60 and Northwest/Veterans; Section 5 FM # 412531-1 (Note Sections 4 and 5 have same Design FM #) I-275 Lois to Hillsborough River; and Section 6 FM # 433821-1 I-275/I-4 Downtown Interchange.

B.  All Class II, or CE projects, both on the SHS and LAP projects off the SHS that are funded by FHWA or require FHWA approvals.

C. All Class III, or EA projects, both on the SHS and LAP projects off the SHS that are funded by FHWA or require FHWA approvals.

D. FDOT will not assume the NEPA responsibilities of other Federal agencies. However, FDOT may use or adopt other Federal agencies' NEPA analyses or documents consistent with 40 CFR parts 1500-1508, current law, and USDOT and FHWA regulations, policies, and guidance.

E. For projects where FDOT is assuming responsibility, FHWA shall allow FDOT access to its project files and arrange for copies as requested.

3.3.2    The following are specifically excluded from the list in subpart 3.3.1 of highway projects and classes of highway projects:

A. Any Federal Lands Highway projects authorized under 23 U.S.C. § 202 and § 203.

B. Any highway projects authorized under 23 U.S.C. § 204, unless such projects will be designed and constructed by FDOT.

C. Any project that crosses state boundaries and any project that crosses or is adjacent to international boundaries. For purposes of this MOU, a project is considered "adjacent to international boundaries" if it requires the issuance of a new, or the modification of an existing, Presidential Permit by the U.S. Department of State.

D. Any projects that may be designed and constructed by the FHWA under a 23 U.S.C. 308 agreement between the FHWA Eastern Federal Lands Highway Division and FDOT.

E. Projects under the Recreational Trails program (23 U.S.C. 206).

F. Any projects advanced by direct recipients of Federal-aid Highway funds other than FDOT except when pursuant to a LAP Agreement between FDOT and the direct recipient.

**3.4    Limitations**

3.4.1    As provided at 23 U.S.C. § 327(e), FDOT shall be solely responsible and solely liable for carrying out in lieu of and without further approval of FHWA, all of the responsibilities it has assumed under this MOU.

3.4.2    As provided at 23 U.S.C. § 327(a)(2)(D), any highway project or responsibility of the USDOT Secretary that is not explicitly assumed by FDOT under subpart 3.3.1 of this MOU remains the responsibility of the USDOT Secretary.

## PART 4. CERTIFICATIONS AND ACCEPTANCE OF JURISDICTION

**4.1 Certifications**

4.1.1    FDOT makes the following certifications:

A. FDOT has the legal authority to accept all the assumptions of responsibility identified in Part 3 of this MOU;

B. FDOT has the legal authority to take all actions necessary to carry out all of the responsibilities it has assumed under this MOU;

C. FDOT has the legal authority to execute this MOU;

D. The State of Florida currently has laws in effect that are comparable to 5 U.S.C. § 552 [Freedom of Information Act (FOIA)] and those laws are found in Chapter 119, Florida Statutes (F.S.) (Public Records); and

E.  Section 119.11, F.S., provides that any decision regarding the public availability of a document under the Public Records law is reviewable by a Florida court of competent jurisdiction.

**4.2     State Commitment of Resources**

4.2.1    As required by 23 U.S.C. § 327(c)(3)(D), FDOT will maintain the financial resources necessary to carry out the responsibilities it is assuming. FDOT's  substantial compliance with the 2016 MOU demonstrates that the summary of financial resources contained in FDOT's application, dated May 31, 2016, and as supplemented in FDOT's Renewal Package submitted May 12, 2021, are adequate for this purpose.  Should FHWA determine, after consultation with FDOT, that FDOT's financial resources are inadequate to carry out the USDOT Secretary's responsibilities, FDOT will take appropriate action to obtain the additional financial resources needed to carry out these responsibilities.  If FDOT is unable to obtain the necessary additional financial resources, FDOT shall inform FHWA, and this MOU will be amended to assign only the responsibilities that are commensurate with FDOT's financial resources.

4.2.2    Similarly, FDOT currently has and will maintain adequate organizational and staff capability, including competent and qualified consultants where necessary or desirable, to effectively carry out the responsibilities it has assumed under this MOU. This includes, without limitation:

A.  Using appropriate environmental, technical, legal, and managerial expertise;

B.  Devoting adequate staff resources; and

C.  Demonstrating, in a consistent manner, the capacity to perform FDOT's assumed responsibilities under this MOU and applicable federal laws.

FDOT's substantial compliance with the 2016 MOU demonstrates that FDOT maintained adequate organizational and staff capability for the purpose of fulfilling the terms of the 2016 MOU.  Should FHWA determine, after consultation with FDOT, that FDOT organizational and staff capability is inadequate to carry out the USDOT Secretary's responsibilities, FDOT will take appropriate action to obtain adequate organizational and staff capability to carry out these responsibilities.  If FDOT is unable to obtain adequate organizational and staff capability, FDOT shall inform FHWA and the MOU will be amended to assign only the responsibilities that are commensurate with FDOT's available organizational and staff capability.  Should FDOT choose to meet these requirements, in whole or in part, with consultant services, including outside counsel, FDOT shall maintain on its staff an adequate number of trained and qualified personnel, including counsel, to oversee the consulting work.

4.2.3    The Assistant Secretary of Engineering and Operations will serve as the Senior Agency Official consistent with 40 CFR 1508.1(dd).  This position must be one that is equivalent to an Assistant Secretary of the State DOT or higher.  Any changes to the title designation must be provided in writing to the FHWA with a justification.

4.2.4    When carrying out the requirements of Section 106 of the National Historic Preservation Act, as amended, FDOT staff (including consultants) shall comply with 36 CFR 800.2(a)(1). All actions that involve identification, evaluation, analysis, recording, treatment, monitoring, or disposition of historic properties, or that involve the reporting or documentation (including 36 CFR 800.11) of such actions in the form of reports, forms, or other records, shall be carried out by or under the review or direct supervision of a person or persons who meet the Secretary of Interior's Professional Qualifications Standards (36 CFR part 61, Appendix A). FDOT shall ensure that all documentation required under 36 CFR 800.11 is reviewed and found adequate by a staff member or consultant who meets the Professional Qualifications Standards.

4.2.5    As part of its commitment of resources, FDOT will continue to develop, implement and update its Efficient Transportation Decision Making (ETDM) and Project Development and Environment (PD&E) Manuals and procedures, which are not subject to FHWA review or approval unless required by statute or regulation, to support appropriate environmental analysis and decision-making under

NEPA and associated laws and regulations. FDOT recognizes it is solely responsible for the ETDM and the PD&E Manuals and procedures for compliance with responsibilities assigned in this MOU and for establishing policy and guidance to implement its program.

**4.3     Federal Court Jurisdiction**

4.3.1     As provided under 23 U.S.C. § 327(c)(3)(B), and authorized by Chapter 2016-181, Laws of Florida, codified as section 334.044(34), Florida Statutes, FDOT hereby expressly consents, on behalf of the State of Florida, to accept the jurisdiction of the Federal courts for the compliance, discharge, and enforcement of any responsibility of the USDOT Secretary assumed by FDOT under this MOU. This consent to Federal court jurisdiction shall remain valid after termination of this MOU or FHWA's withdrawal of assignment of the USDOT Secretary's responsibilities for any decision or approval made by FDOT pursuant to an assumption of responsibility under this MOU. FDOT understands and agrees that, in accordance with 23 U.S.C. § 327, this acceptance constitutes a waiver of the State of Florida's immunity under the Eleventh Amendment to the U.S. Constitution for the limited purposes of carrying out the USDOT Secretary's and FHWA's responsibilities that have been assumed under this MOU.

## PART 5. APPLICABILITY OF FEDERAL LAW

**5.1     Procedural and Substantive Requirements**

5.1.1     As provided at 23 U.S.C. § 327(a)(2)(C), in assuming the USDOT Secretary's responsibilities under this MOU, FDOT shall be subject to the same procedural and substantive requirements that apply to the USDOT Secretary in carrying out these responsibilities. Such procedural and substantive requirements include: Federal statutes and regulations, Orders issued by the President of the United States; USDOT Orders; Council on Environmental Quality (CEQ) Regulations for Implementing the Procedural Provisions of NEPA (40 CFR parts 1500-1508); FHWA Orders; formal guidance and policy issued by the CEQ, USDOT, or FHWA (including, e.g., Guidance Establishing Metrics for the Permitting and Environmental Review of Infrastructure Projects); any applicable federal court decisions; and, subject to subpart 5.1.4 of this MOU, interagency agreements and other similar documents that relate to the environmental review process (including, e.g., 2015 Red Book - Synchronizing Environmental Reviews for Transportation and Other Infrastructure Projects). Official USDOT and FHWA formal guidance and policies relating to environmental review are posted on the FHWA's website, contained in the FHWA Environmental Review Toolkit, published in the *Federal Register*, or will be sent to FDOT electronically or in hard copy.

5.1.2     By accepting the USDOT Secretary's and FHWA's NEPA responsibilities, FDOT agrees to perform FHWA's obligations set forth in these memoranda, consistent with the assigned authorities under this MOU: (i) the 2014 MOU between the U.S. Coast Guard (USCG), FHWA, the Federal Transit Administration, and the Federal Railroad Administration to Coordinate and Improve Bridge Planning and Permitting; and (ii) the 2014 MOA between USCG and FHWA to Coordinate and Improve Bridge Planning and Permitting.

5.1.3     Upon the Effective Date of this MOU, FHWA will use its best efforts to ensure that any new or revised federal policies and guidance that are final and applicable to FHWA's responsibilities under NEPA and other laws that are assumed by FDOT under this MOU are communicated to FDOT within ten (10) business days of issuance. Delivery may be accomplished by e-mail, web posting (with e-mail or mail to FDOT notifying of web posting), mail, or publication in the *Federal Register* (with e-mail or mail to FDOT notifying of publication). If communicated to FDOT by e-mail or mail, such material will be sent to FDOT's Director of the Office of Environmental Management and the following address: OEM@dot.state.fl.us. In the event a new or revised FHWA policy or guidance is not made available to FDOT as described in this subpart, and if FDOT had no knowledge of such policy or guidance, then a failure by FDOT to comply with such federal policy or guidance will not be a basis for termination of this MOU.

5.1.4     FDOT will coordinate with federal agencies concerning applicable laws, guidance, and policies that such other federal agencies are responsible for administering and which relate to FDOT's responsibilities under this MOU.

5.1.5   Upon termination of this MOU, FDOT and FHWA shall contact any third party agency which is a party to any affected interagency agreement to determine whether the interagency agreement should be amended or reinstated as appropriate.

**5.2    Rulemaking**

5.2.1   As provided under 23 U.S.C. § 327(f), nothing in this MOU allows FDOT to assume any rulemaking authority of the USDOT Secretary. Additionally, FDOT may not establish policy and guidance on behalf of the USDOT Secretary or FHWA for highway projects covered in this MOU. FDOT's authority to establish state regulations, policy, and guidance concerning the state environmental review of State highway projects shall not supersede applicable Federal environmental review regulations, formal policy, or guidance established by or applicable to the USDOT Secretary or FHWA.

**5.3    Effect of Assumption**

5.3.1   For purposes of carrying out the responsibilities assumed under this MOU, and subject to the limitations contained in 23 U.S.C. § 327 and this MOU, FDOT shall be deemed to be acting as FHWA with respect to the environmental review, consultation, and other related actions required under those responsibilities.

**5.4    Other Federal Agencies**

5.4.1   As provided under 23 U.S.C. § 327(a)(2)(E), nothing in this MOU preempts or interferes with any power, jurisdiction, responsibility, or authority of any Federal agency other than the USDOT (including FHWA), under applicable statutes and regulations with respect to a highway project.

**PART 6. LITIGATION**

**6.1    Responsibility and Liability**

6.1.1   As provided in 23 U.S.C. 327(e), FDOT shall be solely responsible and solely liable for carrying out all of the USDOT Secretary's responsibilities it has assumed under this MOU, in lieu of and without further approval of the USDOT Secretary. The FHWA and USDOT shall have no responsibility or liability for the performance of the responsibilities assumed by FDOT, including any decision or approval made by FDOT while participating in the Program.

**6.2    Litigation**

6.2.1   Nothing in this MOU affects the United States Department of Justice's (hereinafter "USDOJ") authority to litigate claims, including the authority to approve a settlement on behalf of the United States if either FHWA or another agency of the United States is named in such litigation, or if the United States intervenes pursuant to 23 U.S.C. 327(d)(3). In the event FHWA or any other Federal agency is named in litigation related to matters under this MOU, or the United States intervenes in the litigation, FDOT agrees to coordinate with FHWA and any USDOJ or Federal agency attorneys in the defense of that action.

6.2.2   FDOT shall defend all claims brought in connection with its discharge of any responsibility assumed under this MOU. In the event of litigation, FDOT shall provide qualified and competent legal counsel, including outside counsel if necessary. FDOT shall provide the defense at its own expense, subject to 23 U.S.C. 327(a)(2)(G) concerning Federal-aid participation in attorney's fees for outside counsel hired by FDOT. FDOT shall be responsible for opposing party's attorney's fees and court costs if a court awards those costs to an opposing party, or in the event those costs are part of a settlement agreement.

6.2.3   FDOT will notify the FHWA's Florida Division Office and USDOJ's Assistant Attorney General for the Environment and Natural Resources Division, within seven (7) calendar days of FDOT's Office of General Counsel's receipt of service of process of any complaint, concerning its discharge of any responsibility assumed under this MOU. FDOT's notification to FHWA and USDOJ shall be made prior to its response to the complaint. In addition, FDOT shall notify the FHWA's Florida Division Office within

Page **11** of 23

seven (7) calendar days of  receipt of any notice of intent to sue concerning its discharge of any responsibility assumed under this MOU.

6.2.4    FDOT will provide the FHWA's Florida Division Office and USDOJ copies of any complaint or notice of intent to the FHWA and USDOJ within seven (7) calendar days of receipt of service.

6.2.5    FDOT will notify the FHWA's Florida Division Office and USDOJ prior to settling any lawsuit, in whole or in part, and shall provide the FHWA and USDOJ with a reasonable amount of time of at least ten (10) calendar days, unless a shorter time is dictated by the Court or court proceedings, which may be extended, if feasible based on the context of the lawsuit, up to a maximum of thirty (30) total calendar days, to review and comment on the proposed settlement. FDOT will not execute any settlement agreement until: (1) FHWA and USDOJ have provided comments on the proposed settlement; (2) FHWA and USDOJ have indicated that they will not provide comments on the proposed settlement, or (3) the review period has expired, whichever occurs first.

6.2.6    Within seven (7) calendar days of receipt, FDOT will provide notice to FHWA's Division Office and USDOJ of any court decision on the merits, judgment, and notice of appeal arising out of or relating to the responsibilities FDOT has assumed under this MOU. FDOT shall notify FHWA's Division Office and USDOJ within five (5) days of filing a notice of appeal of a court decision.  FDOT shall confer with FHWA and USDOJ regarding the appeal at least forty-five (45) days before filing an appeal brief in the case.

6.2.7    FDOT's notifications to FHWA and USDOJ in subparts 6.2.3, 6.2.4, 6.2.5, and 6.2.6 shall be made by electronic mail to FHWA_assignment_lit@dot.gov  and NRSDOT.enrd@usdoj.gov, unless otherwise specified by FHWA and USDOJ. For copies of motions, pleadings, briefs, and other documents filed in a case, FDOT will either send the materials to the email address identified above, send hardcopies to the mail address below, or add to the distribution list in the court's electronic filing system (e.g., PACER) the following two email addresses: FHWA_assignment_lit@dot.gov and efile_nrs.enrd@usdoj.gov. FHWA and USDOJ's comments under subparts 6.2.5 and  6.2.6 shall be made by electronic mail to: NEPACounsel@dot.state.fl.us unless otherwise specified by FDOT. In the event that regular mail is determined necessary, mail should be sent to:

**For USDOJ:** Assistant Attorney General for the Environment and Natural Resources Division at 950 Pennsylvania Avenue, NW, Room 2143, Washington, DC, 20530.

**For FHWA:** Division Administrator, FHWA Florida Division, 3500 Financial Plaza, Suite 400, Tallahassee, FL 32312

**For FDOT:** Special Counsel for Environmental Affairs, Office of General Counsel, 605 Suwannee Street Mail Station 58, Tallahassee, Florida 32399-0458

**6.3    Conflict Resolution**

6.3.1    In discharging any of the USDOT Secretary's responsibilities under this MOU, FDOT agrees to comply with any applicable requirements of USDOT and FHWA statute, regulation, guidance or policy regarding conflict resolution. This includes the USDOT Secretary's responsibilities for issue resolution under 23 U.S.C. § 139(h)(6), with the exception of the USDOT Secretary's responsibilities under 23 U.S.C. § 139(h)(7) regarding financial penalties.

6.3.2    FDOT agrees to follow 40 CFR part 1504 in the event of pre-decision referrals to CEQ for Federal actions determined to be environmentally unsatisfactory. FDOT also agrees to coordinate and work with CEQ on matters brought to CEQ with regards to the environmental review responsibilities for Federal highway projects FDOT has assumed under this MOU.

**PART 7. INVOLVEMENT WITH OTHER AGENCIES**

**7.1    Coordination**

7.1.1    FDOT agrees to seek early and appropriate coordination with all applicable Federal, State, and local agencies in carrying out any of the responsibilities for highway projects assumed under this MOU.

**7.2    Processes and Procedures**

7.2.1    FDOT will ensure that it has appropriate processes and procedures in place that provide for proactive and timely consultation, coordination, and communication with appropriate Federal agencies in order to carry out the responsibilities assumed under this MOU, including the submission of all EISs together with comments and responses to the Environmental Protection Agency (EPA) as required by 40 CFR 1506.9 and for EPA's review as required by section 309 of the Clean Air Act, 42 U.S.C. § 7609. These processes and procedures shall be formally documented. Documentation may be a formally executed interagency agreement or other format as appropriate.

### PART 8. INVOLVEMENT WITH FHWA

**8.1    Generally**

8.1.1    In discharging any of the USDOT Secretary's responsibilities under this MOU, FDOT and FHWA agree to work cooperatively to resolve substantive issues regarding the implementation or interpretation of this MOU. For projects reviewed by FHWA prior to the date of assignment that will be transferred to FDOT, FHWA will, upon request, provide FDOT access to or copies of the project files that are relevant to the ongoing environmental review (excluding protected and privileged information) within a reasonable timeframe that takes into account the complexity of the request.

8.1.2    Except as specifically provided otherwise in this MOU, FHWA will not provide project-level assistance to FDOT in carrying out the responsibilities it has assumed under this MOU. Project-level assistance includes advice, consultation, or document review with respect to the discharge of such responsibility for a particular highway project. However, project-level assistance does not include process or program-level assistance as provided in subpart 8.1.5 of this MOU, including discussions concerning issues addressed in prior projects, interpretations of applicable law contained in Title 23 U.S.C. or Title 49 U.S.C., interpretations of any FHWA or USDOT regulation, or interpretations of FHWA or USDOT policies or guidance. FHWA agrees that any discussions or coordination related to process or program level assistance, prior project decisions or issues, or interpretation of law, shall be directed to the Director of the Office of Environmental Management for resolution.

8.1.3    The FHWA will not intervene, broker, act as intermediary, or be otherwise involved in any issue involving FDOT's consultation or coordination with other Federal agencies with respect to FDOT's discharge of any of the responsibilities assumed under this MOU for any particular highway project. However, the FHWA may attend meetings between FDOT and other Federal agencies and submit comments to FDOT and the other Federal agency in the following extraordinary circumstances:

    A.    FHWA reasonably believes that FDOT is not in compliance with this MOU;

    B.    FHWA determines that an issue between FDOT and the other Federal agency concerns emerging national policy issues under development by the USDOT; or

    C.    Upon request by either FDOT's Director of the Office of Environmental Management or the other Federal agency and agreement by FHWA.

The FHWA will notify both FDOT and the relevant Federal agency prior to attending any meetings between FDOT and such other Federal agency. The notice shall be made in writing and include an explanation of extraordinary circumstances for attendance.

8.1.4    Other Federal agencies may raise concerns regarding the compliance with this MOU by FDOT and may communicate these concerns to the FHWA. The FHWA will review the program- or policy-level concerns and any other information provided to FHWA by such other Federal agency. If, after such review, the FHWA and such other Federal agency still have concerns regarding FDOT's compliance, the FHWA will notify the Director of the Office of Environmental Management in a timely manner of

the potential compliance issue and will work with both FDOT and the relevant Federal agency to resolve the issue and, if necessary, take appropriate action to ensure compliance with this MOU.

8.1.5    At FDOT's request, FHWA may assist FDOT in evaluating its environmental program and developing or modifying any of its processes or procedures to carry out the responsibilities it has assumed under this MOU, including, but not limited to, emerging national policy issues, and those processes and procedures concerning FDOT's consultation, coordination, and communication with other Federal agencies.

8.1.6    FDOT's obligations and responsibilities under 23 CFR 1.5 are not altered in any way by executing this MOU.

**8.2     MOU Monitoring and Oversight**

8.2.1    Pursuant to 23 U.S.C. 327(h), the FHWA shall monitor and provide oversight over FDOT's performance in order to ensure FDOT's compliance with the MOU and all applicable Federal laws and policies, including environmental justice, and to evaluate whether FDOT is meeting the performance measures established pursuant to Part 10 of the MOU. The FHWA's monitoring program will consist of monitoring reviews, which will be coordinated with FDOT and take into account the FHWA Florida Division's annual risk-based assessments. FDOT agrees to comply with all requests from FHWA related to monitoring under this MOU that FHWA reasonably considers necessary to ensure that FDOT is adequately carrying out the responsibilities assigned to FDOT.

8.2.2    In order to minimize the impact of the monitoring reviews on FDOT's day-to-day project delivery workload, the FHWA and FDOT will coordinate when scheduling joint monitoring reviews. Normally, the FHWA expects to complete two monitoring reviews during the term of the MOU, although the FHWA may conduct additional reviews if deemed necessary. The first monitoring review shall be conducted within two years of publication of the last audit under the 2016 MOU and the second monitoring review shall be within two years of the first monitoring review. FDOT and the FHWA Florida Division Office will each designate a point of contact, who will be responsible for coordinating monitoring review schedules, requests for information, and organizing meetings.

8.2.3    Pursuant to 23 U.S.C. § 327(c)(4), FDOT is responsible for providing FHWA any information FHWA reasonably considers necessary to ensure that FDOT is adequately carrying out the responsibilities assigned. When requesting information subject to 23 U.S.C. 327(c)(4), FHWA will provide the request to FDOT in writing, and the request will identify with reasonable specificity the information required. FHWA will also indicate in the request a deadline for the information to be provided. FDOT will, in good faith, work to ensure the information requested is provided by the deadline. FDOT's response to an information request under this paragraph will include, where appropriate, making relevant employees and consultants available at their work location (including in-person meeting, teleconference, videoconference, or other electronic means as may be available).

8.2.4    In order for FHWA to provide oversight, monitor, and evaluate whether FDOT is meeting the performance measures listed in part 10 of this MOU, FDOT shall make project files and general administrative files pertaining to the discharge of the responsibilities it has assumed under this MOU reasonably available for inspection by FHWA upon reasonable notice, which is not less than five (5) business days. These files shall include, but are not limited to, letters and comments received from governmental agencies, the public, and others with respect to FDOT's discharge of the responsibilities assumed under this MOU. FDOT will work with the FHWA to provide documents electronically to the extent it does not create an undue burden.

8.2.5    Upon the Effective Date of this MOU, FDOT will maintain a list of NEPA approvals and decisions (Type 1 CE, Type 2 CEs, EA, FONSI, DEIS, FEIS, FEIS/ROD, ROD) and Section 4(f) Determinations it makes under this MOU. FDOT will provide this list to FHWA Florida Division every three (3) months. The list will include project names, locations, and decisions. In addition, from the effective date of this MOU, FDOT will provide annually to the FHWA Florida Division a report regarding any commitments related to mitigation for projects included on the list referenced in this paragraph, including environmental justice analysis and associated mitigation, where applicable.

8.2.6    In carrying out the responsibilities assumed under this MOU, FDOT agrees to carry out regular quality assurance and quality control (QA/QC) reviews to ensure that the assumed responsibilities are being conducted in accordance with applicable law and this MOU. At a minimum, FDOT's QA/QC process will include the review and monitoring of its processes and performance relating to project decisions, completion of environmental analysis, including environmental justice, project file documentation, checking for errors and omissions, and legal sufficiency reviews, and taking appropriate corrective action as needed.

8.2.7    FDOT shall perform annual self-assessments of its QA/QC process and performance to determine if its process is working as intended. If any process areas are identified as needing improvement, FDOT will take appropriate and timely corrective actions to address such areas. FDOT will transmit a summary of its self-assessment to the FHWA Florida Division Office in accordance with the mutually agreed upon monitoring review schedule, but no later than one month prior to the date of the scheduled FHWA monitoring review. The summary will include a description of the scope of the self-assessment conducted and the areas reviewed; a description of the process followed in conducting the self-assessment; a list of the areas identified as needing improvement; any corrective actions that have been or will be implemented; a statement from the Director of FDOT's Office of Environmental Management concerning whether the processes are ensuring that the responsibilities FDOT has assumed under this MOU are being carried-out in accordance with this MOU and all applicable Federal laws and policies; and a summary of FDOT's progress toward attaining the performance measures listed in Part 10 of this MOU.

8.2.8    Monitoring review reports by FHWA shall include a description of the scope of the monitoring reviews, the compliance areas reviewed, a description of the monitoring process, and a list of areas identified as best practices and areas needing improvement. The FHWA reports shall identify findings that require corrective actions.

8.2.9    Prior to making any monitoring review reports available to the public, the FHWA will transmit to FDOT a draft of the report and allow FDOT at least 30 calendar days to respond in writing. The FHWA may grant any reasonable request to extend this response period up to a total of 45 calendar days. The FHWA will review the comments and revise the draft monitoring report, as appropriate.

8.2.10    FDOT agrees to post all monitoring reports on the FDOT Office of Environmental Management NEPA Assignment website in order to make them available to the public.

**8.3    Records Retention**

8.3.1    FDOT will retain project files and files pertaining to the discharge of its responsibilities under this MOU in accordance with the requirements of the FDOT Records Management Policy (Topic Number 050-020-025) and Retention and Disposal Schedule GS1-SL(167), provided that those requirements meet or exceed requirements established in 2 CFR 200.334; the FHWA Records Disposition Manual (Field Offices) Chapter 4; FHWA Order No. 1324.1B, issued July 29, 2013; or any successor or additional orders, policy documents, or formal guidance issued by FHWA related to records retention.

8.3.2    In accordance with FDOT Records Management Policy (Topic Number 050-020-025) and Retention and Disposal Schedule GS1-SL(167), project records, including environmental documents and technical studies (including environmental justice analysis), will be retained for five (5) fiscal years after the completion of the project, reporting requirement, or other applicable activity unless a longer or more stringent requirement applies under subpart 8.3.1. In addition, signed draft environmental documents and signed final environmental documents shall be maintained for a minimum of eight (8) years after the completion of the project, reporting requirement, or other applicable activity, unless a longer or more stringent requirement applies under subpart 8.3.1.

To the extent that FHWA's Records Disposition Manual is amended to provide for a longer retention period, FDOT will meet such requirement.

FDOT will permanently store records for Significant Transportation Projects as they are defined in FHWA Order No. 1324.1B.

8.3.3   In the case of a conflict between FHWA Records Disposition Manual, FHWA Order M1324.1B, FDOT Records Management Policy, and Retention and Disposal Schedule the more stringent retention requirements shall control.

8.3.4   Nothing contained in this MOU is intended to relieve FDOT of its recordkeeping responsibilities under 2 CFR 200.334-200.338 (Record Retention and Access) or other applicable laws.

**8.4     Federal Register**

8.4.1   For any documents that are required to be published in the *Federal Register*, such as the Notice of Intent under 23 CFR 771.123(a) and Notice of Final Agency Action under 23 U.S.C. § 139(l)(2), FDOT shall transmit such document to FHWA's Florida Division Office, with a request for publication in the *Federal Register* on behalf of FDOT. FHWA's Florida Division Office will submit such document to the *Federal Register* within five (5) calendar days of receipt of FDOT's request for publication in the *Federal Register*. If requested, FDOT shall reimburse FHWA for the expenses associated with publishing such documents in the *Federal Register* (excluding FHWA's overhead). To the extent that the operating procedures of the *Federal Register* allow, FDOT will be responsible for publication in the *Federal Register*.

**8.5     Data and Information Requests**

8.5.1   FDOT agrees to provide data and information requested by the FHWA and resource agencies for the preparation of national reports, and the Federal Permitting Dashboard, and other purposes to the extent that the information relates to determinations, findings, and proceedings associated with projects processed  under this MOU. Such data and information requests may include but are not limited to:

A.   Information on the time to complete all NEPA  classes of action (EIS, EA, CE);

B.   Archeology Reports requested by the National Park Service (NPS);

C.   Endangered Species Act Expenditure Reports requested by the USFWS and NMFS;

D.   Project status and information for EAs and EISs for use on the searchable website maintained under section 41003(b) of the FAST Act [Fixing America's Surface Transportation Act, 42 U.S.C. § 4370m-2(b); 23 U.S.C. § 139(o)] (Federal Permitting Dashboard) to be submitted in accordance with current and any future reporting standards issued by USDOT pursuant to such provisions;

E.   NEPA Litigation Reports requested by CEQ;

F.   Environmental Conflict Resolution reports requested by the Office of Management and Budget and the CEQ;

G.   Environmental information for all EAs and EISs subject to this MOU.  Such information shall include, but not be limited, environmental justice information, including a summary of all known and potential environmental justice concerns, identified by project; and

H.   Any such information that may be requested by the FHWA Administrator.

**8.6     Conformity Determinations**

8.6.1   Pursuant to 23 U.S.C. § 327(a)(2)(B)(iv)(II), for any project requiring a project-level conformity determination under the Clean Air Act and its implementing regulations, the FHWA's Florida Division Office will document the project level conformity determination within the timeframe identified in FDOT's project schedule. FHWA's Florida Division Office will restrict its review to only that data,

analyses, applicable comments and responses, and other relevant documentation that enable FHWA to make the project-level conformity determination.

**8.7    Certification of NEPA Compliance**

8.7.1    For projects funded by FHWA, FDOT shall ensure that a certification is included with each NEPA approval  specifying that FDOT has fully carried out all responsibilities assumed under this MOU in accordance with this MOU and all applicable Federal laws, regulations, Executive Orders, and policies.  FDOT shall ensure that this certification is made prior to the execution of any future Federal-aid approval or action.  FDOT shall include the certification in its request for authorization to proceed to future phases including final design, right-of-way acquisition, or construction.  FDOT agrees to provide FHWA access to NEPA approvals and certifications.

**8.8    Enforcement**

8.8.1    Should FHWA determine that FDOT is not in compliance with this MOU, then FHWA shall take appropriate action, including implementing appropriate remedies provided at 23 CFR 1.36 for violations of or failure to comply with Federal law or regulations at Title 23 CFR with respect to a project,  withdrawing assignment of any responsibilities that have been assumed as provided in Part 9 of this MOU, or terminating FDOT's participation in the Program as provided in Part 13 of this MOU.

## PART 9. WITHDRAWAL OF ASSIGNED RESPONSIBILITIES

**9.1    FHWA-Initiated Withdrawal of Assigned Projects**

9.1.1    Subject to the process in subpart 9.1.2 FHWA may, at any time, withdraw the assignment of all or part of the USDOT Secretary's responsibilities that have been assumed by FDOT under this MOU for any highway project or highway projects upon FHWA's determination that:

A.    With respect to such project, FDOT is not in compliance with a material term of this MOU or applicable Federal laws or policies, and FDOT has not taken corrective action to the satisfaction of the FHWA;

B.    The highway project or highway projects  involve significant or unique national policy interests for which  FDOT's assumption of the USDOT Secretary's responsibilities would be inappropriate, including instances where the FHWA receives a complaint under Title VI of the Civil Rights Act of 1964 involving a project that is subject to this MOU and the FHWA accepts the complaint for investigation or determines that the project may have significant negative community impacts.; or

C.    FDOT cannot satisfactorily resolve an issue or concern raised in government-to-government consultation process, as provided in subpart 3.2.3.

9.1.2    Upon the FHWA's determination to withdraw assignment of the USDOT Secretary's responsibilities under subpart 9.1.1, FHWA will notify FDOT of FHWA's determination including the reasons for its determination. Upon receipt of this notice, FDOT may submit any comments that resolve the reasons for the determination or objections to the FHWA within thirty (30) calendar days, unless  an extended period of time is agreed to by the FHWA.  Upon receipt of FDOT's comments or objections, FHWA will make a final determination within thirty (30) calendar days, unless extended by FHWA for cause, and notify FDOT of its decision.  In making its determination, FHWA will consider FDOT's comments or objections, the effect the withdrawal of assignment will have on the Program, the amount of disruption to the project concerned, the effect on other projects, confusion the withdrawal of assignment may cause to the public, the potential burden to other Federal agencies, and the overall public interest. Following its final determination, when FHWA withdraws assignment for any project or projects, FHWA will assume sole responsibility and liability for the decisions and approvals it has re-assumed for the project or projects based on such determination. However, FDOT will remain responsible for other decisions and approvals for the project or projects, which FHWA has not reassumed responsibility or liability for, such as decisions and approvals beyond the scope of the USDOT Secretary's responsibilities under NEPA and related Federal environmental laws.

9.1.3   The FHWA shall withdraw assignment of the responsibilities FDOT has assumed for any highway project when the preferred alternative that is identified in the CEs, EA, or FEIS is a highway project that is specifically excluded in subpart 3.3.2. In such case, subpart 9.1.2 of this MOU shall not apply.

**9.2   FDOT-Initiated Withdrawal of Assignment of Projects**

9.2.1   FDOT may, at any time, provide the FHWA with notice of its intent to withdraw all or part of its assumed responsibilities of the USDOT Secretary for an existing or future highway project or highway projects assumed under this MOU.

9.2.2   Upon FDOT's decision to request FHWA withdraw the assignment of the USDOT Secretary's responsibilities under subpart 9.2.1, FDOT shall informally notify FHWA of its desire for FHWA to withdraw assignment of its responsibilities.  After informally notifying FHWA of its intent, FDOT will provide FHWA written notice of its intent, including the reasons for wanting FHWA to withdraw assignment of the responsibilities for a highway project.  Upon receipt of this notice, the FHWA will have thirty (30) calendar days, unless extended by FDOT for cause, to determine whether it will withdraw assignment of the responsibilities requested.  In making its determination, FHWA will consider the reasons FDOT wants FHWA to withdraw assignment of the responsibilities, the effect the withdrawal of assignment will have on the Program, amount of disruption to the project concerned, the effect on other projects, confusion the withdrawal of assignment may cause to the public, the potential burden to other Federal agencies, and the overall public interest.

## PART 10. PERFORMANCE MEASURES

**10.1   General**

10.1.1   Both FHWA and FDOT have determined it is desirable to mutually establish a set of performance measures to evaluate FDOT's administration of the responsibilities assumed under this MOU.

10.1.2   FDOT's attainment of the performance measures established in this Part of the MOU will be considered as part of FHWA's monitoring of FDOT's Program, which is required by 23 U.S.C. § 327(h).

10.1.3   FDOT shall collect and maintain necessary and appropriate data related to the attainment of the performance measures. In collecting this data, FDOT shall monitor its progress toward meeting the performance measures and include its progress in the self-assessment summary described in subpart 8.2.7 of this MOU. The summary shall be made available to the FHWA as provided in subpart 8.2.7.

**10.2   Performance Measures**

10.2.1   The performance measures applicable to FDOT in carrying out the responsibilities it has assumed under this MOU are as follows:

A.   Compliance with NEPA, FHWA NEPA regulations, and other Federal environmental statutes, regulations, executive orders, policy, and formal guidance:

   i.   Maintain documentation regarding compliance with responsibilities assumed under this MOU

B.   QA/QC for NEPA decisions:

   i.   Maintain and implement internal QA/QC measures and processes, including a record of:

      a.   Completion of legal sufficiency reviews by FDOT's Office of General Counsel (OGC); and

      b.   Compliance with FDOT's environmental document content standards and procedures, including those related to QA/QC;

C.   <u>Relationships with agencies and the general public:</u>

      i.   Maintain communication considering timeliness and responsiveness among FDOT, Federal and State resource agencies, Indian Tribes, and the public;

      ii.   Provide opportunities for public involvement and comment;

      iii.   Use NEPA issue resolution process, as appropriate; and.

      iv.   Ensure meaningful public engagement, including with environment justice communities.

D.   <u>Increased efficiency and timeliness in completion of the NEPA process:</u>

      i.   Compare time of completion of environmental document (e.g., NEPA documents and technical reports) approvals before and after assumption of responsibilities.

## PART 11. TRAINING

11.1    FDOT may request and, subject to FHWA's resource availability, FHWA will provide training with respect to the responsibilities being assigned to FDOT under this MOU. Such training may be provided to FDOT by either FHWA or another Federal agency or other parties, as appropriate.

11.2    FDOT will continue to implement training necessary to meet its environmental obligations and provide training opportunities to FDOT staff and consultants. FDOT will periodically review its training program and update as necessary to reflect the responsibilities assumed under the Program and this MOU. FDOT will be solely responsible for the development and implementation of its training program.

## PART 12. TERM, TERMINATION AND RENEWAL

**12.1   Term**

12.1.1   This MOU has a term of five (5) years from the Effective Date.

**12.2   Termination by the FHWA**

12.2.1   As provided by 23 U.S.C. § 327(j)(1), the FHWA may terminate FDOT's participation in the Program, in whole or in part, at any time subject to the procedural requirements in 23 U.S.C. § 327 and subpart 13.2.2 of this MOU. Termination may be based on FDOT's failure to adequately carry out its responsibilities including, but not limited to:

A.   Persistent neglect of, or noncompliance with, federal laws, regulations, and policies;

B.   Failure to cooperate with FHWA during any oversight or monitoring reviews;

C.   Failure to address deficiencies identified during the monitoring process;

D.   Failure to secure or maintain adequate personnel and/or financial resources to carry out the responsibilities assumed;

E.   Intentional or substantial non-compliance with this MOU; or

F.   Persistent failure to adequately consult, coordinate, and/or take into account the concerns of other Operating Administrations, when applicable and appropriate federal, state, tribal, and

local agencies with oversight, consulting, or coordination responsibilities under Federal environmental laws and regulations.

12.2.2 If the FHWA determines that FDOT is not adequately carrying out the responsibilities assigned, then prior to termination, the FHWA shall:

    A.  Provide FDOT written notification of its non-compliance determination detailing a description of each responsibility in need of corrective action regarding an inadequacy identified;

    B.  Provide FDOT a period of not less than 120 days to take such corrective action as the FHWA determines is necessary to comply with this MOU; and

12.2.3 If FDOT, after notification and the 120 day period, fails to take satisfactory corrective action, as determined by FHWA, FHWA shall provide notice to FDOT of its determination of termination. Any responsibilities identified to be terminated in the notice that have been assumed by FDOT under this MOU shall transfer to FHWA.

**12.3   Termination by Florida**

12.3.1 The Florida Legislature and Governor may, at any time, terminate FDOT's authority granted to participate in this Program. In such event, FDOT will work with FHWA to jointly develop a plan to transition the responsibilities that FDOT has assumed back to FHWA so as to minimize disruption to projects, minimize confusion to the public, and minimize burdens to other affected federal, state, and local agencies.

12.3.2 FDOT may terminate its participation in the Program, in whole or in part, at any time by providing the FHWA notice of its intent at least ninety (90) calendar days prior to the date that FDOT seeks to terminate. In that event, FHWA and FDOT shall develop a plan to transition the responsibilities that FDOT has assumed back to FHWA so as to minimize disruption to projects, minimize confusion to the public, and minimize burdens to other affected federal, state, and local agencies.

12.3.3 Any termination of assignment agreed to under a transition plan shall not be subject to the procedures or limitations provided for in Part 9 of this MOU and shall be valid as agreed to in the transition plan.

**12.4   Validity of FDOT Actions**

12.4.1 Any environmental approvals made by FDOT pursuant to the responsibilities FDOT has assumed under this MOU shall remain valid after termination of FDOT's participation in the Program or withdrawal of assignment by FHWA. As among the USDOT Secretary, FHWA and FDOT, FDOT shall remain solely liable and solely responsible for any environmental approvals it makes pursuant to any of the responsibilities it has assumed while participating in the Program.

**12.5   Renewal**

12.5.1 This MOU is renewable in accordance with 23 U.S.C. § 327(c)(6) and 23 CFR 773.115.

    A. FDOT shall notify FHWA at least twelve (12) months before the expiration of this MOU of its intent to renew its participation in the Program.

    B. Prior to requesting renewal, FDOT shall coordinate with FHWA to determine if significant changes have occurred or if new assignment responsibilities are being sought that would warrant a statewide notice and opportunity for public comment prior to FDOT's submittal of the renewal package.

    C. FDOT's renewal package shall meet the requirements in 23 CFR 771.115(c); and

D. FDOT shall submit the renewal package no later than 180 days prior to the expiration date of the MOU.

## PART 13. AMENDMENTS

**13.1     Generally**

13.1.1     This MOU may be amended at any time upon mutual written agreement by both the FHWA and FDOT pursuant to 23 CFR 773.113(b).

**13.2     Additional Projects, Classes of Projects and Environmental Review Responsibilities**

13.2.1     The FHWA may assign, and FDOT may assume, responsibility for additional projects, and additional environmental review responsibilities beyond those identified in Part 3 of this MOU, by executing an amendment to this MOU.

13.2.2     If FDOT decides to request amendment of this MOU to add or remove responsibility for projects or classes of projects, or environmental review responsibilities beyond those identified in Part 3 of this MOU, such request shall be treated as an amendment to FDOT's original application that was submitted to FHWA pursuant to 23 U.S.C. § 327(b) and 23 CFR part 773. In developing the application supplement, FDOT shall identify the projects, classes of projects, and environmental review responsibilities it wishes to assume and make any appropriate adjustments to the information contained in FDOT's Renewal Package, including verification of personnel and financial resources.

## PART 14.  IMPLEMENTATION OF NONENVIRONMENTAL LAWS

**14.1     Generally**

14.1.1     It is recognized and understood that the FHWA remains responsible for implementing other laws, requirements and policies that are not assumed by FDOT under this MOU, or other MOUs and agreements, with respect to highway projects.  This includes, but is not limited to, laws, requirements and policies related to Interstate access, right-of-way (including advance acquisition of right-of-way), value engineering, design, and other areas related to such projects.  The FHWA's implementation of such laws, requirements and policies should be consistent with FDOT's analyses and decisions, if any, that are made pursuant to the responsibilities assumed under this MOU.

14.1.2     Nothing in the MOU prevents or otherwise limits the FHWA's ability to ask FDOT for information or clarification regarding any NEPA or other environmental decision or analysis made or conducted by FDOT under this MOU for any highway project.

14.1.3     The FHWA's requests for such information or clarification do not change FDOT's responsibility and liability for such decisions and analyses under this MOU.

14.1.4     Should FHWA determine that further action is necessary with respect to FDOT compliance with the responsibilities it has assumed under this MOU, the FHWA may request that FDOT take appropriate action and will give FDOT a reasonable period of time to respond.  The FHWA may also take action to reassume responsibilities for such project if the FHWA deems appropriate.

**14.2     Title VI of the Civil Rights Act of 1964**

14.2.1     Although Title VI is not part of NEPA, the public has the right to file a Title VI complaint.  The FHWA's responsibilities with respect to such complaints, as well as other issues related to Title VI compliance that have been identified by the FHWA, may require the FHWA to ask FDOT for information or clarification regarding any NEPA or environmental decision or analysis made or conducted by FDOT under this MOU for any highway project.

14.2.2    FDOT agrees to comply with all requests from FHWA related to monitoring under this MOU.  Title VI investigations involving highway projects subject to this MOU may result in additional monitoring in accordance with this MOU.

IN WITNESS THEREOF, the parties hereto have caused this First Renewal of the Memorandum of Understanding Between the Federal Highway Administration and the Florida Department of Transportation Concerning the State of Florida's Participation in the Surface Transportation Project Delivery Program Pursuant to 23 U.S.C. 327 to be duly executed in duplicate as of the date of the last signature written below.

**FEDERAL HIGHWAY ADMINISTRATION**

By: _____     Dated: 05/26/2022

Stephanie Pollack
Acting Administrator
Federal Highway Administration

**STATE OF FLORIDA**

By: _____     Dated: 05/23/22

Jared W. Perdue, P.E.
Secretary
Florida Department of Transportation