# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of Iowa, et al., ) | |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING MOTION TO** |
| ) | **INTERVENE** |
| vs. ) | |
| ) | |
| Council on Environmental Quality, and ) | |
| Brenda Mallory, in her official capacity ) | Case No. 1:24-cv-089 |
| as Chair, ) | |
| ) | |
| Defendants. ) | |

Before the court is a Motion to Intervene filed on August 2, 2024, pursuant to Fed. R. Civ. P. 24 by the States of Washington, California, Colorado, Illinois, Maine, Maryland, New Jersey, New Mexico, New York, Oregon, Wisconsin, the Commonwealth of Massachusetts, the People of Michigan, the District of Columbia, and the City of New York (hereafter collectively referred to as the "Movant-Intervenor States"). (Doc. No. 63). For the reasons discussed below, the motion is granted.

## I.  BACKGROUND

The National Environmental Policy Act ("NEPA") was enacted by Congress in 1969 and signed into law in 1970. 42 U.S.C. § 4332(2)(B). It requires federal agencies to go through a formal process before taking any action anticipated to substantially impact the environment. To ensure that federal agencies meet their obligations, it established the Council on Environmental Quality ("CEQ") within the Executive Office of the President.

In 1978, CEQ promulgated regulations that established procedures for federal agencies implementing the NEPA process. Implementation of Procedural Provisions, 43 Fed. Reg. 55,978

1

(Nov. 29, 1978) ("1978 regulations"). Over the course of the next eight years small revisions were made to the 1978 regulations. (Doc. No. 39 at ¶ 46). On July 16, 2020, the CEQ substantially revised the 1978 Regulations with the issuance of the "2020 Rule." Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act, 85 Fed. Reg. 43304 (July 16, 2020) ("2020 rule").

On May 1, 2024, CEQ ostensibly rolled back the "2020 Rule" and largely restored multiple provisions of the 1978 regulations with the issuance of the "Final Rule." National Environmental Policy Act Implementing Regulations Revisions Phase 2, 89 Fed. Reg. 35442 (May 1, 2024). It is the CEQ's issuance of the Final Rule that spawned the instant litigation.

Plaintiffs initiated the above-action by Complaint on May 21, 2024, pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et seq*. (Doc. No. 1). They filed an Amended Complaint on June 4, 2024. (Doc. No. 39). They challenge the Final Rule, asserting, inter alia, that it violates NEPA, the APA, and the Major Questions Doctrine. They ask the court "to vacate the Final Rule, remand it to [CEQ], enjoin [CEQ] from enforcing the Final Rule, and resultingly reinstate the 2020 Rule." (Id. at ¶12).

On July 31, 2024, the court granted a Motion to Intervene filed by a collection of twenty environmental justice, labor, and conservation groups. (Doc. No. 60).

On August 2, 2024, the Movant-Intervenor States filed a Motion to Intervene. (Doc. No. 63). The parties to this action apparently have communicated to the Movant-Intervenor States that they take no position on the Motion to Intervene. (Doc. No. 61-1).

II.   **APPLICABLE LAW**

Rule 24 of the Federal Rules of Civil Procedure provides that the court must permit anyone

to intervene who:

    (1)    is given an unconditional right to intervene by a federal statute; or

    (2)    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Eighth Circuit distills this rule into a three-part test, requiring the party seeking intervention to show: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. S. Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785 (8th Cir. 2003) (citing Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997)).

Regarding the third element, a prospective intervenor typically bears only a minimal burden in showing that existing parties do not adequately represent its interests. Nat'l Parks Conservation Ass'n v. U.S. E.P.A., 759 F.3d 969, 975 (8th Cir. 2014) (quoting Mille Lacs Band of Chippewa Indians v. State of Minn., 989 F.2d 994, 999 (8th Cir. 1993)). However, a prospective intervenor has a heavier burden when an existing party has an obligation to represent its interests. Mille Lacs, 989 F.2d at 999-1000. Under the concept of *parens patriae*, if a government agency is a party in litigation involving a matter of sovereign interest, the government is presumed to represent the interest of all its citizens. Id. at 1000; Nat'l Parks Conservation Ass'n, 759 F.3d at 976. Yet the presumption only applies to the extent the prospective intervenor's interests coincide with the public interest. Nat'l Parks Conservation Ass'n, 759 F.3d at 977. If the prospective intervenor stands to lose or gain from the lawsuit in a way different than the public at large, *parens patriae* does not apply. Chiglo, 104 F.3d at 188.

Rule 24 further provides for permissive intervention, dictating that, on timely motion, the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

Rule 24 is to be construed liberally in favor of intervention, which the court has described as serving the interest of the judicial system by resolving all related controversies in a single action. See <u>Kinetic Leasing, Inc. v. Nelson</u>, Case No. 3:16-3cv-99, 2016 WL 8737876, at *2 (D.N.D. Sept. 22, 2016) (citing <u>S. Dakota ex rel Barnett v. US. Dep't of Interior</u>, 317 F .3d 783, 785 (8th Cir. 2003), and <u>Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.</u>, 60F.3d 1304, 1307-08) (8th Cir. 1995)). Thus, "any doubts as to 'the propriety of permitting intervention should be resolved in favor of allowing it." <u>Target Logistics Mgmt., LLC v. City of Williston</u>, Case No. l:16-cv-076, 2017 WL 6459800, at *3 (D. N.D. Dec. 18, 2017) (quoting <u>Sierra Club v. Robertson</u>, 960 F.2d 83, 86 (8th Cir. 1992)). When considering a motion to intervene, the court must assess the motion in a light most favorable to the prospective intervenor and accept the allegations of the prospective intervenor as true. <u>Id.</u> at 2 (citing <u>Nat'l Parks Conservation Ass'n</u>, 759 F.3d at 973-75.

### III. DISCUSSION

#### A. Timeliness

The Movant-Intervenor States first assert that their motion to intervene is timely and that their participation in this action will pose no appreciable prejudice to the parties. The undersigned agrees.

To determine whether a motion to intervene is timely, courts consider "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's

knowledge of the litigation; (3) the reason for the dely in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." In re Wholesale Grocery Prod. Antitrust Litig., 849 F.3d 761, 766-67 (8th Cir. 2017) (internal quotations marks omitted).

This matter is still in its infancy. Plaintiffs filed their Amended Complaint on June 4, 2024. Defendants filed their answer along with the administrative record on July 11, 2024. The Parties have not filed a response in opposition to the Movant-Intervenor States' motion. Consequently, the parties will not be unduly prejudiced by the Movant-Intervenor States' intervention in this matter. See E.E.O.C. v. Merchs. State Bank, 554 F. Supp. 2d 959, 962–63 (D.S.D. 2008) (holding that a motion to intervene was timely where the parties were in the initial stages of discovery).

**B.      Intervention as a Matter of Right**

**1.      Impairment to Claimed Interest in the Subject Matter of the Litigation**

Movant-Intervenor States next assert that they have a recognized interest in the subject matter of this litigation that may be impaired by its disposition. Specifically, they assert that they have a strong interest in meaningful implementation of NEPA given their long reliance on NEPA and their participation in NEPA rule making. The further assert that they have proprietary and sovereign interests in preventing harm to their natural resources.

Having reviewed the Movant-Intervenor States' submissions, the undersigned agrees that they have an interest in the matter at issue that may be impaired by its disposition.

**2.      Adequacy of Representation**

Movant-Intervenor States maintain that no other party to this litigation will adequately represent their interests. In so doing they stress that their interests that are distinct from CEQ's interests as they have a have a direct sovereign interest in their and, water, and natural resources.

They further asserts that they would be faced with an increased economic burden from preparing additional environmental review pursuant to state laws modeled on NEPA to compensate for deficient federal environmental review under a partially reinstated 2020 rule.

The court agrees that the Movant-Intervenor States' interests do not necessarily align with the interests of others in this litigation Although the interests of Movant-Intervenor States and others may converge on certain legal points, they may also diverge with respect to others. The Movant-Intervenor States may choose to advance different arguments or make different strategic choices in this litigation. Consequently, the Movant-Intervenor States may intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a).

    **C.**    **Permissive Intervention**

Even if the Movant-Intervenor States could not satisfy the requirements of Fed. R. Civ. P. 24(a), the court would find permissive joinder to be proper under Fed. R. Civ. P. 24(b). The Movant-Intervenor States' motion is timely, the Movant-Intervenor States have significant interests in upholding CEQ's NEPA implementation regulations, and intervention will not delay or prejudice the rights of the existing parties.

**IV.**    **CONCLUSION**

The Movant-Intervenor States' Motion to Intervene (Doc. No. 63) is **GRANTED**. Movant-Intervenor States shall have until September 2, 2024, to file their Answer.

    **IT IS SO ORDERED.**

Dated this 30th day of August, 2024.

    */s/ Clare R. Hochhalter*
    Clare R. Hochhalter, Magistrate Judge
    United States District Court