# EXHIBIT A

*Declaration of Sarah Reif*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
BISMARCK DIVISION

| | |
|---|---|
| STATE OF IOWA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNCIL ON ENVIRONMENTAL QUALITY, and BRENDA MALLORY, in her official capacity as Chair, <br><br> Defendants, <br><br> and <br><br> ALASKA COMMUNITY ACTION ON TOXICS, et al., <br><br> Intervenor-Defendants. | NO. 1:24-cv-00089-DMT-CRH |

**DECLARATION OF SARAH REIF IN SUPPORT OF DEFENDANT STATES' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I, Sarah Reif, hereby declare as follows:

1. I submit this declaration in support of Defendant States' Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment. I make this declaration on personal knowledge.

2. I am the Habitat Division Administrator with the Oregon Department of Fish and Wildlife. My role is to direct the State's habitat programs in service of the agency's mission to protect and enhance Oregon's fish and wildlife and their habitats for use and enjoyment by present and future generations.

1

I have 20 years of professional experience in state fish and wildlife management, with a primary focus on protection and enhancement of fish and wildlife habitats.

3. I have a Master's Degree in Zoology from the University of Wyoming (2005) and a Bachelor's Degree in Zoology from the University of Arizona (2000). My expertise includes a scientific understanding of the ecological function of fish and wildlife habitats. I have expertise in assessing environmental impacts of proposed actions and in participation in federal, state, and local regulatory processes to evaluate and address those impacts. I have educational and professional training in the National Environmental Policy Act (NEPA) regulations and procedures, and 17 years of experience reviewing and participating in federal proposed actions involving NEPA.

4. Oregon's fish and wildlife habitats include the 53% of the land in the State that is owned by the Federal government, and federal regulations and policies have an impact on the State's fish and wildlife resources and the public's continued ability to access those resources. It is important for the Oregon Department of Fish and Wildlife to participate in the NEPA process to ensure Oregon's interests are protected. The Oregon Department of Fish and Wildlife, among other Oregon state agencies, participates in NEPA through the public comment process, and as a Cooperating Agency when warranted.

5. Oregon's state agencies rely on robust NEPA reviews to ensure impacts to fish and wildlife are adequately disclosed and that multiple alternatives receive consideration to avoid, minimize, and mitigate the impacts of proposed actions on fish, wildlife, and their habitats. This is particularly important when state fish and wildlife agencies are not afforded any other regulatory nexus.

6. There are numerous current projects in Oregon that are subject to NEPA with anticipated impacts to State trust fish and wildlife resources. Three examples:

- The Bureau of Land Management 2021 Greater Sage-grouse Land Use Plan Amendments (DOI-BLM-WO-2300-2022-0001-RMP-EIS).

- The Federal Emergency Management Agency Environmental Impact Statement for the implementation of the plan for National Flood Insurance Program (NFIP) – Endangered Species Act (ESA) Integration in Oregon (FEMA-2023-0007).
- Region 5 and Region 6; California, Oregon, and Washington; Forest Plan Amendment for Planning and Management of Northwest Forests within the Range of the Northern Spotted Owl (Federal Register Doc. 2023-27742).

7. The Final Rule protects Oregon's fish and wildlife resources by requiring robust environmental review of federal actions, like those listed above, that affect these resources. The Final Rule's protective requirements include elimination of two thresholds, established by the 2020 Rule, that would excuse NEPA review of actions where review would be "inconsistent" with statute or where equivalent review is performed under another statute. The Final Rule restores the context and intensity framework of the 1978 regulations for analyzing significance, including—importantly—consideration of impacts on wetlands and ecologically critical areas.

8. Vacating the Final Rule would limit the State's ability to advocate for its interests and trust responsibilities for protection of fish and wildlife resources by narrowing the scope of actions subject to NEPA review and eliminating the need to consider effects that have a direct bearing on fish and wildlife habitat, increasing the risk of negative impacts to fish, wildlife, and their habitats and public access to those resources.

9. The 2020 Rule reduced clarity on the definition of indirect impacts and the need for agencies to address indirect impacts. Reinstating the 2020 Rule would further narrow the scope of effects subject to NEPA review, reducing the State's ability to advocate for its interests and trust responsibilities for protection of fish and wildlife resources and increasing the risk of negative impacts on those resources.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on  August 28, 2024   in  Salem, Oregon  .

_____

Sarah Reif

4