IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| STATE OF IOWA, STATE OF NORTH DAKOTA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY, and BRENDA MALLORY, in her official capacity as Chair,<br><br>Defendants,<br><br>and<br><br>ALASKA COMMUNITY ACTION ON TOXICS, et al., and STATE OF WASHINGTON, et al.,<br><br>Intervenor-Defendants. | Case No. 1:24-cv-00089-DMT-CRH |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S ORDER FOR ADDITIONAL BRIEFING**

Plaintiff States submit this response to the Court's November 19, 2024 Order for supplemental briefing on the issue of whether CEQ has rulemaking authority from Congress to promulgate judicially enforceable rules. Dkt. 117. The Court issued that Order after the D.C. Circuit's November 12, 2024 decision in *Marin Audubon Soc'y v. Fed. Aviation Admin.*, No. 23-1067, 2024 WL 4745044 (D.C. Cir. Nov. 12, 2024) (slip op.), about which Plaintiff States notified this Court the next day. Dkt. 114 (Nov. 13, 2024). And for the reasons that the D.C. Circuit explained in *Marin*, Plaintiff States submit that the CEQ's lack of rulemaking authority is another reason that the 2024 Final Rule challenged in this action should be vacated.

As a threshold matter, Plaintiff States acknowledge they did not present that argument in their summary judgment briefing. But they disagree that the argument has been "forfeited." *Cf.*

1

Dkt. 116 (CEQ Response) (Nov. 18, 2024).  Notably, the DC Circuit in *Marin* itself addressed this threshold issue despite the parties not raising it in any briefing there.  *Marin*, 2024 WL 4745044, at *4 (acknowledging that while questions relating to CEQ's authority were addressed at argument, there was no pre- or post-argument briefing on the issue).

Moreover, as noted in this Court's Order, the "Court cannot disregard" CEQ's now-adjudicated lack of authority to issue regulations.  Dkt. 117; *see also Marin*, 2024 WL 4745044, at *4 (given the structural Constitutional issues at play, "the parties cannot by consent cure the constitutional difficulty") (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 850 (1986)).  Courts have long recognized that "an agency literally has no power to act—including under its regulations—unless and until Congress authorizes it to do so by statute."  *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 378 (5th Cir. 2022).  Consequently,  Plaintiff States would have been remiss in their obligations to the Court *not* to inform the Court of new persuasive authority from the D.C. Circuit, which is directly on point here.

Furthermore, though Plaintiff States did not challenge CEQ's general rulemaking authority in their briefing, Plaintiff States' complaint and summary judgment briefing do challenge CEQ's 2024 Final Rule as *ultra vires* and dependent on non-binding Executive Orders and guidance.  *E.g.*, Dkt. 65 at 22, 39.  Plaintiff States also contrasted CEQ's inherently advisory role under NEPA to individual agencies implementing NEPA for their proposed major federal actions.  *E.g.*, *id.* at 40 (citations omitted).  And those are the same grounds that the D.C. Circuit invoked to defeat CEQ's general rulemaking authority.  *Marin*, 2024 WL 4745044, at *3–9.

On the merits, the Court should adopt *Marin*'s reasoning because, simply stated, "[n]o statute confers rulemaking authority on CEQ."  *Id.* at 7.  As the D.C. Circuit explained, CEQ may only wield authority that is conferred by statute, absent which courts "*shall . . .* hold unlawful and

2

set aside" CEQ's actions as "promulgated without valid statutory authority." 5 U.S.C. § 706(2)(C) (emphasis added); *see also FEC v. Ted Cruz for Senate*, 596 U.S. 289, 301 (2022) ("An agency, after all, 'literally has no power to act'—including under its regulations—unless and until Congress authorizes it to do so by statute.") (citations omitted); Dkt. 65 at 10. And the Supreme Court has confirmed that this determination of statutory authority belongs to courts, not CEQ. *Loper Bright Enter. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024); *see also* Dkt. 65 at 10.

And while *Marin* involved different CEQ regulations, the same result holds for the Final Rule challenged here, because CEQ justified its act of rulemaking by invoking the same authorities that *Marin* determined to be insufficient—NEPA itself, the Environmental Quality Improvement Act, and Executive Order 11991, 42 Fed. Reg. 26,967 (May 25, 1977). *See* 89 Fed. Reg. 35442, 35555 (May 1, 2024) (40 C.F.R. § 1500.3); *Marin*, 2024 WL 4745044, at *7–9. Moreover, the Final Rule's preamble and the briefing CEQ submitted in this case rely on the same general policy provisions of NEPA and case law that *Marin* analyzed, and also invokes more Executive Orders on climate change and environmental justice (*e.g.*, Exec. Order Nos. 13990, 14008, 14096) and guidance documents that similarly lack the force of binding law. So, those further Executive Orders cannot support CEQ's assertion of rulemaking authority.

As *Marin* thoroughly addressed, the NEPA statute formally established CEQ in Title II, separate from Title I which sets forth NEPA's hortatory policies and operative procedural mandates. 42 U.S.C. §§ 4341–4347. Congress defined CEQ's role as merely advisory within the "Executive Office of the President." *Id.* § 4342; *id.* §§ 4343(1), (4), (8) ("duty and function" of CEQ includes to "assist and advise the President" on specific reporting, "develop and recommend to the President national environmental policies," and "make and furnish such studies, reports, thereon, and recommendations with respect to matters of policy and legislation as the President

3

may request"); *see also* Dkt. 65 at 40. Notably absent from Congress' prescription of CEQ's "duty and function" is any grant of rulemaking authority, as is typically found when Congress creates or designates a specific agency to carry out a statute. *See Marin*, 2024 WL 4745044, at *7 ("NEPA contains nothing close to the sort of clear language Congress typically uses to confer rulemaking authority."); *cf.* 16 U.S.C. § 1533(d) (directing U.S. Fish and Wildlife Service and National Marine Fisheries Service to issue "protective regulations" under the Endangered Species Act); 42 U.S.C. § 7411(b)(1)(A) (directing U.S. Environmental Protection Agency to issue "regulations" implementing aspects of the Clean Air Act). Where NEPA speaks to "administrative regulations," it is for individual "agencies of the Federal Government"—not CEQ—to ensure their actions are in "conformity" with NEPA. 42 U.S.C. § 4333.

By contrast, CEQ predicates its rulemaking authority on Executive Order 11991, 42 Fed. Reg. 26,967 (May 25, 1977). *See Marin*, 2024 WL 4745044, at *4 ("CEQ traces its rulemaking authority not to legislation but to an Executive Order of the President."). Notably, that Executive Order superseded prior Executive Order 11514 calling merely for "guidelines" in implementing NEPA, a call that conforms to CEQ's statutory role. 35 Fed. Reg. 4247, 4248 (Mar. 7, 1970). As *Marin* points out, courts at the time echoed CEQ's role as "merely advisory" to offer "non-binding suggestions to assist agencies in developing their own NEPA procedures." *Marin*, 2024 WL 4745044, at *5 (citations omitted). Regardless of the subsequent Executive Order's revised call for "regulations" in lieu of "guidelines," an "executive order is not 'law' within the meaning of the Constitution"—which is the purview of Congress under Article I of the U.S. Constitution, rather than of the President under Article II of the Constitution. *Id.* at *4 (citation omitted); *see also Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 161 (2000) ("[A]n administrative agency's power to regulate in the public interest must always be grounded in a valid

4

grant of authority from Congress. And in our anxiety to effectuate the congressional purpose of protecting the public, we must take care not to extend the scope of the statute beyond the point where Congress indicated it would stop.") (internal quotation marks and citations omitted); *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 588 (1952) (the President cannot by order manufacture the "law-making power of Congress"); *Indep. Meat Packers Ass'n* v. *Butz*, 526 F.2d 228, 236 (8th Cir. 1975) ("[*Youngstown*] completely refutes the claim that the President may act as a lawmaker in the absence of a delegation of authority or mandate from Congress.") (citations omitted).

Accordingly, the D.C. Circuit correctly held that "[t]he CEQ regulations, which purport to govern how all federal agencies must comply with the National Environmental Policy Act, are *ultra vires*." *Marin*, 2024 WL 4745044, at *3. This Court should reach the same conclusion here.

The D.C. Circuit also rejected arguments that unexamined references in previous case law are capable of conferring CEQ with authority to promulgate NEPA-implementing rules. *Id.* at 8 ("The Supreme Court's pronouncements in this area cannot rescue CEQ's regulations."); *see also, e.g.*, Dkt. 65 at 20; Dkt. 98 at 11. For example, like Plaintiff States did in their briefing, the D.C. Circuit refuted that *Andrus v. Sierra Club* grants CEQ broad rulemaking authority. *Marin*, 2024 WL 4745044, at *8 (citing 442 U.S. 347, 358 (1979)). And in any event, the Supreme Court's decision in *Loper Bright* precludes courts' wholesale deference to CEQ. *See id.* Thus, courts' sporadic endorsements of particular CEQ interpretations, all in the context of adjudicating actions by individual agencies where CEQ was not a party, do not bestow CEQ with authority to promulgate NEPA-implementing rules..

Plaintiff States respectfully request that the Court grant their motion for summary judgment in its entirety and declare unlawful, vacate, and remand the Final Rule. The D.C. Circuit's recent

5

decision in *Marin* provides a further basis for so holding.[1]

Dated: November 19, 2024                                Respectfully Submitted,

| BRENNA BIRD<br>Attorney General of Iowa<br><br>*/s/ Eric Wessan*<br>ERIC WESSAN<br>*Solicitor General*<br>ALEXA DEN HERDER<br>*Assistant Solicitor General*<br>Hoover State Office Building<br>1305 East Walnut Street<br>Des Moines, Iowa 50319<br>(515) 823-9117<br>eric.wessan@ag.iowa.gov<br>alexa.denherder@ag.iowa.gov<br><br>*Counsel for the State of Iowa* | DREW H. WRIGLEY<br>North Dakota Attorney General<br><br>*/s/ Philip Axt*<br>PHILIP AXT<br>*Solicitor General*<br>JAMES M. AUSLANDER<br>NESSA HOREWITCH COPPINGER<br>*Special Assistant Attorneys General*<br>Office of Attorney General<br>600 E. Boulevard Ave Dept. 125<br>Bismarck ND 58505<br>(701) 328-2210<br>pjaxt@nd.gov<br>jauslander@bdlaw.com<br>ncoppinger@bdlaw.com<br><br>*Counsel for the State of North Dakota* |
|---|---|
| TREG TAYLOR<br>Alaska Attorney General<br><br>*/s/ Wade M. Withington*<br>WADE M. WITHINGTON<br>*Assistant Attorney General, Civil Division*<br>Office of the Alaska Attorney General<br>Alaska Department of Law<br>1031 W. 4th Avenue, Suite 200<br>(907) 269-5232<br>wade.withington@alaska.gov<br><br>*Counsel for the State of Alaska* | TIM GRIFFIN<br>Arkansas Attorney General<br><br>*/s/ Nicholas J. Bronni*<br>NICHOLAS J. BRONNI<br>*Solicitor General*<br>DYLAN L. JACOBS<br>*Deputy Solicitor General*<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, AR 72201<br>(501) 682-6302<br>Nicholas.Bronni@ArkansasAG.gov<br><br>*Counsel for the State of Arkansas* |
| ASHLEY MOODY<br>Florida Attorney General<br><br>*/s/ Natalie P. Christmas* | CHRISTOPHER M. CARR<br>Georgia Attorney General<br><br>*/s/ Justin T. Golart* |

---

[1] If the Court is inclined to grant an extension for additional briefing on the impact of the *Marin* decision, as requested by CEQ (Dkt. 118), Plaintiff States respectfully suggest that CEQ/Intervenors be directed to file any supplemental brief(s) responding to this brief, and that Plaintiff States be provided an opportunity to reply to such brief(s).

| | |
|---|---|
| NATALIE P. CHRISTMAS (Fla. 1019180)<br>*Senior Counselor*<br>Office of the Attorney General<br>The Capitol, Pl-01<br>Tallahassee, Florida 32399-1050<br>(850) 414-3300<br>natalie.christmas@myfloridalegal.com<br><br>*Counsel for the State of Florida* | JUSTIN T. GOLART<br>*Deputy Solicitor General*<br>Office of the Attorney General of Georgia<br>40 Capitol Square, SW<br>Atlanta, GA 30334<br>(404) 458-3252<br>jgolart@law.ga.gov<br><br>*Counsel for the State of Georgia* |
| RAÚL R. LABRADOR<br>Idaho Attorney General<br><br>/s/ *Joy M. Vega*<br>ALAN M. HURST<br>*Solicitor General*<br>JOY M. VEGA<br>*Lead Deputy Attorney General*<br>Office of the Idaho Attorney General<br>P.O. Box 83720<br>Boise, Idaho 83720<br>(208) 334-2400<br>Alan.Hurst@ag.idaho.gov<br>Joy.Vega@ag.idaho.gov<br><br>*Counsel for State of Idaho* | KRIS W. KOBACH<br>Kansas Attorney General<br><br>/s/*Abhishek S. Kambli*<br>ABHISHEK S. KAMBLI<br>*Deputy Attorney General*<br>Office of the Kansas Attorney General<br>120 SW 10th Avenue, 2nd Floor<br>Topeka, Kansas 66612<br>Telephone: (785) 296-2215<br>Fax: (785) 296-3131<br>abhishek.kambli@ag.ks.gov<br><br>*Counsel for the State of Kansas* |
| RUSSELL COLEMAN<br>Kentucky Attorney General<br><br>/s/ *Victor B. Maddox*<br>VICTOR B. MADDOX<br>AARON SILLETTO<br>Kentucky Office of the Attorney General<br>700 Capital Avenue, Suite 118<br>Frankfort, Kentucky 40601<br>(502) 696-5300<br>victor.maddox@ky.gov<br>aaron.silletto@ky.gov<br><br>*Counsel for the Commonwealth of Kentucky* | LIZ B. MURRILL<br>Louisiana Attorney General<br><br>J. BENJAMIN AGUIÑAGA<br>Solicitor General<br><br>/s/ *Kelsey L. Smith*<br>Kelsey L. Smith<br>Deputy Solicitor General<br>Office of the Louisiana Attorney General<br>1885 North Third Street<br>Baton Rouge, LA 70804<br>(225) 428-7432<br>smithkel@ag.louisiana.gov<br><br>*Counsel for the State of Louisiana* |
| ANDREW T. BAILEY<br>Missouri Attorney General | AUSTIN KNUDSEN<br>Montana Attorney General |

| | |
|---|---|
| /s/ Joshua M. Divine<br>JOSHUA M. DIVINE, 69875MO<br>*Solicitor General*<br>Office of the Attorney General<br>207 West High St.<br>Jefferson City, MO 65101<br>Phone: (573) 751-8870<br>Josh.Divine@ago.mo.gov<br><br>*Counsel for the State of Missouri* | /s/ Christian B. Corrigan<br>CHRISTIAN B. CORRIGAN<br>*Solicitor General*<br>Montana Department of Justice<br>215 North Sanders<br>P.O. Box 201401<br>Helena, Montana 59620-1401<br>(406) 444-2026<br>christian.corrigan@mt.gov<br><br>*Counsel for the State of Montana* |
| MICHAEL T. HILGERS<br>Nebraska Attorney General<br><br>/s/ Grant D. Strobl<br>GRANT D. STROBL<br>*Assistant Solicitor General*<br>Office of the Nebraska Attorney General<br>2115 State Capitol<br>Lincoln, NE 68509<br>(402) 471-2683<br>grant.strobl@nebraska.gov<br><br>*Counsel for the State of Nebraska* | ALAN WILSON<br>South Carolina Attorney General<br><br>/s/ Joseph D. Spate<br>JOSEPH D. SPATE<br>*Assistant Deputy Solicitor General*<br>Office of the South Carolina Attorney General<br>1000 Assembly Street<br>Columbia, SC 29201<br>(803) 734-3371<br>josephspate@scag.gov<br><br>*Counsel for the State of South Carolina* |
| MARTY J. JACKLEY<br>South Dakota Attorney General<br><br>/s/ Charles McGuigan<br>CHARLES MCGUIGAN<br>*Deputy Attorney General*<br>1302 East Highway 14, Suite 1<br>Pierre, SD 57501-8501<br>605-773-3215<br>charles.mcguigan@state.sd.us<br><br>*Counsel for the State of South Dakota* | JONATHAN SKRMETTI<br>Tennessee Attorney General and Reporter<br><br>/s/ Whitney Hermandorfer<br>WHITNEY HERMANDORFER<br>*Director of Strategic Litigation*<br>Attorney General and Reporter of Tennessee<br>Tennessee Attorney General's Office<br>P.O. Box 20207<br>Nashville, Tennessee 37202-0207<br>Phone: (615) 741-3491<br>Whitney.Hermandorfer@ag.tn.gov<br><br>*Counsel for the State of Tennessee* |
| KEN PAXTON<br>Texas Attorney General<br><br>BRENT WEBSTER | SEAN D. REYES<br>Utah Attorney General<br><br>/s/ Renee Spooner |

| | |
|---|---|
| *First Assistant Attorney General of Texas*<br>RALPH MOLINA<br>*Deputy Attorney General for Legal Strategy*<br>RYAN D. WALTERS<br>*Chief, Special Litigation Division*<br><br>/s/ *Susanna Dokupil*<br>SUSANNA DOKUPIL<br>*Lead Attorney*<br>*Special Counsel*<br>Texas State Bar No. 24032801<br>JACOB E. PRZADA<br>*Special Counsel*<br>Texas State Bar No. 24125371<br>MUNERA AL-FUHAID<br>*Special Counsel*<br>Texas State Bar No. 24094501<br>Office of the Attorney General of Texas<br>P.O. Box 12548 (MC 009)<br>Austin, TX 78711-2548<br>Phone: (512) 936-3754<br>FAX: (512) 457-4410<br>Susanna.Dokupil@oag.texas.gov<br>Jacob.Przada@oag.texas.gov<br>Munera.Al-Fuhaid@oag.texas.gov<br><br>*Counsel for the State of Texas* | RENEE SPOONER<br>*Assistant Attorney General*<br>350 N. State Street, Suite 230<br>P.O. Box 142320<br>Salt Lake City, UT 84114-2320<br>Telephone: (385) 285-5740<br>rspooner@agutah.gov<br><br>*Counsel for the State of Utah* |
| JASON MIYARES<br>Virginia Attorney General<br><br>/s/ *Kevin M. Gallagher*<br>KEVIN M. GALLAGHER<br>*Principal Deputy Solicitor General*<br>Virginia Attorney General's Office<br>202 North 9th Street<br>Richmond, Virginia 23219<br>(804) 786-2071<br>kgallagher@oag.state.va.us<br><br>*Counsel for the Commonwealth of Virginia* | PATRICK MORRISEY<br>West Virginia Attorney General<br><br>/s/ *Michael R. Williams*<br>MICHAEL R. WILLIAMS<br>*Solicitor General*<br>Office of the Attorney General of West Virginia<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, WV 25301<br>(304) 558-2021<br>michael.r.williams@wvago.gov<br><br>*Counsel for the State of West Virginia* |

9

| | |
|---|---|
| BRIDGET HILL<br>Wyoming Attorney General<br><br>/s/ *Ryan Schelhaas*<br>RYAN SCHELHAAS<br>*Chief Deputy*<br>Office of the Attorney General of Wyoming<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-7895<br>ryan.schelhaas@wyo.gov<br><br>*Counsel for the State of Wyoming* | |