UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| STATE OF IOWA, STATE OF NORTH DAKOTA, *et al.*, | ) ) ) ) |  |
| *Plaintiffs*, | ) ) |  |
| v. | ) ) ) | No. 1:24-cv-89-DMT-CRH |
| COUNCIL ON ENVIRONMENTAL QUALITY and BRENDA MALLORY, in her official capacity as Chair of the Council on Environmental Quality, | ) ) ) ) ) ) |  |
| *Defendants*, | ) ) |  |
| and | ) ) |  |
| ALASKA COMMUNITY ACTION ON TOXICS, *et al.*, | ) ) ) |  |
| *Defendant-Intervenors*. | ) ) |  |

**FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF**

On November 19, 2024, the Court directed the parties to submit supplemental briefing following the recent D.C. Circuit opinion in *Marin Audubon Soc'y v. Fed. Aviation Admin.*, No. 23-1067 (D.C. Cir. Nov. 12, 2024), addressing the Council on Environmental Quality's ("CEQ") CEQ's statutory authority to promulgate judicially enforceable rules implementing NEPA. ECF No. 117. As an initial matter, and as noted in the Federal Defendant's motion for an extension of time, the federal government is still reviewing and considering its response to *Marin Audubon*. Thus, the Solicitor General informed the Supreme Court in a filing on Monday that the government is currently assessing the D.C. Circuit's decision. *See Seven Cnty. Infrastructure*

*Coal. v. Eagle Cnty.*, No. 23-975, Gov't Reply Br. 4 n.1; moreover, the time for seeking rehearing *en banc* of that decision has not expired.

As set forth below, the procedural context of this case, as well as longstanding legal context and administrative practice, weigh strongly against this Court reaching out to consider a broad legal proposition on the basis of a notice of supplemental authority concerning an out-of-circuit decision regarding an issue never previously raised in this Court. That is especially so given the exceedingly short time the Parties had for filing supplemental briefs.[1] As such, and in light of the argument below, the Court should not rule that CEQ lacks authority to issue binding regulations, especially given the recency of the D.C. Circuit's decision, the absence of briefing underlying that decision, and the short timeline here. For all these reasons, Federal Defendants are not in a position to set forth a definitive presentation of their merits position and the submission below is necessarily preliminary.

*First*, as the States readily acknowledge in their Notice of Supplemental Authority, the alleged invalidity of CEQ's regulations on the rationale adopted by the panel majority in *Marin Audubon* was not pled in their Complaint or made in their briefs. ECF 114 at 1.[2] The States instead took issue with the content of specific provisions of CEQ's 2024 Rule, and did not question CEQ's overarching authority to promulgate regulations. The States have thus forfeited

---

[1]   The Court's Order was issued at 9:42 a.m. CST and requested briefing by 8 a.m. CST the next day. Federal Defendants also requested that the Court allow them to file a supplemental brief in 21 days, so that the United States could more fully develop its position. *See* ECF No. 118 (not acted upon as of the time of filing this response).

[2]   Indeed, the States' opening merits brief cites to *Food & Water Watch v. USDA*, 1 F.4th 1112, 1119 (D.C. Cir. 2021) (Randolph, J. concurring), which, to counsels' knowledge, is the most recent case prior to *Marin Audubon* in which the issue of CEQ's rulemaking authority was raised. But the States declined to raise the issue of CEQ's authority in their merits brief.

2

the claim that CEQ lacks rulemaking authority. *Platte Valley Bank v. Tetra Fin. Grp., LLC*, 682 F.3d 1078, 1086 (8th Cir. 2012) (an argument "comes too late" when plaintiff failed to raise it "in its brief in support of its motion for summary judgment"). A court may not grant summary judgment based on claims not included in a complaint, *see Muff v. Wells Fargo Bank*, 71 F.4th 1094, 1100 (8th Cir. 2023) – and here, not even included in plaintiffs' motion for summary judgment. Nor may a party raise a new argument via a notice of supplemental authority. *Cf. United States v. Mathison*, 518 F.3d 935, 942 (8th Cir. 2008) ("parties may not raise new arguments in Rule 28(j) letters").

*Second*, and similarly, the Administrative Procedure Act directs that a court decide issues only "when presented" and "[t]o the extent necessary" to render a decision. 5 U.S.C. § 706. The issue of CEQ's authority to issue binding regulations was, as noted above, not presented by the States or briefed by any party. Further, ordering relief of the kind that presumably would be occasioned by following *Marin Audubon* and holding CEQ lacks authority to issue binding regulations would be inconsistent with the relief requested by the States. Plaintiffs have asked only that the Court reimpose CEQ's 2020 Rule. *See* ECF No. 98 (explaining that the "States request only to vacate the [2024] Rule, which would result in reinstatement of the CEQ regulations that the [2024] Rule amends"); *see also id*. (disclaiming that the States "seek[ ] to alter any other regulations through a mechanism other than vacatur of the [2024] Rule"). The relief that the rationale of *Marin Audubon* implies, by contrast, would seemingly prevent application of the States' preferred 2020 Rule as well.

*Third*, both the Supreme Court and Eighth Circuit have repeatedly observed that CEQ was "established by NEPA with authority to issue regulations interpreting it, [and] has promulgated regulations to guide federal agencies in determining what actions are subject to that

statutory requirement." *U.S. Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 757 (2004); *see also Andrus v. Sierra Club*, 442 U.S. 347, 358 (1979) (explaining that "CEQ's interpretation of NEPA is entitled to substantial deference"); *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 354 (1989) (noting President Carter's executive order directing "that CEQ promulgate binding regulations implementing the procedural provisions of NEPA"); *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 372 (1989) (stating that its construction of NEPA "is supported by" CEQ's regulations, which "impose a duty on all federal agencies").  The Eighth Circuit has likewise stated: "The Council on Environmental Quality was established by Congress to oversee implementation of NEPA, and the CEQ's regulations governing much of the environmental review process are binding on federal agencies." *Goos v. I.C.C.*, 911 F.2d 1283, 1287 n.2 (8th Cir. 1990).  And the Circuit has consistently applied CEQ's regulations without questioning CEQ's authority.  *See, e.g.*, *In re Operation of Missouri River Sys. Litig.*, 516 F.3d 688, 694 (8th Cir. 2008); *Friends of Boundary Waters Wilderness v. Dombeck*, 164 F.3d 1115, 1125 (8th Cir. 1999) (applying CEQ's regulations and describing them as "[t]he regulations implementing NEPA").

*Fourth*, NEPA gives both the President and CEQ a central role.  NEPA grants the President the authority to "use all practicable means . . . to improve and coordinate Federal plans, functions, programs, and resources . . . ." 42 U.S.C. § 4331(b).  The statute also directs CEQ to "make recommendations to the President" regarding "the extent to which" "the various programs and activities of the Federal Government . . . are contributing to the achievement of [NEPA's goals]" and "to develop and recommend to the President national policies to foster and promote the improvement of environmental quality to meet the conservation, social, economic, health, and other requirements and goals of the Nation." 42 U.S.C. § 4344(3), (4).  In accordance with

4

these statutory provisions, the President issued a 1977 Executive Order, in which he directed CEQ to "issue regulations to Federal agencies for the implementation of the procedural provisions of the Act." Executive Order No. 11,991, 42 Fed. Reg. 26,967 (May 24, 1977) (AR_33243). CEQ has been issuing regulations in accordance with that order for more than 45 years.

*Fifth*, Congress has repeatedly cross-referenced CEQ's regulations in numerous other statutes meant to improve the delivery and permitting of other federal projects. *See, e.g.*, Fixing America's Surface Transp. Act, 42 U.S.C. §§ 4370m(4), (8), (15), 4370m-2(e)(1), 4370m-4(d)(2); Healthy Forest Restoration Act, 16 U.S.C. § 6591e(b)(1); 23 U.S.C. § 139(d)(5); 33 U.S.C. § 2348. And while Congress enacted amendments to NEPA in 2023, it did not do anything to disturb CEQ's longstanding practice of issuing regulations. *See* Fiscal Responsibility Act, Pub. L. No. 118-5, 137 Stat. 10 (Jan. 3, 2023).

Against that background of judicial opinions and longstanding government practice, as well as the other reasons discussed above, Federal Defendants respectfully submit that the Court should resolve this case on the claims properly before the Court and decline to reach out to consider (much less adopt) a never-before-raised, distinct, and far broader, argument based on *Marin Audubon.*

Respectfully submitted this 20th day of November, 2024,

        TODD KIM
        Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        */s/ Gregory M. Cumming*
        Gregory M. Cumming
        Paul G. Freeborne
        Samantha G. Peltz

United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (phone)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov

*Counsel for Federal Defendants*